RECEIPT #_____
AMOUNT $ _150___
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE __7-8-04___

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

)
FAFARD REAL ESTATE & )
DEVELOPMENT CORP., )
 )
Plaintiff, )
 )
vs. ) CIVIL ACTION NO.
 )
METRO-BOSTON BROADCASTING, ) **04-11531 RGS**
INC., )
 ) MAGISTRATE JUDGE_____
Defendant, )
_____)

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, defendant Metro-Boston Broadcasting, Inc. removes the action described below from the Superior Court for Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts. The removed action is known as <u>Fafard Real Estate & Development Corp. v. Metro-Boston Broadcasting, Inc.</u>, Middlesex Civil Action No. 2004-2282, and was commenced on June 2, 2004.

<u>Jurisdiction And Grounds For Removal</u>

1. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs.

    a.    According to the complaint, plaintiff Fafard Real Estate & Development Corp. is a Massachusetts corporation, with its principal place of business in Ashland, Massachusetts.

    b.    Defendant Metro-Boston Broadcasting, Inc. was, at the time this action was filed in state court, and still is a Texas corporation, with its principal place of business at 8411 Preston Road, Dallas, Texas. It was not and is not a citizen of Massachusetts.

    c.    Plaintiff seeks specific performance of a real estate purchase and sale agreement in which the stated price for the land is $339,000. Therefore, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.    Copies of all process, pleadings, and orders served on the defendant are attached to this Notice of Removal.

3.    Defendants received, through service or otherwise, a copy of the complaint upon which the removed action is based within the last thirty days.

4.    Complete diversity of citizenship exists between the plaintiff, which is a citizen of Massachusetts, and defendant, which is a citizen of Texas.

5.    Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County, Massachusetts, and will give notice of same to counsel for plaintiff.

6.    By filing this notice of removal, defendant does not submit to personal jurisdiction in the state or federal courts of Massachusetts. Defendant reserves all of its

defenses and objections, including without limitation any defenses or objections based on lack of jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

DATED this 8th day of July, 2004, and signed pursuant to Fed. R. Civ. P. 11.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

*/s/ Kenneth R. Berman*
Kenneth R. Berman (BBO 040320)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

Certificate Of Service

I certify that I served this document today on opposing counsel by hand.

*/s/ Kenneth R. Berman*
Kenneth R. Berman

July 8, 2004

## Appendix

| Document | Exhibit |
|---|---|
| Summons | 1 |
| Verified Complaint | 2 |
| Plaintiff Fafard Real Estate & Development Corp.'s Motion for Special Process Server | 3 |
| Motion for Endorsement of *Lis Pendens* | 4 |
| Memorandum of *Lis Pendens* | 5 |
| Special Motion to Dismiss | 6 |
| Defendant's Memorandum in Support of Its Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 7 |
| Affidavit of Mary Heller Halcomb in Support of Defendant's Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 8 |
| Affidavit of Kenneth R. Berman in Support of Defendant's Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 9 |
| Opposition of Plaintiff Fafard Real Estate Development Corp. to Special Motion to Dismiss | 10 |
| Superior Court Rule 9A Notice of Filing and List of Documents Filed | 11 |
| Affidavit of Compliance with Superior Court Rule 9A | 12 |

1343330.1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                        SUPERIOR COURT
                                                      CIVIL ACTION
                                                      NO.

FAFARD REAL ESTATE & )
DEVELOPMENT CORP. )
 )
    Plaintiff, )
 )
v. )
 )
METRO-BOSTON )
BROADCASTING, INC. )
 )
    Defendant. )

## VERIFIED COMPLAINT

### INTRODUCTION

This is an action for breach of, and to enforce, a contract. On January 30, 2001, Plaintiff Fafard Real Estate & Development Corp. ("Fafard") and Defendant Metro-Boston Broadcasting, Inc. ("Metro-Boston") executed a Purchase and Sale Agreement ("P&S Agreement") for the sale to Fafard of real estate in Ashland, Massachusetts ("the Ashland Property").

Fafard intended to develop the Ashland Property for residential use. The P&S Agreement reflected this intention and obligated Metro-Boston to, among other things, prepare a new subdivision plan. Metro-Boston failed to fulfill this and other obligations that were necessary to convey good and clear record and marketable title, and the parties were unable to close on the agreed-upon date. Accordingly, the parties extended the

closing date numerous times, most recently until May 21, 2004. On information and belief, Metro-Boston has failed to prepare the necessary subdivision plan. Metro-Boston also failed to appear at the closing at the Middlesex South Registry of Deeds, at which F.R.E, appeared ready, willing, and able to perform its obligations under the P&S Agreement. After the close of business hours on May 21, 2004, Metro-Boston sent Fafard a letter purporting to unilaterally terminate the P&S Agreement, having failed to appear at the closing and having never fulfilled its contractual obligations.

## PARTIES

1. Plaintiff Fafard Real Estate & Development Corp. ("Fafard") is a Massachusetts company located in Ashland, Massachusetts.

2. Defendant Metro-Boston is the general partner of Tower Sites Limited, with a principle place of business at 8411 Preston Road, Suite 870, Dallas, Texas.

## JURISDICTION

4. Jurisdiction in this Court is proper pursuant to G.L. c. 212, § 4.

5. Venue is proper pursuant to G.L. c. 223, § 1.

## FACTS

6. Upon information and belief, Metro-Boston is in the business of radio and television transmission.

7. Fafard is in the business of real estate development.

### Purchase and Sale Agreement

8. On January 31, 2001, Metro-Boston and Fafard executed a Purchase and Sale Agreement ("P&S Agreement") for the sale of three (3) parcels of land in Ashland,

Massachusetts, which are shown as Lots 12 and 6B and a portion of Lot 11 of Plan 16849 ("the Ashland Property"). The P&S Agreement is attached hereto as **Exhibit 1**.

9. At all material times, Metro-Boston was aware that F.R.E intended to develop the land for residential use.

10. The parties agreed to a purchase price for the real estate of $339,000, $39,000 of which was paid as a deposit by Fafard.

### Seller's Obligations

11. The P&S Agreement obligated Metro-Boston to convey to Fafard "a good and clear record and marketable title," free from encumbrances. The Agreement expressly excepted certain enumerated encumbrances, including, in relevant part, "easements, restrictions and reservations of record, if any, *so long as the same do not prohibit or materially interfere with the said premises for residential development*." See **Exhibit 1**, emphasis added.

12. In addition, Metro-Boston was required to provide Fafard with, among other things, a new subdivision plan for the Ashland Property.

13. A new subdivision plan was necessary in order to prepare a deed that accurately identified the property being sold.

14. The P&S Agreement provided that the sale of the Ashland Property was subject to Fafard's receipt of all necessary permits, including subdivision approval, so as to allow Fafard to develop the land for residential use.

15. The P&S Agreement contained two deadlines: a deadline for Fafard's receipt of the necessary permits and approvals by January 30, 2002, and a closing

deadline of "thirty (30) days after receipt of all permits, or by February 28, 2002, whichever is earlier," (collectively, the Closing Deadlines").

### The Parties Mutually Extend the Closing Deadlines

16. Metro-Boston did not provide Fafard with a new subdivision plan.

17. Upon information and belief, Metro-Boston failed to take any steps necessary to provide Fafard with a new subdivision plan.

18. As a result, the parties were unable to close the sale of the Ashland Property on or before the Closing Deadlines.

19. Therefore, on January 30, 2002, the parties mutually agreed to extend the permit and approvals deadline until April 30, 2002, and extend the closing date until May 31, 2002.

20. Metro-Boston again failed to provide Fafard with new subdivision plan, and the parties were unable again to close on May 31, 2002.

21. Thereafter, the parties continued to mutually extend the Closing Deadlines, through and until May 21, 2004.

### Metro-Boston Fails to Fulfill Requirements and Unilaterally Backs Out

22. On November 7, 2003, Fafard informed Metro-Boston of certain specific easements, restrictions and encumbrances that continued to exist at the Ashland Property which prevented Fafard from receiving good clear record and marketable title and which materially interfered with Fafard's use of premises for residential development.

23. Upon information and belief, Metro-Boston never took any steps necessary to cure the easements, restrictions and encumbrances on the Ashland Property identified by Fafard in the November 7 letter.

4

24. Metro-Boston never provided Fafard with a new subdivision plan, and upon information and belief, Metro-Boston did not make any effort to provide Fafard with a new subdivision plan.

25. After the close of business hours on May 21, 2004 -- the evening of the latest extension of the Closing Deadlines -- Metro-Boston purported to unilaterally terminate the Agreement.

26. Metro-Boston failed to appear at the closing on May 21, 2004.

## COUNT I
### (Specific Performance – Preparation of Subdivision Plan)

27. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 26 as though expressly set forth herein.

28. Defendant entered into an enforceable Purchase and Sale Agreement ("P&S Agreement") for the sale to Fafard of real estate in Ashland, Massachusetts.

29. Fafard was at all times ready, willing and able to perform under the contract.

30. The P&S Agreement requires the Defendant to take steps necessary to give Fafard good and clear record and marketable title.

31. The P&S Agreement requires the Defendant to provide Fafard with a new subdivision plan.

32. The Defendant failed to take any steps necessary to give Fafard good and clear record and marketable title, including failing to provide Fafard with a new subdivision plan, and in doing so, has failed to perform under the terms of the P&S Agreement.

33. Fafard is entitled to specific performance of Metro-Boston's contractual obligation to clear the title to the Ashland Property and to prepare, file, and obtain approval of a new subdivision plan identifying the property to be sold.

## COUNT II
### (Specific Performance – Conveyance of Ashland Property)

34. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 as though expressly set forth herein.

35. Defendant entered into an enforceable P&S Agreement for the sale to Fafard of real estate in Ashland, Massachusetts.

36. Fafard was at all times ready, willing and able to perform under the contract.

37. Fafard appeared at the Middlesex South Registry of Deeds on May 21, 2004, the mutually agreed upon closing date, prepared to tender a check for the full purchase price to Defendant.

38. Defendant failed to appear at the closing, and in doing so, has failed to perform under the terms of the P&S Agreement.

39. Fafard is entitled to specific performance of Metro-Boston's contractual obligation to transfer good and clear record and marketable title to the Ashland Property

## COUNT III
### (Breach of Contract)

40. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 39 as though expressly set forth herein.

41. Defendant executed an enforceable P&S Agreement with Fafard for the sale of real estate in Ashland, Massachusetts.

42. The P&S Agreement required the Defendant to take steps necessary to give Fafard good and clear record and marketable title, including providing Fafard with a new subdivision plan.

43. The Defendant failed to take any steps necessary to give Fafard good and clear record and marketable title, including providing Fafard with a new subdivision plan, and has failed to consummate the real estate transaction.

44. Fafard was at all times ready, willing and able to perform under the P&S Agreement.

45. The Defendant's failure to take any steps necessary to give Fafard good and clear record and marketable title, including preparation of a new subdivision plan, and failure to consummate the real estate transaction, constitute a breach of the P&S Agreement.

46. Fafard has suffered damages as a result of Defendant's breach of the P&S Agreement.

### PRAYERS FOR RELIEF

WHEREFORE, Fafard respectfully prays:

1. Under Count I, that Defendant be ordered to prepare new subdivision plan in accordance with the P&S Agreement;

2. Under Count II, that Defendant be ordered to convey clear record and marketable title to the premises located at Lots 12 and 6B and a portion of Lot 11 of Plan 16849, Ashland, Massachusetts;

3. That the Court award such damages as are appropriate under Count III, including interest;

4. That the Court grant such other and additional relief as it may deem appropriate under the facts and circumstances of this case.

Respectfully submitted,

FAFARD REAL ESTATE
& DEVELOPMENT CORP.,

By its attorneys,

*/s/ Halye Sugarman*

Jeffrey J. Upton (BBO#552221)
Halye A. Sugarman (BBO#646773)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED:    June 2, 2004
*406692*

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Fafard Real Estate & Development Corp.

**DEFENDANTS**
Metro-Boston Broadcasting, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-11531-RGS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Halye Sugarman, Esq.
Hanify & King
One Beacon St., Boston MA 02108

Attorneys:
Kenneth R. Berman
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Blvd, Boston MA 02210

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☒ 290 All Other Real Property | / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC § 1332(a)(1) - Plaintiff, a Massachusetts corporation, is suing to enforce a purchase and sale agreement against defendant, a Texas corporation.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 7/8/04
SIGNATURE OF ATTORNEY OF RECORD: Kenneth R. Berman

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Fafard Real Estate & Development Corp v. Metro-Boston Broadcasting, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **04-11531 RGS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions) (see attached)
   YES ☒   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Kenneth R. Berman**
ADDRESS **Nutter McClennen & Fish LLP, World Trade Center West, 155 Seaport Blvd, Boston MA 02**
TELEPHONE NO. **617 439-2000**

(Coversheetlocal.wpd - 10/17/02)