MICV04-02282


FAFARD REAL ESTATE & DEVELOPMENT CORP


V.


METRO-BOSTON BROADCASTING, INC


****REMOVED TO US DISTRICT COURT*****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2004-02282

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 2nd of June in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 15th of July, in the year of our Lord, Two Thousand Four

Karen A. O'Connor
Deputy Assistant Clerk

6

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 04-2282

| | |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP., Plaintiff, vs. METRO-BOSTON BROADCASTING, INC., Defendant, | NOTICE OF REMOVAL |

Attached is a copy of the Notice of Removal filed by defendant Metro-Boston Broadcasting, Inc. in the United States District Court for the District of Massachusetts on July 8, 2004, exclusive of the appendix, which is merely a copy of papers already on file in this Court.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

Kenneth R. Berman (BBO 040320)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

July 8, 2004

Certificate Of Service

I certify that I served this document today on opposing counsel by hand.

Kenneth R. Berman

July 8, 2004

COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2004 JUL -8 P 3:46
U.S. DISTRICT COURT DISTRICT OF MASS.

FAFARD REAL ESTATE & DEVELOPMENT CORP.,

Plaintiff,

vs.

METRO-BOSTON BROADCASTING, INC.,

Defendant,

04-11531 RGS

CIVIL ACTION NO.

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, defendant Metro-Boston Broadcasting, Inc. removes the action described below from the Superior Court for Middlesex County, Massachusetts to the United States District Court for the District of Massachusetts. The removed action is known as Fafard Real Estate & Development Corp. v. Metro-Boston Broadcasting, Inc., Middlesex Civil Action No. 2004-2282, and was commenced on June 2, 2004.

### Jurisdiction And Grounds For Removal

1. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars

($75,000.00), exclusive of interest and costs.

      a.    According to the complaint, plaintiff Fafard Real Estate & Development Corp. is a Massachusetts corporation, with its principal place of business in Ashland, Massachusetts.

      b.    Defendant Metro-Boston Broadcasting, Inc. was, at the time this action was filed in state court, and still is a Texas corporation, with its principal place of business at 8411 Preston Road, Dallas, Texas. It was not and is not a citizen of Massachusetts.

      c.    Plaintiff seeks specific performance of a real estate purchase and sale agreement in which the stated price for the land is $339,000. Therefore, the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.    Copies of all process, pleadings, and orders served on the defendant are attached to this Notice of Removal.

3.    Defendants received, through service or otherwise, a copy of the complaint upon which the removed action is based within the last thirty days.

4.    Complete diversity of citizenship exists between the plaintiff, which is a citizen of Massachusetts, and defendant, which is a citizen of Texas.

5.    Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court for Middlesex County, Massachusetts, and will give notice of same to counsel for plaintiff.

6.    By filing this notice of removal, defendant does not submit to personal jurisdiction in the state or federal courts of Massachusetts. Defendant reserves all of its

defenses and objections, including without limitation any defenses or objections based on lack of jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process.

DATED this 8th day of July, 2004, and signed pursuant to Fed. R. Civ. P. 11.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

Kenneth R. Berman (BBO 040320)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

Certificate Of Service

I certify that I served this document today on opposing counsel by hand.

Kenneth R. Berman

July 8, 2004

# Appendix

| Document | Exhibit |
| --- | --- |
| Summons | 1 |
| Verified Complaint | 2 |
| Plaintiff Fafard Real Estate & Development Corp.'s Motion for Special Process Server | 3 |
| Motion for Endorsement of *Lis Pendens* | 4 |
| Memorandum of *Lis Pendens* | 5 |
| Special Motion to Dismiss | 6 |
| Defendant's Memorandum in Support of Its Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 7 |
| Affidavit of Mary Heller Halcomb in Support of Defendant's Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 8 |
| Affidavit of Kenneth R. Berman in Support of Defendant's Special Motion to Dismiss and in Opposition to Plaintiff's Motion to Endorse *Lis Pendens* | 9 |
| Opposition of Plaintiff Fafard Real Estate Development Corp. to Special Motion to Dismiss | 10 |
| Superior Court Rule 9A Notice of Filing and List of Documents Filed | 11 |
| Affidavit of Compliance with Superior Court Rule 9A | 12 |

1343330.1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 04-2282

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
JUN 02 2004
CLERK
06/02/04 16:18#0000 7784 CLERK A
CIVIL 240.00
SURCHARGE 15.00
SECC 20.00
042282 #
SUBTTL 275.00
TOTAL 275.00
CHECK 275.00

FAFARD REAL ESTATE & DEVELOPMENT CORP.

Plaintiff,

v.

METRO-BOSTON BROADCASTING, INC.

Defendant.

**VERIFIED COMPLAINT**

INTRODUCTION

This is an action for breach of, and to enforce, a contract. On January 30, 2001, Plaintiff Fafard Real Estate & Development Corp. ("Fafard") and Defendant Metro-Boston Broadcasting, Inc. ("Metro-Boston") executed a Purchase and Sale Agreement ("P&S Agreement") for the sale to Fafard of real estate in Ashland, Massachusetts ("the Ashland Property").

Fafard intended to develop the Ashland Property for residential use. The P&S Agreement reflected this intention and obligated Metro-Boston to, among other things, prepare a new subdivision plan. Metro-Boston failed to fulfill this and other obligations that were necessary to convey good and clear record and marketable title, and the parties were unable to close on the agreed-upon date. Accordingly, the parties extended the

closing date numerous times, most recently until May 21, 2004. On information and belief, Metro-Boston has failed to prepare the necessary subdivision plan. Metro-Boston also failed to appear at the closing at the Middlesex South Registry of Deeds, at which F.R.E, appeared ready, willing, and able to perform its obligations under the P&S Agreement. After the close of business hours on May 21, 2004, Metro-Boston sent Fafard a letter purporting to unilaterally terminate the P&S Agreement, having failed to appear at the closing and having never fulfilled its contractual obligations.

PARTIES

1. Plaintiff Fafard Real Estate & Development Corp. ("Fafard") is a Massachusetts company located in Ashland, Massachusetts.

2. Defendant Metro-Boston is the general partner of Tower Sites Limited, with a principle place of business at 8411 Preston Road, Suite 870, Dallas, Texas.

JURISDICTION

4. Jurisdiction in this Court is proper pursuant to G.L. c. 212, § 4.

5. Venue is proper pursuant to G.L. c. 223, § 1.

FACTS

6. Upon information and belief, Metro-Boston is in the business of radio and television transmission.

7. Fafard is in the business of real estate development.

Purchase and Sale Agreement

8. On January 31, 2001, Metro-Boston and Fafard executed a Purchase and Sale Agreement ("P&S Agreement") for the sale of three (3) parcels of land in Ashland,

Massachusetts, which are shown as Lots 12 and 6B and a portion of Lot 11 of Plan 16849 ("the Ashland Property"). The P&S Agreement is attached hereto as **Exhibit 1**.

9. At all material times, Metro-Boston was aware that F.R.E intended to develop the land for residential use.

10. The parties agreed to a purchase price for the real estate of $339,000, $39,000 of which was paid as a deposit by Fafard.

Seller's Obligations

11. The P&S Agreement obligated Metro-Boston to convey to Fafard "a good and clear record and marketable title," free from encumbrances. The Agreement expressly excepted certain enumerated encumbrances, including, in relevant part, "easements, restrictions and reservations of record, if any, ***so long as the same do not prohibit or materially interfere with the said premises for residential development.***" See **Exhibit 1**, emphasis added.

12. In addition, Metro-Boston was required to provide Fafard with, among other things, a new subdivision plan for the Ashland Property.

13. A new subdivision plan was necessary in order to prepare a deed that accurately identified the property being sold.

14. The P&S Agreement provided that the sale of the Ashland Property was subject to Fafard's receipt of all necessary permits, including subdivision approval, so as to allow Fafard to develop the land for residential use.

15. The P&S Agreement contained two deadlines: a deadline for Fafard's receipt of the necessary permits and approvals by January 30, 2002, and a closing

deadline of "thirty (30) days after receipt of all permits, or by February 28, 2002, whichever is earlier," (collectively, the Closing Deadlines").

The Parties Mutually Extend the Closing Deadlines

16. Metro-Boston did not provide Fafard with a new subdivision plan.

17. Upon information and belief, Metro-Boston failed to take any steps necessary to provide Fafard with a new subdivision plan.

18. As a result, the parties were unable to close the sale of the Ashland Property on or before the Closing Deadlines.

19. Therefore, on January 30, 2002, the parties mutually agreed to extend the permit and approvals deadline until April 30, 2002, and extend the closing date until May 31, 2002.

20. Metro-Boston again failed to provide Fafard with new subdivision plan, and the parties were unable again to close on May 31, 2002.

21. Thereafter, the parties continued to mutually extend the Closing Deadlines, through and until May 21, 2004.

Metro-Boston Fails to Fulfill Requirements and Unilaterally Backs Out

22. On November 7, 2003, Fafard informed Metro-Boston of certain specific easements, restrictions and encumbrances that continued to exist at the Ashland Property which prevented Fafard from receiving good clear record and marketable title and which materially interfered with Fafard's use of premises for residential development.

23. Upon information and belief, Metro-Boston never took any steps necessary to cure the easements, restrictions and encumbrances on the Ashland Property identified by Fafard in the November 7 letter.

24. Metro-Boston never provided Fafard with a new subdivision plan, and upon information and belief, Metro-Boston did not make any effort to provide Fafard with a new subdivision plan.

25. After the close of business hours on May 21, 2004 -- the evening of the latest extension of the Closing Deadlines -- Metro-Boston purported to unilaterally terminate the Agreement.

26. Metro-Boston failed to appear at the closing on May 21, 2004.

**COUNT I**
**(Specific Performance – Preparation of Subdivision Plan)**

27. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 26 as though expressly set forth herein.

28. Defendant entered into an enforceable Purchase and Sale Agreement ("P&S Agreement") for the sale to Fafard of real estate in Ashland, Massachusetts.

29. Fafard was at all times ready, willing and able to perform under the contract.

30. The P&S Agreement requires the Defendant to take steps necessary to give Fafard good and clear record and marketable title.

31. The P&S Agreement requires the Defendant to provide Fafard with a new subdivision plan.

32. The Defendant failed to take any steps necessary to give Fafard good and clear record and marketable title, including failing to provide Fafard with a new subdivision plan, and in doing so, has failed to perform under the terms of the P&S Agreement.

33. Fafard is entitled to specific performance of Metro-Boston's contractual obligation to clear the title to the Ashland Property and to prepare, file, and obtain approval of a new subdivision plan identifying the property to be sold.

**COUNT II**
**(Specific Performance – Conveyance of Ashland Property)**

34. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 33 as though expressly set forth herein.

35. Defendant entered into an enforceable P&S Agreement for the sale to Fafard of real estate in Ashland, Massachusetts.

36. Fafard was at all times ready, willing and able to perform under the contract.

37. Fafard appeared at the Middlesex South Registry of Deeds on May 21, 2004, the mutually agreed upon closing date, prepared to tender a check for the full purchase price to Defendant.

38. Defendant failed to appear at the closing, and in doing so, has failed to perform under the terms of the P&S Agreement.

39. Fafard is entitled to specific performance of Metro-Boston's contractual obligation to transfer good and clear record and marketable title to the Ashland Property

**COUNT III**
**(Breach of Contract)**

40. Fafard repeats, realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 39 as though expressly set forth herein.

41. Defendant executed an enforceable P&S Agreement with Fafard for the sale of real estate in Ashland, Massachusetts.

42. The P&S Agreement required the Defendant to take steps necessary to give Fafard good and clear record and marketable title, including providing Fafard with a new subdivision plan.

43. The Defendant failed to take any steps necessary to give Fafard good and clear record and marketable title, including providing Fafard with a new subdivision plan, and has failed to consummate the real estate transaction.

44. Fafard was at all times ready, willing and able to perform under the P&S Agreement.

45. The Defendant's failure to take any steps necessary to give Fafard good and clear record and marketable title, including preparation of a new subdivision plan, and failure to consummate the real estate transaction, constitute a breach of the P&S Agreement.

46. Fafard has suffered damages as a result of Defendant's breach of the P&S Agreement.

PRAYERS FOR RELIEF

WHEREFORE, Fafard respectfully prays:

1. Under Count I, that Defendant be ordered to prepare new subdivision plan in accordance with the P&S Agreement;

2. Under Count II, that Defendant be ordered to convey clear record and marketable title to the premises located at Lots 12 and 6B and a portion of Lot 11 of Plan 16849, Ashland, Massachusetts;

3. That the Court award such damages as are appropriate under Count III, including interest;

4. That the Court grant such other and additional relief as it may deem appropriate under the facts and circumstances of this case.

Respectfully submitted,

FAFARD REAL ESTATE
& DEVELOPMENT CORP.,

By its attorneys,

Jeffrey J. Upton (BBO#552221)
Halye A. Sugarman (BBO#646773)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED:        June 2, 2004
*406692*

**CERTIFICATION**

I, Richard Terrill, Senior Vice President and Chief Financial Officer Fafard Real Estate & Development Corp., declare under the pains and penalties of perjury that I have read this Complaint and the facts as stated are true and that no material facts have been omitted.

Richard Terrill

**STANDARD FORM**
**PURCHASE AND SALE AGREEMENT**

This 30 day January of 2001

1. PARTIES AND MAILING ADDRESSES *(fill in)*

Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited
8411 Preston Road suite 870 Dallas, TX 75225
herein called SELLER, agrees to SELL and
Fafard Real Estate and Development Corp., or Nominee 290 Eliot Street, Ashland, MA 01721
hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises:

2. DESCRIPTION *(fill in and include title reference)*

Those three (3) parcels of land in Ashland, Middlesex County, Massachusetts, shown as Lots 12 and 6B (9.6 Acres) and a portion of lot 11 (10 Acres) on the Plan attached hereto and incorporated herein by reference as Exhibit A. For title see Certificate # 194925 and 189907 Middlesex South District of the Land Court.

3. BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES *(fill in or delete)*

Included in the sale as part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith.

4. TITLE DEED *(fill in)* ** Include here by specific reference any restrictions, easements, rights and obligations in party walls not included in (b) leases, municipal and other liens, other encumbrances, and make provision to protect SELLER against BUYER's breach of SELLER's covenants in leases, where necessary.*

Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except

(a) Provisions of existing building and zoning laws;
(b) Existing rights and obligations in party walls which are not the subject of written agreement;
(c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
(d) Any liens for municipal betterments assessed after the date of this agreement;
(e) Easements restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the of said premises for residential development.

5. PLANS

If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration. New Subdivision of Plan 16849 provided by Seller.

6. REGISTERED TITLE

In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

7. **PURCHASE PRICE** *(fill in); space is allowed to write out the amounts if desired*

The agreed purchase price for said premises is $339,000.00 Dollars, of which

| | | |
|---|---|---|
| $ 33,900.00 | have been paid as deposit this day and | |
| $ 305,100.00 | are to be paid at the time of delivery of the deed in cash, or by certified, cashiers's, treasurer's or bank check(s). | |
| $ | | |
| $ 339,000.00 | TOTAL | |

8. **TIME FOR PERFORMANCE; DELIVERY OF DEED** *(fill in)*

Such deed is to be delivered at See Addendum at the Middlesex South Registry of Deeds, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement.

9. **POSSESSION AND CONDITION OF PREMISE.** *(attach a list of exceptions, if any)*

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to inspect said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of the clause.

10. **EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM** *(Change period of time if desired).*

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then the SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty 30 days.

11. **FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM, etc.**

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, then any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations 0of the parties hereto shall cease this agreement shall be void without recourse to the parties hereto.

12. **BUYER'S ELECTION TO ACCEPT TITLE**

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title. Except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either

(a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or

(b) if a holder of mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration.

13. **ACCEPTANCE OF DEED**

The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

14. USE OF MONEY TO CLEAR TITLE — To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed.

15. INSURANCE *Insurance amount (list additional types of insurance and amounts as agreed) — Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

| | Type of Insurance | Amount of Coverage |
|---|---|---|
| a) | Fire and Extended Coverage | *$ as presently insured |
| b) | | |

16. ADJUSTMENTS (list operating expenses, if any, or attach schedule) — Water and sewer use charges, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed.

17. ADJUSTMENT OF UNASSESSED AND ABATED TAXES — If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

18. *BROKER'S FEE (fill in fee amount with dollar amount or percentage; also name of brokerage (fill in name)*

19. *BROKER(S) WARRANTY (fill in name)*

20. DEPOSIT *(fill in name)* — All deposits made hereunder shall be held in escrow by Paul J. Beattie as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement.

21. BUYER's DEFAULT; DAMAGES — If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages and provided, however, that Buyer retains right to Specific Performance in event of Seller default.

22. RELEASE BY HUSBAND OR WIFE

23. BROKER AS PARTY

24. LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc.

If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

25. WARRANTIES AND REPRESENTATIONS *(fill in): if none, state "none"; if any listed, indicate by whom each warranty or representation was made*

The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s); See Addendum

26. *MOTGAGE CONTINGENCY CLAUSE (omit if not provided for I Offer to Purchase)*

27. CONSTRUCTION OF AGREEMENT

This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it.

28. LEAD PAINT LAW

29. SMOKE DETECTORS

30. ADDITIONAL PROVISIONS

The initialed riders, if any, attached hereto, are incorporated herein by reference.
See Addendum

[signature/initials]

**EXHIBIT B**
**PURCHASE AND SALE AGREEMENT**
**SELLER: METRO BOSTON BROADCASTING INC., GENERAL PARTNER**
**TOWER SITES LIMITED**

**BUYER: FAFARD REAL ESTATE AND DEVELOPMENT CORP. OR NOMINEE**
**PROPERTY: ASHLAND, MASS.**

The above referenced Buyer and Seller hereby agree that this Rider is attached to and incorporated by reference in the Purchase and Sale Agreement between the same said Parties, concerning the above referenced Property and contains additional conditions to which said agreement and sale is subject to. Such conditions and provisions are made an integral part of said agreement, as fully and completely as if the conditions contained herein were directly included in said Purchase and Sale Agreement.

The Buyer and Seller agree that the sale of the Ashland, MA. Parcel shall be subject to Buyer's receipt of a clean M.G.L. Chapter 21 E Phase I site assessment, and all necessary Federal, State and Local permits (including, but not limited to subdivision approval, building permits, sewer extension and connection permits, water connection permits, order of conditions, etc.) with conditions, if any, as are satisfactory to the Buyer, thereby allowing the Buyer to have its intended use or uses approved for the subject premises. This contingency of the sale shall not be considered met until such permits, and approvals with satisfactory conditions, are issued and until the passage of the statutory appeal period, with no appeals being taken. All permits and approvals shall be secured at Buyer's expense on or before January 31, 2002. Buyer shall give quarterly reports during term of Agreement as to status of permits and approvals sought. Closing to occur thirty (30) days after receipt of all permits or February 28, 2002 whichever is earlier.

In the event that any such permit or approval is denied or is issued with conditions unsatisfactory to the Buyer, or is appealed, upon notice to the Seller, this agreement shall be rendered void and without recourse to the parties hereto, and any deposits then being held shall be returned to the Buyer, in Full, forthwith. Seller shall obtain all permitting and engineering work performed by Buyer in the event Buyer terminates this transaction.

Buyer may petition the Ashland Town Meeting to straighten the Zoning boundary line between residential and industrial zone on Seller's land. Buyer will locate existing guy wire or plan and determine whether easement or relocation is necessary.

PJB8/RIDER

Jmsel

EXHIBIT (A)

Doc 161201 Book 936 Page 51

16849

SUBDIVISION PLAN OF LAND IN ASHLAND

Mac Carthy & Sullivan Engineering Inc., Surveyors

July 23, 1980

Bernard Adams
Algonquin Gas Transmission Co. Pipeline
Algonquin Gas Trans. Co. Easement
Shell Oil Co. Easement
Harold Butterfield et al.
John H. Brudnak
Bernard
Stephen Molke
Pond St.
Plan 16849C Cert. 62531
Plan 16849B Cert. 62623
Brook
11
12
1
2
3
4
5
6A
6B
10
Chas. Harm
Arthur Stearns
Peter Francesconi
Henry Hedelson

Subdivision of Part of Lot 7
Shown on Plan 16849A
Filed with Cert. of Title No. 44300
Registry District of Middlesex County

Abutters are shown as on original decree plan.

Middlesex South Registry District
APR 6 1981
RECEIVED FOR REGISTRATION
9 o'clock A M.

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

[signature]
SELLER (or spouse) Mary Helen Salcone President Gen. Partner Tower Sites, Ltd. Milford-Boston Broadcasting, Inc.

[signature]
BUYER Prof. & Nominee

N/A
Broker(s)

**EXTENSION OF TIME FOR PERFORMANCE**

The time for the performance of the forgoing agreement is extended until ______________ o'clock ____M. on the __________ day of __________ 2____, time is still being of the essence of this agreement as extended.

This extension, executed in multiple counterparts, is intended to take effect as a sealed instrument.

SELLER (or spouse) ______________ SELLER ______________

BUYER ______________ BUYER ______________

Broker(s)

pjb/1/spa

**CIVIL ACTION COVER SHEET**

DOCKET NO.(S) 04-2282 C

**Trial Court of Massachusetts**
**Superior Court Department**
**County:** Middlesex

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| FAFARD REAL ESTATE AND DEVELOPMENT CORP. | METRO-BOSTON BROADCASTING, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Jeffrey J. Upton, Esq., Hanify & King PC<br>One Beacon Street, Boston, MA 02108<br>Board of Bar Overseers number: BBO #552221 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A08 | Sale or lease of Real Estate | ( F ) | ( ) Yes ( X ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $.............
2. Total Doctor expenses ............ $.............
3. Total chiropractic expenses ............ $.............
4. Total physical therapy expenses ............ $.............
5. Total other expenses (describe) ............ $.............

**Subtotal $**.............

B. Documented lost wages and compensation to date ............ $.............
C. Documented property damages to date ............ $.............
D. Reasonably anticipated future medical and hospital expenses ............ $.............
E. Reasonably anticipated lost wages ............ $.............
F. Other documented items of damages (describe)
$.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$.............
**TOTAL $**.............

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR [illegible]
JUN 02 2004
[signature]
CLERK

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendant breached contract for sale of real estate.

**TOTAL $.** 339,000.....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 6/2/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/15/2004
11:03 AM

## MICV2004-02282
## Fafard Real Estate & Development Corporation v Metro-Boston Broadcasting, Inc.

| | | | |
|---|---|---|---|
| **File Date** | 06/02/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 07/15/2004 | **Session** | C - Cv C (11A Cambridge) |
| **Origin** | 1 | **Case Type** | A08 - Sale/lease real estate |
| **Lead Case** | | **Track** | F |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/31/2004 | **Answer** | 10/30/2004 | **Rule12/19/20** | 10/30/2004 |
| **Rule 15** | 10/30/2004 | **Discovery** | 03/29/2005 | **Rule 56** | 04/28/2005 |
| **Final PTC** | 05/28/2005 | **Disposition** | 07/27/2005 | **Jury Trial** | No |

### PARTIES

**Plaintiff**
Fafard Real Estate & Development Corporation
Active 06/02/2004

**Private Counsel 552221**
Jeffrey J Upton
Hanify & King
One Beacon Street
21st Floor
Boston, MA 02108
Phone: 617-423-0400
Fax: 617-423-0498
Active 06/02/2004 Notify

**Private Counsel 646773**
Halye A Sugarman
Hanify & King
1 Beacon Street
Boston, MA 02108-3107
Phone: 617-226-3492
Fax: 617-305-0692
Active 07/07/2004 Notify

**Defendant**
Metro-Boston Broadcasting, Inc.
8411 Preston Road
Suite 870
Served: 06/03/2004
Served (answr pending) 06/16/2004

**Private Counsel 040320**
Kenneth R Berman
Nutter McClennen & Fish
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Phone: 617-439-2542
Fax: 617-310-9542
Active 07/07/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/02/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 06/02/2004 | | Origin 1, Type A08, Track F. |
| 06/02/2004 | 2.0 | Plaintiff's Motion To Appoint Dewsnap & Associates As Special Process Server Motion Allowed. (Gershengorn, J.) |
| 06/16/2004 | 3.0 | SERVICE RETURNED: Metro-Boston Broadcasting, Inc.(Defendant) 6/3/04 Cert Mail |
| 07/06/2004 | 4.0 | Plff's MOTION for Endorsement of Lis Pendens order against property of deft Metro-Boston Broadcasting, Inc. |
| 07/06/2004 | 5.0 | Deft's SPECIAL MOTION to Dismiss (MRCP 12b) Complaint, memo in |

MAS-20031124
gilmanr

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

07/15/2004
11:03 AM

## MICV2004-02282
## Fafard Real Estate & Development Corporation v Metro-Boston Broadcasting, Inc.

| Date | Paper | Text |
|---|---|---|
| | 5.0 | support of its speical motion & in Opposition to plff's motion to endorse Lis Pendens, affidavit of Kenneth R. Berman, Esq. in support of deft's special motion & in Opposition to plff's motion to endorse Lis Pendens, affidavit of Mary Heller Halcomb in support of deft's special motion & in Opposition to plff's motion to endorse Lis Pendens, plff's opposition to deft's special motion to dismiss, affidavit of compliance rule 9A |
| 07/08/2004 | | MOTION (P#5) DENIED without prejudice for failure to comply with Superior Court Rule 9A. (Wendie I. Gershengorn, Justice) Dated, Entered on the docket & Notices mailed July 08, 2004 |
| 07/15/2004 | 6.0 | Case REMOVED this date to US District Court of Massachusetts by deft Metro-Boston Broadcasting, Inc |
| 07/15/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |