UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> vs. <br><br> METRO-BOSTON BROADCASTING, INC., <br><br> Defendant, | CIVIL ACTION NO. 04-11531-RGS |

### DEFENDANT'S MOTION TO DISSOLVE LIS PENDENS, OR, IN THE ALTERNATIVE, FOR RECONSIDERATION
### [ORAL ARGUMENT REQUESTED]

Pursuant to G.L. c. 184 § 15(c), defendant moves to dissolve the memorandum of lis pendens, or, alternatively, for reconsideration of and oral argument on plaintiffs' renewed motion for endorsement of lis pendens. As grounds for this motion, defendant states that the lis pendens statute gives defendant the right to a hearing before a lis pendens memorandum is endorsed and recorded against defendant's property, and defendant has meritorious objections to the endorsement of the memorandum, including:

1. Plaintiff's proposed memorandum of lis pendens, which the Court has now endorsed, contains an erroneous description of the affected land, in violation of G.L. c. 184 § 15 (a);

2. Plaintiff's renewed motion did not call the Court's attention to a material change in plaintiff's position on an issue that defendant believes is fatal to plaintiff's motion;

3. Plaintiff's verified complaint failed to reveal all material facts, as required by G.L. c. 184, § 15.

Reconsideration is appropriate because (a) the lis pendens statute (G.L.c. 184 § 15) provides for notice and an opportunity to be heard before the court endorses a memorandum of

lis pendens, unless the motion is presented ex parte, (b) plaintiff's motion, though not presented as an ex parte motion, was effectively decided on an ex parte basis in that it was decided without a hearing and before the expiration of the time allowed by Local Rule 7.1 for filing an opposition,[1] (c) plaintiff did not meet the statutory requirements for obtaining a lis pendens memorandum on an ex parte basis,[2] (d) plaintiff did not conduct a Local Rule 7.1 conference before filing the motion, and (e) the lis pendens statute affords defendant a hearing on a motion to dissolve a lis pendens memorandum, within three days after filing the motion to dissolve, if the memorandum was endorsed ex parte.

In support of this motion, plaintiff relies on the accompanying memorandum of law and on the matters of record cited therein.

### Request For Oral Argument

Defendant wishes to be heard on this motion.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

*/s/ Kenneth R. Berman*
Kenneth R. Berman (BBO 040320)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

August 25, 2004

---

[1] Because of a material change in the proposed lis pendens memorandum plaintiff filed in state court and the one it filed in federal court, defendant's original brief in opposition to plaintiff's state-court motion for a lis pendens did not address the change in plaintiff's position or the memorandum that the Court endorsed. These issues would have been addressed in the opposition to plaintiff's renewed motion for a lis pendens and are now addressed in the memorandum in support of this motion.

[2] To obtain a lis pendens ex parte, plaintiff would have had to offer evidence, and the Court would have had to find, that "(1) the defendant is not then subject to the jurisdiction of the court . . . , or (2) there is a clear danger that the defendant, if notified in advance of the endorsement of the memorandum, the defendant will convey, encumber, damage, or destroy the property or the improvements thereon." G.L. c. 184 § 15 (b).

## Local Rule 7.1 Certificate

I certify that on August 24, 2004, I conferred with Halye Sugarman, counsel for plaintiff, in a good faith attempt to narrow or resolve the issues presented by this motion.

*Kenneth R. Berman*
Kenneth R. Berman

## Certificate Of Service

I certify that I served this document today on opposing counsel by hand.

*Kenneth R. Berman*
Kenneth R. Berman

August 25, 2004

1356022.2