theless signed the antenuptial agreement. Her waiver was voluntary, made with full disclosure, and after and in spite of advice of counsel.

### The Reasonableness of the Agreement

The court is convinced that the terms of the antenuptial agreement were fair to both defendant and Mr. Bickford at the time of execution. As with her complaint about rescission, defendant's position on this point is inconsistent with her conduct while she was administratrix. Furthermore, the intent of the parties was clear and valid from the antenuptial agreement: both had prior marriages, children from those prior marriages, and sizeable estates that they wanted to remain separate. The antenuptial agreement left each of them free to provide for the other by wills, trusts, or lifetime gifts, and the evidence revealed that before his death, Mr. Bickford did so provide for defendant with substantial gifts, including annuities, a trust, and a profit sharing plan. The antenuptial agreement also allows defendant, as the surviving spouse, to remain living in the marital home after Mr. Bickford's death. Moreover, defendant's age and earning capacity at the time she and Mr. Bickford signed the antenuptial agreement present no circumstance that would lead this court to question the reasonableness of the antenuptial agreement.

### ORDER

For the foregoing reasons, the court therefore enters a declaration for the plaintiff in *Carol A. Bickford, Thomas Bickford, and Michael Bickford v. Mary A. (Porzio) Bickford*, civ. No. 97-1569-B that the antenuptial agreement signed by William J. Bickford and Mary A. (Porzio) Bickford remains in force. Defendant shall abide by all of its terms.

---

[1] Thomas Bickford and Michael Bickford.

[2] The court previously ruled on a motion in limine that there were no ambiguities in the terms of the document and thus that no evidence relating to prior or contemporaneous statements of the parties to the agreement would be received to vary its terms. Liacos, Handbook of Massachusetts Evidence, sec. 5.8.1 (6th ed. 1994) and cases cited. See Rulings on "Motion in Limine in Regard to Statements of Deceased Persons and the Parol Evidence Rule" on file.

[3] The defendant's argument that paragraph 10, which relates to the survival of the agreement until termination of the marriage, makes the agreement void at the time of death is specious.

[4] These cases also do not shed much light on what circumstances surrounding the signing of an antenuptial agreement might lead to a finding of "unreasonableness."

[5] There are currently some suggestions to amend statutes dealing with the surviving spouse's elective share to increase the minimum amount of the elected share to include additional categories of assets in the calculation of it in line with new federal estate tax regulations, and to give additional notice to the surviving spouse concerning their rights. See Patricia M. Annino, 23 Estate Planning §11.20, at 39 (2d ed. Supp. 1999), citing Susan N. Gary, *Share and Share Alike? The U.P.C.'s Elective Share*, 12-APR Prob & Prop. 18, 23 (1998).

[6] In relevant part, General Laws chapter 190, section 1 states:

> A surviving husband or wife shall, after payment of the debts of the deceased and the charges of his last sickness and funeral and of the settlement of his estate . . . be entitled to the following share in his real and personal property not disposed of by will:
>
> . . .
>
> (2) If the deceased leaves issue, the survivor shall take one half of the personal and one half of the real property.

---

### Carol A. Bickford et al.[1] v. Mary A. (Porzio) Bickford

Superior Court, Suffolk, SS
No. CA971569B
Memorandum Dated November 13, 2000

**Torts – Abuse of Process – Misc. Cases – Allegations that the Defendant Brought a Groundless Suit May State a Claim for Vexatious Litigation But Not a Claim for Abuse of Process.** Allegations that the defendants brought a groundless suit against the plaintiff are not sufficient to state a cause of action for abuse of process because the use of litigation to prosecute a legal claim, regardless of the strength of the case, does not constitute a misuse of process. The proper theory of recovery, apparently, would be a claim for vexatious litigation, not a claim for abuse of process.

---

DOERFER, J.

### INTRODUCTION

Plaintiffs Carol, Michael, and Thomas Bickford ("the Bickford children") brought this action seeking a declaration that a prenuptial agreement between the defendant, Mary Bickford ("Mrs. Bickford") and the plaintiffs' deceased father ("Mr. Bickford"), was valid and enforceable against the defendant and seeking damages for fraudulent misrepresentation and for conversion. The defendant counterclaimed for a declaration that the prenuptial agreement was invalid and unenforceable, and for abuse of process. This matter is before the court on the plaintiffs' motion for partial summary judgment on the defendant's counterclaim for abuse of process. For the following reasons, plaintiffs' motion for partial summary judgment is ALLOWED.

### DISCUSSION

The undisputed facts are as follows: Carol Bickford, the original plaintiff in the matter, filed this action in April 1997, seeking a declaratory judgment that the prenuptial agreement between Mrs. Bickford and Mr. Bickford was valid and enforceable against Mrs. Bickford. The defendant moved to dismiss the action, claiming that Carol's two brothers, Thomas Bickford and Michael Bickford, were necessary and indispensable parties. By order of the court, per King, J., Thomas and Michael joined the action as plaintiffs. Subsequently, Mrs. Bickford filed a counterclaim for

a declaration that the prenuptial agreement was invalid and unenforceable, and for abuse of process. In December 1999, this court declared the prenuptial agreement valid and enforceable against Mrs. Bickford [12 Mass. L. Rptr. 378].

This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422 (1983); *Community Nat'l Bank v. Dawes*, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. *Pederson v. Time, Inc.*, 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. *Id.* at 17.

The sole issue before this court is whether the plaintiff may be shown, based on the undisputed facts, to have brought this action "for an ulterior or illegitimate purpose" which has resulted in damage to the defendant, as a matter of law. *Jones v. Brockton Public Markets, Inc.*, 369 Mass. 387, 389 (1975). To prevail in a cause of action for abuse of process, "it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." *Id.* quoting *Quaranto v. Silverman*, 345 Mass. 423, 426 (1963), citing *Gabriel v. Borowy*, 324 Mass. 231, 236 (1949). The "misuse" of the process constitutes the misconduct for which liability is imposed. *Quaranto v. Silverman*, supra at 426. Where the process is used for "the exact purpose for which it was designed; litigating the rights of the parties," there is no abuse of process. *Jones*, supra at 391.

In this case, Mrs. Bickford claims that Carol Bickford commenced this action with the ulterior motive of collecting a greater share of her father's estate than Mrs. Bickford believes she is entitled to. Even if this were true, Mrs. Bickford, as a matter of law, has failed to demonstrate an abuse of process. Massachusetts courts have found misuse of process where a defendant had obtained a judgment and instituted supplementary process to collect a debt known to have already been paid, *Lorusso v. Bloom*, 321 Mass. 9 (1947); where a defendant had successively attached wages to induce another to enter into a contract through fear of loss of job, *Jacoby v. Spector*, 292 Mass. 366 (1935); and, where a defendant had attached property to enforce a claim known to be groundless, *Reardon v. Sadd*, 262 Mass. 345 (1928). Here, the plaintiffs' use of process does not rise to the level of "misuse" as defined under the law of this Commonwealth. The Bickford children served Mrs. Bickford with process for the exact purpose for which it was designed: to determine the validity of the prenuptial agreement. See *Jones*, supra at 391.

Accordingly, the plaintiffs have committed no wrong in connection with this use of process.

ORDER

For the foregoing reasons, plaintiffs' partial motion for summary judgment on the defendant Mary Bickford's abuse of process counterclaim, is ALLOWED.

---

[1] Michael Bickford and Thomas Bickford.

---

### Susan E. McCarthy, Trustee of 180 Turnpike Road Realty Trust v. Massachusetts Gymnastics Center, Inc. et al.

Superior Court, Worcester, SS
No. CV001388A
Memorandum Dated October 17, 2000

**Landlord and Tenant – Assignment and Subletting – In General – Subtenant Does Not Assume Liability Under a Lease Merely by Paying Rent to and Dealing Directly with the Landlord.** A subtenant does not assume direct liability to the landlord under the landlord's lease with the tenant by paying rent to and dealing directly with the landlord. The landlord, therefore, cannot enforce the lease against the subtenant but rather can only recover on an at-will tenancy.

**Landlord and Tenant – Assignment and Subletting – Misc. Cases – Assignment Without the Landlord's Knowledge or Consent Does Not Constitute a Chapter 93A Violation.**

**Trade Regulation – Unfair Trade Practices Act – Misc. Cases – Tenant's Assignment of a Lease Without the Landlord's Knowledge or Consent Does Not Constitute a Chapter 93A Violation.** Allegations that a tenant assigned a lease without the landlord's knowledge or consent to a party that failed to perform the obligations of the lease state a simple breach of contract claim and therefore are not sufficient to state a Chapter 93A violation.

---

TOOMEY, J. Plaintiff Susan E. McCarthy, Trustee of 180 Turnpike Road Realty Trust ("McCarthy") has brought suit claiming breach of a lease, breach of the covenant of good faith and fair dealing and violation of G.L.c. 93A (the Massachusetts Consumer Protection statute). This case now is before the court on defendants' motion to dismiss McCarthy's complaint and McCarthy's motion for preliminary injunction. For the following reasons, defendants' motion to dismiss is ALLOWED in part and McCarthy's motion for preliminary injunction is DENIED.

BACKGROUND

McCarthy alleges the following pertinent facts in her complaint. On March 6, 1995, McCarthy, through her authorized agent Peter B. McCarthy, and defen-