1998 WL 77882, Mustapha v. Town of Methuen, (Mass.Super. 1998)                                                                Page 1

*77882   Only the Westlaw citation is currently available.

Superior Court of Massachusetts.

Amette G. MUSTAPHA
v.
The CITY known as the Town of Methuen and Richard O'Loughlin.

No. CIV.A. 96-2283-D.
Feb. 20, 1998.

*MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

FREMONT-SMITH.

**1 This matter comes before this Court pursuant to defendants' motion for summary judgment on all counts under Mass. R. Civ. P. 56(b). Plaintiff Amette G. Mustapha asserts claims for civil rights violations under G.L. c. 12, § 11I by the defendants, Town of Methuen and Richard O'Loughlin, and abuse of process pursuant to G.L. c. 258. For the following reasons, defendants' motion for summary judgement is granted on counts I, II and III, but denied on count IV.

*BACKGROUND*

The following facts are undisputed. In October of 1991, the plaintiff agreed to construct a garage for Joel Latorre on Latorre's property at 24 Brown Court, Methuen.

On October 17, 1991, a building permit was issued for the construction of the garage by Gerald Deschene.

On March 17, 1993, Richard O'Loughlin, the Town Building Commissioner, sent the plaintiff a letter describing construction defects he found in the garage that O'Loughlin wanted fixed. O'Loughlin as Building Commissioner was also responsible to report problems with licensed builders to the State Board of Building Regulations and Standards.

On September 20, 1993, Latorre commenced a suit against the plaintiff and plaintiff's son regarding the garage.

Near the end of November 1994, Attorney Frederick Fairburn, plaintiff's attorney in the Latorre action, Saty Agarwal, construction expert for the plaintiff in the Latorre action, and O'Loughlin met at the Methuen City Solicitor's office to discuss problems and complaints with the Latorre garage. At this meeting O'Loughlin informed Fairburn that he had prepared a letter of complaint, dated November 16, 1994, directed to the State Board of Building Regulations and Standards, concerning the construction of the Latorre garage. The letter indicated that there were numerous code violations in the constructed garage and that when applying for the permit for the garage the plaintiff knowingly allowed his son to use his licence to obtain the permit, which is in violation of regulations.

The Latorre action was subsequently settled by the plaintiff for $10,000.

The following material facts are in dispute. The plaintiff contends that both the plaintiff and his son went to Deschene to obtain the permit on the property; that there was only one sketch of the garage filed; that he completed work on the building within three weeks of commencing construction; that Deschene inspected the work place once and only asked that wind braces be installed in the corners of the garage, which the plaintiff did; that the plaintiff called the Building inspector in November, 1991, to inspect the garage; that he was not contacted by either Latorre or O'Loughlin until a year and a half after the Latorre job was finished; that O'Loughlin threatened to file the November 16, 1994 letter with the State Board of Building Regulations and Standards if the Latorre action went to trial; that based on this threat the plaintiff settled the Latorre action.

The defendants contend that only the plaintiff's son was present when the permit was issued; that when the permit was issued, Deschene made changes to the plans to bring them up to Code; that the plaintiff's son confirmed that the garaged would be constructed in accordance with the edited plans; that the plaintiff's son signed the permit using the plaintiff's builder's licence number, which violated State Building Regulations; that on March 16, 1993, Deschene was called by Latorre to inspect the garage; that Deschene, upon inspection, found numerous defects and Building Code violations; that O'Loughlin also inspected the property and found 28 Code violations; that O'Loughlin believed that plaintiff's son was the licenced supervisor; that O'Loughlin prepared the November 16, 1994 letter after learning that the plaintiff was involved in the construction; that because of the Code violations and

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

alleged misuse of the plaintiff's license O'Loughlin decided to prepare the letter; that O'Loughlin showed Fairburn the letter at the meeting in late November 1994; that Fairburn asked O'Loughlin not to send the letter because the plaintiff would likely lose the Latorre litigation and O'Loughlin should not "kick [the plaintiff] while he was down;" that on May 2, 1995, Latorre applied for a building permit to bring the garage up to Code, which was done; and that a state building inspector inspected the rebuilt garage, at the behest of the plaintiff, and found that all repairs made by Latorre were necessary and proper under the Code and that O'Loughlin handled the matter using "exemplary judgment."

## DISCUSSION

**\*\*2** This court should grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. *Nashua Corp. v. First State Ins. Co.,* 420 Mass. 196, 202, 648 N.E.2d 1272 (1995); *Community Nat'l Bank v. Dawes,* 369 Mass. 550, 553, 340 N.E.2d 877 (1976); Mass. R. Civ. P. 56. The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. *Pederson v. Time, Inc.,* 404 Mass. 14, 16-17, 532 N.E.2d 1211 (1989).

A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party's case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. *Flesner v. Technical Communications Corp.,* 410 Mass. 805, 809, 575 N.E.2d 1107 (1991); *Kourouvacilis v. General Motors, Corp.,* 410 Mass. 706, 716, 575 N.E.2d 734 (1991). "If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact." *Pederson,* 404 Mass. at 17, 532 N.E.2d 1211. In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *Community Nat'l Bank,* 369 Mass. at 553, 340 N.E.2d 877. Allegation contained in an unverified complaint have no evidentiary weight. *Godbout v. Cousens,* 396 Mass. 254, 262-263, 485 N.E.2d 940 (1985). In making the determination whether a genuine issue of material fact exists, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. *Attorney General v. Bailey,* 386 Mass. 367, 371, 436 N.E.2d 139 (1982); *Willitts v. Roman Catholic Archbishop of Boston,* 411 Mass. 202, 203, 581 N.E.2d 475 (1991).

The defendants claim that they are entitled to summary judgment on the abuse of process claims, counts I and II, because the defendants did not use "process." In order to have an abuse of process claim, it must be alleged that a defendant used process to accomplish an ulterior or illegitimate purpose. *Beecy v. Pucciarelli,* 387 Mass. 589, 595, 441 N.E.2d 1035 (1982); *Jones v. Brockton Public Markets, Inc.,* 369 Mass. 387, 389, 340 N.E.2d 484 (1975). "[T]he word 'process' in the context of an abuse of process claim means causing papers to issue by a court 'to bring a party or property within its jurisdiction.' " *Silvia v. Building Inspector of West Bridgewater,* 35 Mass.App.Ct. 451, 453, 621 N.E.2d 686 (1993)(quoting *Jones, supra* at 390, 340 N.E.2d 484); *Powers v. Leno,* 24 Mass.App.Ct. 381, 383, 509 N.E.2d 46 (1987). Only three types of process have been recognized: writs of attachment; the process used to institute civil actions; and the process related to criminal charges. *Jones,* 369 Mass. at 389, 340 N.E.2d 484. The defendant O'Loughlin's letter of November 16, 1994, does not qualify as "process." First, the letter was never sent, and it did not cause papers to issue by a court. In addition, the letter, even if it had been sent, was not the type of process used to initiate either a criminal or civil proceeding. See *MacLean v. Naumkeag Trust Co.,* 268 Mass. 437, 439, 167 N.E. 748 (1929). Count I against the Town is also defective because an action for intentional misconduct of a town employee does not lie against a municipality under c. 258. Accordingly, on these undisputed facts, defendants are entitled to summary judgment on counts I and II.

**\*\*3** Defendant Town of Methuen also moves for summary judgment on the state civil rights claim, G.L. c. 12, § 11I, against it, count III. This count of the complaint alleges that the town is responsible for the violation of the plaintiff's civil rights by reason of the wrongful acts of its employee, O'Loughlin. However, a municipality may not be held liable for a violation of the Massachusetts Civil Rights Act under a theory of *respondeat superior.* (FN1) *Lyons v. National Car Rental Sys., Inc.,* 30 F.3d 240, 247 (1st Cir.1994)(construing Massachusetts law); *Armstrong v. Lamy,* 938 F.Supp. 1018, 1042 (D.Mass.1996) (construing Massachusetts law). Accordingly, summary judgment will be granted as to count III.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

Defendant O'Loughlin similarly moves for summary judgment on the state civil rights claim, G.L. c. 12, §§ 11H and 11I, against him, count IV. A claim under G.L. c. 12, § 11I, requires that a defendant have interfered or attempted to interfere with a plaintiff's exercise of constitutional or other right provided by the laws of the United States or the Commonwealth, by means of threats, intimidation or coercion. *Swanset Dev. Corp. V. City of Taunton,* 423 Mass. 390, 392, 668 N.E.2d 333 (1996); *Freeman v. Planning Bd. Of W. Bolyston,* 419 Mass. 548, 564, 646 N.E.2d 139, cert. denied, --- U.S. ----, 116 S.Ct. 337 (1995); *Sena v. Commonwealth,* 417 Mass. 250, 262, 629 N.E.2d 986 (1994). The Supreme Judicial Court has adopted the definition of "threat, intimidation and coercion" contained in *Delaney v. Chief of Police of Wareham,* 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65 (1989), which defined

> "threat" as "acts or language by which another is placed in fear of injury or damage," "intimidation" as "a creation of fear to compel conduct," and "coercion" as "the active domination of another's will."

*Sena,* 417 Mass. at 263 n. 10, 629 N.E.2d 986; *Willitts,* 411 Mass. at 210 n. 10, 581 N.E.2d 475. In addition, it is the general rule is that a "threat to use lawful means to reach an intended result is not actionable under § 11I." *Sena,* 417 Mass. at 263, 629 N.E.2d 986; *Pheasant Ridge Assocs. Ltd. Partnership v. Burlington,* 399 Mass. 771, 782, 506 N.E.2d 1152 (1991).

The threat alleged in this instance, namely to send a letter to the State Board of Building Regulations and Standards, did not involve a "physical confrontation accompanied by a threat of harm" nor did the alleged threat by O'Loughlin, i.e. a threat to report the alleged Code violations and alleged misuse of the licence, involve anything other than a threat to do what O'Loughlin had the lawful right, if not the obligation, to do, as Town Building Inspector, provided that he had reasonable cause to believe that his threatened allegations were true and well-founded. If, on the other hand, it were shown at trial that his threatened allegations were not based on a reasonable belief that they were true, but were malicious (i.e. knowingly false) and were made only for the ulterior purpose of forcing the plaintiff to settle Latorre's suit, thereby depriving plaintiff of his right to have the dispute adjudicated fairly and impartially by a court of law, this could be found to constitute "threats, intimidation or coercion" so as to deprive the plaintiff of the exercise of his rights secured by the laws of the Commonwealth. See *Tortora v. Inspector of Buildings of Tewksbury,* 41 Mass.App.Ct. 120, 123, 668 N.E.2d 876 (1996)(triable issue existed as to whether "defendants crossed the line separating legitimate exercise of their authority from illegal harassment or impairment of [plaintiff's legal rights]").

## ORDER

**\*\*4.** Accordingly, based on the foregoing reasons, defendants' motion is *ALLOWED* as to counts I, II and III, which are dismissed, but is *DENIED* as to count IV.

(FN1.) The plaintiff at oral argument contended that the civil rights violation claim against the city was based on a "pattern or practice" of violations and not *respondeat superior.* This assertion, however, runs counter to the clear language of the plaintiff's complaint, which makes no allegation of a pattern or practice, and, in any event, there is nothing in the summary judgment record to substantiate that the City engaged in a pattern or practice of coercing individuals by means of threats of disclosure of violations, to the State Board of Building Regulations and Standards.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.