his right to a hearing under G.L.c. 31, §§41 and 42, and, in the alternative, that he did not suffer any prejudice. On the record before me, it is apparent that the appointing authority violated the plaintiff's rights under G.L.c. 31, §§41 and 42 by not affording him notice and a hearing before placing him on unpaid medical leave. The law provides that in such a case the Commission had a duty to order that the employee be restored to duty without a loss of compensation if he has suffered prejudice. G.L.c. 31, §42.

Under the circumstances, it is not possible to say whether the plaintiff would have been placed on unpaid medical leave if a hearing had been held. It is just as likely that he would have been placed on paid leave or cleared to return to his duties soon thereafter once it was discovered that he had been treating for mental health problems. For these reasons, the court concludes that the plaintiff suffered prejudice by being deprived on an exercise of the appointing authority's discretion. A remand to the Commission for additional fact finding or review will not accomplish anything. The only fair result is to order the matter remanded to the Commission with directions to enter an order awarding the plaintiff his salary for the period in question (March 11, 1998 to January 17, 1999), the remedy envisioned by the Legislature in G.L.c. 31, §43.

---

[1]The Commission correctly points out in its brief that the plaintiff should not have sued the Department of Correction because the administrative action of which the plaintiff complains was taken by the Commission. See *Gilmore v. Registry of Motor Vehicles*, 22 Mass.App.Ct. 902, 921 (1986).

[2]Thereafter, Brooks sought and obtained mental health services from providers who had been treating him for depression. A psychiatric evaluation of Brooks did not find evidence of instability and did not recommend psychiatric treatment. Brooks did not communicate this information to the superintendent or the department.

[3]Meanwhile, a grievance was filed by the union on behalf of Brooks and denied on March 31, 1998. Thereafter, a step II hearing was conducted and denied. In a letter dated May 19, 1998, the superintendent informed the union steward that Brooks's grievance was denied because he had not been terminated and that he was not getting paid because his sick leave was exhausted.

[4]G.L.c. 31, §42 provides in part that "[a]ny person who alleges that an appointing authority has failed to follow the requirements of section forty-one in taking action which has affected his employment or compensation may file a complaint with the commission. Such complaint must be filed within ten days, exclusive of Saturdays, Sundays, and legal holidays, after said action has been taken, or after such person first knew or had reason to know of said action, and shall set forth specifically in what manner the appointing authority has failed to follow such requirements . . ."

[5]The suggestion made in the Magistrate's decision that the decision to place the plaintiff on unpaid medical leave was not a suspension because it was not a "disciplinary" action is without any force because there is nothing in the definition of "suspension" under G.L.c. 31, §1 that limits it to disciplinary actions.

---

**Donna L. Duval, executrix[1] v.
John D. Hallisey**

Superior Court, Worcester, SS
No. 20020936B
Memorandum Dated March 16, 2004

**Estates of Deceased Persons – Claims and Debts – Misc. Cases – Knowing Prosecution of a Groundless Claim Against an Estate in a Misguided Attempt to Recover on the Claim Does Not Constitute a Use of the Process for an Illegitimate Purpose and Therefore Does Not Constitute the Tort of Abuse of Process.**

**Torts – Abuse of Process – Illegitimate Purpose – Knowing Prosecution of a Groundless Claim in a Misguided Attempt to Recover on the Claim Does Not Constitute a Use of the Process for an Illegitimate Purpose and Therefore Does Not Constitute the Tort of Abuse of Process.** The knowing prosecution of a groundless claim in a misguided attempt to recover on a perceived claim does not constitute an ulterior use of the process being advanced and therefore does not constitute the tort of abuse of process. This opinion holds that allegations that the defendant filed a claim in an estate proceeding with knowledge that the claim was unsupportable are insufficient to state a claim for abuse of process. The conduct might constitute vexatious litigation but it does not constitute abuse of process.

**Constitutional Law – First Amendment – Anti-SLAPP Suit Statute – Statute Extends to Actions Involving Only Private Matters Between Private Parties.** The Anti-SLAPP Suit Statute, M.G.L.c. 231, Sec. 59H, is not limited to actions involving matters of general public interest but rather applies as well to actions involving only private matters between private parties.

---

VELIS, J. The plaintiff, Donna Duval (Duval), as executrix on behalf of the estate of Louise B. Arey (Arey), brought this action for abuse of process and a violation of G.L.c. 93A, §11 (the Massachusetts Consumer Protection Statute), against the defendant, John Hallisey (Hallisey). Hallisey now moves to dismiss these claims pursuant to Mass.R.Civ.P. 12(b)(6) and G.L.c. 231, §59H, the Massachusetts Anti-Strategic Litigation Against Public Participation (Anti-SLAPP) statute. For the following reasons, Hallisey's motion pursuant to Mass.R.Civ. 12(b)(6) is *allowed* and his motion pursuant to G.L.c. 231, §59H is *denied*.

*BACKGROUND*

Duval is the executrix of the estate of Arey and is also Arey's niece. Hallisey performed legal services for Arey for twenty-seven years. Arey appeared to have an interest in land in Wellfleet. In 1986, Hallisey and Arey signed a contingent fee agreement which entitled Hallisey to a ⅓ contingent fee when and if Hallisey registers the land in a Land Court registration proceeding. The proceeding is still pending. In 1992,

Case 1:04-cv-11531-RGS    Document 24-4    Filed 09/13/2004    Page 2 of 2

*The Massachusetts Law Reporter* 573
Cite as 17 Mass. L. Rptr. No. 25, 573 (May 24, 2004)

Arey deeded this land to herself and Duval as joint tenants with rights of survivorship. In 1998, Hallisey and Duval signed a contingent fee agreement identical to the one signed in 1986. In April 2001, Arey died.

On January 9, 2002, Hallisey filed a notice of Attorneys Lien in Land Court. Duval filed an opposition to the lien and the matter is still pending. In April 2002, Hallisey filed a Claim of Creditor in Probate Court, pursuant to G.L.c. 197, §13, requesting that the court order Duval to retain assets sufficient to compensate him under the terms of the contingent fee agreement. Duval moved to strike Hallisey's claim on the ground that because the property in question passed to Duval upon Arey's death, it was not an asset of Arey's estate. This motion was allowed. Subsequently, Duval brought this action against Hallisey alleging that his claim constituted an abuse of process.

### A. Mass.R.Civ.P. 12(b)(6) Motion to Dismiss

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the allegations of the complaint, as well as any reasonable inferences to be drawn from them in the plaintiff's favor. *Fairneny v. Savogran, Co.*, 422 Mass. 469, 470 (1996).

#### 1. Abuse of Process Claim

In order for an abuse of process claim to survive a 12(b)(6) motion, the plaintiff must allege facts which are sufficient to support the propositions that: (1) process was used; (2) for an ulterior or illegitimate purpose; and (3) the process resulted in damage to the plaintiff. *Jones v. Brockton Pub. Markets, Inc.*, 369 Mass. 387, 389 (1975). Duval has failed to allege facts supporting the proposition that Hallisey filed a Claim of Creditor for an ulterior or illegitimate purpose beyond the known groundlessness of the claim. In a similar case involving a defendant who obtained an attachment of the plaintiff's property based on a groundless claim, the Supreme Judicial Court affirmed a reversal of a judgment awarding damages to the plaintiff for abuse of process and stated:

> We preserve a distinction between (a) knowingly maintaining a meritless action and obtaining an attachment and (b) knowingly maintaining a meritless action and obtaining an attachment in order to further a purpose that the attachment was not designed to accomplish.

*Ladd v. Polidoro*, 424 Mass. 196, 197, 200 (1997).

Like the defendant in *Ladd*, Duval has failed to allege any facts to support the proposition that Hallisey filed a Claim of Creditor for any other reason than just to ensure he would receive his contingent fee. Hallisey's alleged knowledge that his claim is meritless is insufficient. See *id.* at 199-200. Thus, dismissal of the claim is appropriate. See *Jones*, 369 Mass. at 391 (granting motion to dismiss abuse of process claim pursuant to Mass.R.Civ.P. 12(b)(6) since the plaintiff failed to allege any ulterior motive).

#### 2. 93A Claim

Duval's allegation that Hallisey violated G.L.c. 93A, §11, also must fail. As discussed above, the complaint lacks any allegation that Hallisey had some ulterior motive in filing his claim. In addition, the complaint fails to allege that the plaintiff or Arey is or was engaged in a trade or business with Hallisey within the meaning of §11. See G.L.c. 93A, §11.

### B. G.L.c. 231, §59H, Special Motion

Hallisey also moves for a special motion to dismiss pursuant to the Massachusetts Anti-SLAPP statute. Under the statute, a defendant who asserts that a claim against him is based on his exercise of his constitutional right to petition may file a special motion to dismiss within sixty days after being served with the complaint. G.L.c. 231, §59H. Despite Duval's assertions to the contrary, the Anti-SLAPP statute does apply to private disputes. See *Duracraft Corp. v. Holmes Products Corp.*, 42 Mass.App.Ct. 572, 576 (1997).

A plaintiff making a special motion to dismiss under the Anti-SLAPP statute "must make a threshold showing through the pleadings and affidavits that the claims against [him] are based on [his] petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities." *Vittands v. Sudduth*, 49 Mass.App.Ct. 401, 414 (2001). Once the plaintiff has made this showing, the burden shifts to the nonmoving party to show that (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law, and (2) the moving party's acts caused actual injury to the responding party. *Id.*

Hallisey has met his burden as the pleadings clearly show that Duval brought the abuse of process claim in response to Hallisey filing a creditor claim in probate court. Duval has also met her burden. Hallisey's creditor claim had no reasonable factual support or any arguable basis in the law because his claim was based on a contract with a contingency that had not yet occurred and could not occur after Arey's death since the property passed to Duval. Furthermore, Hallisey's claim caused injury to Duval by resulting in unnecessary costs of defending the claim and by disrupting the distribution of the estate.

### ORDER

For the foregoing reasons, it is hereby ORDERED that (1) the defendant's motion to dismiss the plaintiff's complaint pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED and (2) the defendant's motion to dismiss the plaintiff's complaint pursuant to G.L.c. 231, §59H, is DENIED.

---

[1] Of the estate of Louise B. Arey.