*287585   Superior Court of
Massachusetts, Suffolk County.

HOME DEPOT U.S.A., INC., Plaintiff,
v.
James R. ROSENCRANZ, Defendant.

Civ.A. No. 93-4340-F.
March 25, 1994.

Laura Steinberg, Sullivan & Worcester, Boston, for plaintiff.

James R. Rosencranz, Milton and Joseph D. Steinfield, Hill & Barlow, Boston, for defendant.

MEMORANDUM OF DECISION
REGARDING DEFENDANT'S
MOTION TO DISMISS

QUINLAN, Justice.

**1 The plaintiff, Home Depot U.S.A., Inc. ("Home Depot"), brought this action against the defendant, James R. Rosencranz ("Rosencranz"), because of statements made by Rosencranz in a letter published by a local newspaper. Home Depot claims that the statements were libelous (Count I) and violated G.L. c. 93A, § 11 (Count II).

Rosencranz now moves to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b)(6) contending that: (1) the statements are non-defamatory as a matter of law; (2) the 93A, § 11 claim does not apply to the defendant because Rosencranz was not engaged in "trade or commerce," and (3) both claims, if allowed to proceed, would violate Rosencranz's Constitutional right to petition the government.

For the reasons outlined below, the Defendant's motion to dismiss will be*ALLOWED*.

BACKGROUND

This claim arises out of a letter written by the defendant, James Rosencranz, which was published in the Roxbury Transcript. At the time, Rosencranz represented a group of plaintiffs who attempted to prevent Home Depot from acquiring the necessary permits to build a Home Depot facility in West Roxbury.

In January 1986, National Amusements, Inc. ("National") purchased a parcel of land in West Roxbury, Massachusetts, (the "Property") and shortly thereafter applied for a building permit to construct a shopping center on the Property. This move was met with some resistance.

During National's application for appropriate permits, the Boston Redevelopment Authority (the "BRA") moved to rezone the Property, but National successfully quelled BRA's rezoning efforts. *National Amusements, Inc. v. Boston*, 29 Mass.App.Ct. 305 (1990). In April 1991, National received its building permit (the "National Building Permit") allowing it to build a shopping center on the Property. National, however, did not act on this permit.

In December 1991, National leased a portion of the Property to Home Depot. In connection with the lease, Home Depot, National and the City of Boston (the "City") entered into an agreement (the "Permit Agreement"), enabling Home Depot to apply for the appropriate permits to build its facility without an adverse effect upon the National Building Permit.

In 1992, Home Depot applied to the City's Inspectional Services Department (the "ISD") for a building permit, and to the BRA for necessary building approvals. Both the ISD and BRA denied Home Depot's requests. Shortly thereafter, Home Depot appealed both of these decisions to the City of Boston's Board of Appeal (the "Board of Appeal"), which eventually granted Home Depot the requested permits, including a building permit for the Property. Construction of the Home Depot facility commenced shortly thereafter.

A group of individuals (the "Buchanan Plaintiffs") challenged the Board of Appeal's decision. The Buchanan Plaintiffs hired Rosencranz to represent them in their challenge. On Wednesday, June 30, 1993, the West Roxbury Transcript, a neighborhood newspaper, published a letter (the "Letter") written by Rosencranz regarding the Buchanan litigation.

**2 The Letter was published in a section of the newspaper called "Letters to the Editor" and was entitled "James Rosencranz states position". The first sentence of the letter informs the readers that Rosencranz is the attorney for the Buchanan plaintiffs. The Letter contained the following statements, which Home Dept contends are defamatory and violate G.L. c. 93A, § 11:

1. Throughout the process, misrepresentations were made to the people of West Roxbury and the Neighborhood Council.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

2. What the Home Depot Representative did not tell either the people or the Neighborhood Council was that they had entered into an illegal agreement with National Amusement and the City which "allowed" the shopping center permits to be "held" while Home Depot went through the process of obtaining their own permits.

3. ... Home Depot seeks the right to dictate their own linkage payments without regard to the formula set out in the law. The people of West Roxbury should not be fooled by the small, token, public relations payments which Home Depot has said it will make to local organizations ... while it seeks to evade its lawful greater responsibility to the community.

4. West Roxbury is not the only community which is against the Home Depot and its tactics. Cities and towns across this country, including those in New York, New Jersey, California, St. Louis, Chicago, and others, are standing up to prevent their neighborhoods from being destroyed.

5. Home Depot ... states that an additional 5,900 to 9,072 cars per day will be brought onto the Parkway by the opening of its store.

6. Because I proved that we had a reasonable likelihood of winning the case and because we could prove that there would be irreparable harm if the building was constructed, Home Depot was forced to concede they would tear the building down and return the site to its former condition if the plaintiff's won.

7. In order to solidify this, the judge, in a most unusual move, made Home Depot agree, in writing, that it will tear the building down when the people of West Roxbury succeed.

DISCUSSION

*Motion to Dismiss*

When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiff's favor, as true. *Eyal v. Helen Broadcasting Corp.,* 411 Mass. 426, 429 (1991) and cases cited. The "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Nader v. Citron,* 372 Mass. 96, 98 (1977) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-56 (1957)); See also *Charbonnier v. Amico,* 367 Mass. 146, 152 (1975); *Whitinsville Plaza, Inc. v. Kotseas,* 378 Mass. 85, 89 (1979). A complaint, furthermore, is not subject to dismissal if it could support relief under any theory of law. *New England Insulation Co. v. General Dynamics Corp.,* 26 Mass.App.Ct. 28 (1988); *Jenkins v. Jenkins,* 15 Mass.App.Ct. 934 (1983) (rescript); *Bell v. Mazza,* 394 Mass. 176, 183 (1985).

*Count I: LIBEL*

**\*\*3** The elements of a cause of action for defamation (libel and slander) are: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publishers; (4) either actionability of the statement irrespective of a special damages or the existence of special damages to the plaintiff caused by the publication. Restatement of the Law of Torts 2d, § 558 (1979).

Statements of pure opinion are protected by the First Amendment of the United States Constitution and therefore, are not actionable in a defamation suit. *Pritsker v. Brudnoy,* 389 Mass. 776, 778 (1983). This is so, because as a society we value the marketplace of competing opinions, and rely on competition, rather than censure, to silence those opinions that have no value. *Gertz v. Robert Welch Inc.,* 418 U.S. 323, 339-340 (1974). Accordingly, a pure opinion is not actionable "no matter how unjustified and unreasonable the opinion may be or how derogatory it is." *Pritsker, supra,* at 778.

"Mixed opinions", statements which combine opinion and fact, are not protected by the First Amendment. *Myers v. Boston Magazine Co.,* 380 Mass. 336, 341 (1980). A "mixed opinion" is actionable if the comment implies the existence of undisclosed facts about the plaintiff that must be defamatory in order to justify the opinion. *Pritsker, supra* at 778.

Determining whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed defamatory facts is the function of the court. Restatement (Second) of Torts § 566, (1977). To make this determination, the court must examine the statement in its totality in the context in which it was uttered or published. *Aldoupolis v. Newspaper Co.,* 398 Mass. 731, 734 (1986).

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

I find that Rosencranz's statements which were published in the Roxbury Transcript are pure opinion. Given the context, an average reader would not reasonably have considered the statements in question to be statements of fact, or mixed opinion.

First, the statements in question appeared in the "Letters to the Editor" section, which "consists of signed columns by a host of writers who express their opinions on a variety of topics." *Id.* at 735. Readers of this section expect to read views and opinions of other readers, rather than factual news stories. *Id.* Second, the letter is entitled "James Rosencranz states position", which indicates that the statements made therein are statements of "position," not fact. Third, the letter begins by explaining to the reader that the author is an attorney, prompting an average reader to consider the statements are statements of advocacy, not fact.

Home Depot argues that an average reader could reasonably believe that the letter contains statements of fact. Specifically, Home Depot points to Rosencranz's statements that he wrote the Letter "to set the record straight", to correct "misconceptions" and "myths," and that Home Depot made "misrepresentations" and entered into an "illegal" agreement. Home Depot relies on *McAvoy v. Shufrin,* 401 Mass. 593, 598 (1988), in which the court held that an attorney's letter stating that he had filed criminal charges against another when he had only applied for a complaint, was susceptible of being considered a statement of fact and therefore actionable. However, that letter differs from the Letter in question here. The letter in *McAvoy* was from the attorney to the boards of selectmen of various towns. In contrast, the Letter in this case was published in the "Letters to the Editor" section, with a cautionary surrounding statement alerting the reader that the Letter contained his "position". I find that these words are not sufficient, in light of the context, to cause an average reader to reasonably conclude that the statements were facts.

**4 Furthermore, an average reader could not reasonably conclude that Rosencranz's comments were based on undisclosed defamatory facts, and thus, "mixed opinion". This is so, in part, because Rosencranz discloses all of the facts on which he bases his opinions. He informs the reader that

> what the Home Depot representatives did not tell either the people or the Neighborhood Council, was that they had entered into an illegal agreement with National Amusement and the city which 'allowed' the shopping center permits to be 'held,' while Home Depot went through the process of obtaining their own permits, for more than six months without any building going on.

This statement informs the reader of the specifics of Home Depot's agreement with the City of Boston and National. Rosencranz bases his opinions that Home Depot made "misrepresentations," entered into an "illegal" contract, engaged in "tactics," and "duped" the Neighborhood Council on the facts contained in the statement rather than undisclosed facts. The Supreme Judicial Court, has stated that

> Where it is not clear that any undisclosed facts are implied, or if any are implied, what they are, the average reader could not, in context, reasonably conclude that the facts were defamatory, and therefore a cause of action for libel cannot stand. *Cole v. Westinghouse Broadcasting Co.,* 386 Mass. 303 (1982).

I find, in this case, that an average reader could not conclude that any facts alleged or implied by Rosencranz were, in fact, defamatory because Rosencranz stated the facts upon which he based his opinion. Therefore, defendant Rosencranz's motion to dismiss Count I will be *ALLOWED*. (FN1)

*Count II: G.L. c. 93A, § 11*

Rosencranz also contends that Home Depot has failed to state a claim under G.L. c. 93A, § 11, because there was no transactional business relationship between the two parties as required by the statute. Rosencranz argues that extending G.L. c. 93A, § 11, to Rosencranz's Letter would be in violation of the First Amendment of the United States Constitution because it would inhibit his right to petition government.

To establish a claim under G.L. c. 93A, § 11, the parties must be engaged in trade or commerce. G.L. c. 93A, §§ 2, 11. Chapter 93A, § 1(b) defines the terms "trade" and "commerce" as follows:

> 'Trade' and 'commerce' shall include the advertising, the offering for sale, rent or lease, the sale, rent, lease or distribution of any services and any property, tangible or intangible, real personal or mixed, any security as defined in subparagraph (k) of section four hundred and one of chapter one hundred and ten A and any contract of sale of a commodity for future delivery, and any other article, commodity, or thing of value wherever

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.

situate, and shall include any trade or commerce directly or indirectly affecting the people of this commonwealth.

To be "trade or commerce" the transaction in question must take place in a business context. *Lanter v. Carson* 374 Mass. 606, 611 (1978) ("where the Legislature employed the terms 'persons engaged in the conduct of any trade or commerce,' it intended to refer specifically to individuals acting in a business context"); See also, *Begelfer v. Najarian,* 381 Mass. 177, 190-91 (1980). A claim under G.L. c. 93A does not apply to transactions that take place on a "private, nonprofessional basis". *Id.*

**\*5.** To determine whether a transaction took place in a business context, courts consider the following factors: (1) the character of the parties and whether they are individuals or business people; (2) the nature of the transaction and the extent of the defendant's involvement; (3) whether the defendant was acting in the transaction in the course of any trade or business; and (4) whether the defendant is motivated in the transaction by business or personal reasons. *Begelfer, supra* at 191.

Rosencranz's Letter is within the ambit of a claim based on G.L. c. 93A because Rosencranz was engaging in "trade or commerce" by writing the Letter. Rosencranz is an attorney. He wrote the Letter in his capacity as an attorney, in an attempt to bolster his client's position against Home Depot. Together, these factors indicate that Rosencranz wrote the Letter for business rather than personal reasons.

In order to make a claim under G.L. c. 93A, Home Depot must show that Rosencranz's actions in writing and sending the Letter constitute "unfair or deceptive practices". The terms "[u]nfair methods of competition" and "unfair or deceptive acts or practices" are not defined by chapter 93A. The test under § 11 is the "rascality test", that is, "the objectionable conduct must attain a level of rascality that would raise the eyebrow" of a seasoned business person. *Levings v. Forbes & Wallace, Inc.,* 8 Mass.App.Ct. 498, 500 (1979).

Rosencranz's actions in writing and sending the Letter do not rise to the level of "unfair or deceptive practices" in violation of G.L. c. 93A, § 11. Home Depot's claim that Rosencranz violated § 11, is based on the Letter. Home Depot essentially argues that writing a defamatory letter which is published amounts to an unfair or deceptive act. However, where I have already found that Rosencranz's statements were not defamatory, this argument fails. Rosencranz's letter contained statements of pure opinion and did not include defamatory facts. Rosencranz was merely advocating his client's position in a manner which is legally acceptable. Since Home Depot's 93A claim appears to be based solely on the Letter, and because the Letter contains statements of pure opinion which are not defamatory, I find that Home Depot's claim fails as a matter of law. Accordingly, defendant Rosencranz's motion to dismiss Count II of the complaint will be ALLOWED.

ORDER

For the foregoing reasons it is hereby *ORDERED* that defendant James R. Rosencranz's Motion to Dismiss Count I and Count II of the complaint will be ALLOWED.

(FN1.) Rosencranz also makes an argument with respect to his right to petition the government. Because I have decided this motion to dismiss on the issue of libel, I will not reach the Constitutional question.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.