UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> vs. <br><br> METRO-BOSTON BROADCASTING, INC., <br><br> Defendant, | CIVIL ACTION NO. 04-11531-RGS |

## STIPULATION AND PROTECTIVE ORDER

Plaintiff and Defendant-in-Counterclaim Fafard Real Estate & Development Corp. ("Fafard") and Defendant and Plaintiff-in-Counterclaim Metro-Boston Broadcasting, Inc. ("Metro-Boston" or "Tower Sites")[1] (collectively, the "Parties") stipulate as follows:

1.  In the course of this litigation, the Parties may produce to one another certain information and documents that may include confidential business information. A Party disclosing such information may designate it as "Confidential" (hereinafter, "Confidential Information"). The Parties agree that the following limitations on the disclosure of such Confidential Information shall govern.

2.  Documents, discovery responses and materials, deposition testimony, and information furnished by a Party designated as Confidential in the manner set forth in paragraph 3 hereof shall be subject to the provisions of this Stipulation and Protective Order.

---

[1] Metro-Boston is the general partner of Tower Sites Limited Partnership ("Tower Sites").

3. All documents, discovery responses or other materials or information produced in the course of this action which a Party reasonably and in good faith believes contains Confidential Information shall have the word "CONFIDENTIAL" clearly stamped thereon or affixed thereto (before delivery into any other Party's counsel's possession) in a manner which avoids any interference with the legibility of the material. Portions of any transcripts of depositions which a Party reasonably believes contain Confidential Information may be designated as Confidential Information by counsel for any Party by serving written notice to all other Parties specifying the page and line numbers of such Confidential Information within fourteen (14) days of the designating Party's receipt of the transcript or by stating so on the record during the deposition. Until expiration of the fourteen (14) day period, all deposition transcripts shall be treated as Confidential Information. Each Party shall stamp "Confidential" on those portions of the transcript designated as Confidential Information by each other Party.

4. Documents, discovery responses, deposition transcripts, and materials and information designated as Confidential and the information contained therein shall be used only in connection with the prosecution or defense of this litigation (including any appeals) and may be disclosed only as follows:

    A. Confidential Information may be disclosed only to the Parties, their respective attorneys, and to members of the paralegal, secretarial or clerical staff (including shorthand reporters) assisting such attorneys, and to any individual representatives of the Parties involved in prosecuting this action on their behalf who have a need to know such information.

    B. The persons to whom Confidential Information may be disclosed under subpart A of this paragraph may disclose the Confidential Information to experts

specifically retained by them for the purpose of this litigation only. Before the disclosure of any Confidential Information to such experts, each expert shall be provided with a copy of this Stipulation and Protective Order and shall agree to be bound by its terms and provisions by executing a Certification in the form attached hereto. Such experts shall destroy all Confidential Information and any notes made therefrom at the conclusion of this litigation and certify that such destruction has taken place in the manner specified in paragraph 7 of this Stipulation and Protective Order.

  C. Confidential Information may be disclosed to any third party witness who testifies at a deposition in this matter provided the witness is advised on the record of the deposition of the confidential nature of such information, is provided with a copy of this Stipulation and Protective Order, agrees to be bound by its terms and provisions either on the record or by executing a Certification in the form attached hereto.

  D. In addition to the foregoing, Confidential Information may also be disclosed to the author(s) of the Confidential Information, any prior recipients of the Confidential Information, court officials involved in this litigation (and their staff), court reporters, any witnesses not otherwise covered by this Stipulation and Protective Order who testify at trial (subject to such confidentiality orders as the Court may make), and any jury impaneled at the trial of this case.

  E. Except as provided in subpart B and C of this paragraph, the Parties, their counsel, and others with permitted access to the Confidential Information shall not disclose such Confidential Information or the existence thereof to any person or use it for any purpose except the prosecution or defense of this litigation.

5.  Neither Confidential Information nor any documents containing such information shall be provided to witnesses who are not otherwise entitled to access such documents under this Protective Order. The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents or information to lose their status as Confidential Information.

6.  If any document designated as Confidential in accordance with this Stipulation and Protective Order is to be included among any papers filed with the Court as part of any motion or opposition thereto, the Party filing such Confidential Information, prior to filing, shall on each occasion, unless the Court directs otherwise, file it with the Clerk of the Court in sealed envelopes marked with the caption of the case and the conspicuous notation: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A STIPULATION AND PROTECTIVE ORDER."

7.  The provisions of this Stipulation and Protective Order with respect to the dissemination of Confidential Information shall survive and continue in force after termination of this litigation, whether by trial, appeal, settlement or otherwise. All copies of such Confidential Information received by a Party or its counsel, including all notes with respect to such Confidential Information, shall be returned to the Party that produced such documents or information or shall be destroyed at the termination of this litigation, and counsel shall certify to the producing Party's attorney in writing that, to the best of his or her knowledge, such Confidential Information (including all copies and all Confidential Information disseminated to experts) has been returned to the producing Party or destroyed and shall certify that it and all those to whom it has disseminated Confidential Information have complied with all provisions of this Stipulation and Protective Order. Counsel of record shall be responsible for the

destruction or return of any copies provided to individuals designated under paragraph 4 and any notes relating to such copies. The Court shall retain jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Stipulation and Protective Order following termination of this litigation.

8. Nothing in this Stipulation and Protective Order shall be deemed or construed to create any presumption that any document or information designated by a Party as Confidential is in fact confidential or proprietary or to be a waiver by any Party of its right to use or to object, on any grounds, to the use of any Confidential Information, or any portions thereof, at the trial of this matter.

9. Documents, discovery responses, or materials or other information designated as Confidential may be copied as reasonably necessary in connection with this litigation without the permission of the producing Party or an Order of the Court by persons entitled to receive such information pursuant to paragraph 4 of this Stipulation and Protective Order, provided that access and use of such copies is restricted in accordance with this Stipulation and Protective Order. All copies so made shall be deemed Confidential Information under the terms of this Protective Order and shall be destroyed at the termination of this litigation as provided for herein.

10. If any Party contends that certain information or documents designated as Confidential Information should not have the limitations or disclosure contained herein, then the Parties may agree in writing to reclassify such documents, or, if the Parties cannot reach agreement, the Party challenging a Confidential Information designation may apply to the Court for relief from this Protective Order with respect to proper classification of such information or documents. However, the burden of proof, related to the producing Party's

claim of confidentiality, shall be on the producing Party claiming the confidential designation to justify such designation. A Party shall not be obligated to challenge the propriety of a designation as confidential at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

11. This Stipulation and Protective Order shall remain in full force and effect unless and until modified, superseded, or terminated by written consent of the Parties or by further order of this Court. Either Party may move the Court at any time to modify, amend or terminate this Stipulation and Protective Order, or the parties may modify or amend the terms hereof by agreement in writing in the form of a stipulation that shall be filed in this action. In addition, and with prior notice to the Parties, the Court may modify, amend or terminate this Stipulation and Protective Order on its own motion.

12. If Confidential Information in the possession of a Party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the Party to whom the subpoena is directed shall give notice of the subpoena to counsel for the producing Party within three business days or as soon as practicable thereafter, and deliver to such attorneys a copy of the subpoena, prior to compliance therewith. Absent a Court Order to the contrary, the Party to whom the subpoena is directed may comply therewith.

13. This Stipulation and Protective Order shall be binding upon the Parties, their successors, representatives and assigns, as well as all counsel for the Parties hereto and their paralegals and office employees.

14. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to and distribution of copies of documents and things containing Confidential Information.

15. The Parties intend to present this Stipulation and Protective Order to the Court for approval; however, this Stipulation and Protective Order shall take effect from the date of its execution regardless of whether it is entered as an order by the Court.

| FAFARD REAL ESTATE & DEVELOPMENT CORP., | METRO-BOSTON BROADCASTING, INC., |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Halye Sugarman/eb | /s/ Erik Bartenhagen |
| Jeffrey J. Upton (BBO #552221) | Kenneth R. Berman (BBO #040320) |
| Halye A. Sugarman (BBO# 646773) | Erik P. Bartenhagen (BBO# 640003) |
| Hanify & King | Nutter, McClennen & Fish, LLP |
| Professional Corporation | World Trade Center West |
| One Beacon Street | 155 Seaport Boulevard |
| Boston, MA 02108-3107 | Boston, Massachusetts 02210-2604 |
| (617) 423-0400 | (617) 439-2000 |

Dated: January 12, 2005

## ORDER

The foregoing Stipulation is hereby entered as an order of this Court.

Dated: January 18, 2005

/s/ Richard G. Stearns
Judge, United States District Court

1393513.2