UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP.<br><br>Plaintiff,<br><br>vs.<br><br>METRO-BOSTON BROADCASTING, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. 04-11531-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF FAFARD REAL ESTATE & DEVELOPMENT CORP.'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Comes now Plaintiff and defendant-in-counterclaim Fafard Real Estate & Development Corp. ("Fafard" or "Plaintiff/defendant-in-counterclaim") and hereby responds to the allegations in the Counterclaim of Defendant and plaintiff-in-counterclaim Metro-Boston Broadcasting, Inc. ("Metro-Boston" or "Defendant/plaintiff-in-counterclaim") as follows:

1. Paragraph 1 is introductory in nature such that no response is required. To the extent a response is deemed necessary, Fafard denies that it has asserted groundless or unmeritorious litigation to cloud title to land owned by Metro-Boston and thereby interfere with the ability of Metro-Boston to sell the land to third parties.

2. Upon information and belief, Fafard admits the allegations set forth in Paragraph 2, except to state Metro-Boston, as general partner of Tower Sites Limited, is party to a purchase and sale agreement with Fafard.

3. Fafard admits that it is a Massachusetts corporation with its principle place of business in Ashland, Massachusetts, and that Fafard is the buyer under a purchase and sale agreement with Metro-Boston, the general partner of Tower Sites. The remaining allegations in Paragraph 3 set forth legal conclusions such that no response is required.

4. Paragraph 4 sets forth a legal conclusion such that no response is required.

5. Paragraph 4 sets forth a legal conclusion such that no response is required.

6. Fafard admits that it entered into a Purchase & Sale Agreement with Metro-Boston, the general partner of Tower Sites, for land in Ashland, Massachusetts ("the Property"), the terms of which speak for themselves. Fafard admits it intended to develop the land as a residential development. Fafard further admits that the parties mutually executed extensions of the closing date and that the last such extension expired on May 21, 2004.

7. Fafard admits that it expected and intended to have access to the Property through Tri Street in Ashland, and that Fafard learned that Tri Street was unusable because of wetlands. Fafard denies the remaining allegations set forth in Paragraph 7.

8. Fafard denies the allegations set forth in Paragraph 8, except to admit that Sewall Street in Ashland is separated from the Property by other land owned by Tower Sites.

9. Fafard denies the allegations set forth in Paragraph 9.

10. Fafard denies the allegations set forth in Paragraph 10, except to admit that it filed a lawsuit against Metro-Boston.

11. Fafard denies the allegations set forth in Paragraph 11.

12. Fafard denies the allegations set forth in Paragraph 12.

13. Fafard denies the allegations set forth in Paragraph 13.

14. Fafard denies the allegations set forth in Paragraph 14.

15. Fafard denies the allegations set forth in Paragraph 15.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims are barred because Metro-Boston has suffered no damages.

### Second Affirmative Defense

The Counterclaims are barred because they fails to state any other statutory and/or common law claim.

### Third Affirmative Defense

The counterclaims are barred because Metro-Boston failed to state claims upon which relief can be granted.

### Fourth Affirmative Defense

The counterclaims are barred under the doctrine of waiver.

FAFARD RESERVES THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES UPON THE COMPLETION OF DISCOVERY.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.,

By its attorneys,

_____
Jeffrey J. Upton (BBO #552221)
Halye A. Sugarman (BBO#646773)

HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108
(617) 423-0400420091

Dated: January 19, 2005
421702

CERTIFICATE OF SERVICE
I HEREBY CERTIFY THAT A TRUE COPY OF THE
ABOVE DOCUMENT WAS SERVED UPON THE
ATTORNEY OF RECORD FOR EACH OTHER
PARTY BY MAIL-HAND ON 1/19/05
_____