UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP.<br><br>Plaintiff,<br><br>vs.<br><br>METRO-BOSTON BROADCASTING, INC.,<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. 0411531-RGS |

**MOTION OF PLAINTIFF FAFARD REAL ESTATE & DEVELOPMENT CORP.
TO HOLD SEPARATE TRIALS**

Pursuant to Federal Rule of Civil Procedure 42(b), Plaintiff Fafard Real Estate & Development Corp. ("Fafard") respectfully moves this Court for an order separating this action into two trials: First, a trial on Fafard's claim for specific performance. And second, a trial on Metro-Boston Broadcasting, Inc.'s three counterclaims for abuse of process, intentional interference with prospective advantageous relations, and a violation of G.L. c. 93A.

Substantial reason exists to separate the trials. As a threshold matter, Fafard <u>is ready</u> to go forward with its claim for specific performance on February 14, 2005. And a resolution of this claim will remove the lis pendens on the property—the primary reason for the expedited trial schedule. But Fafard needs additional time to prepare and defend against Metro-Boston's counterclaims. During the parties' abbreviated discovery period, Fafard learned that discovery that is absolutely crucial to its defense against Metro-Boston's counterclaim, including the depositions of Metro-Boston's purported

"advantageous business relations." Fafard must be given the opportunity to take that discovery and prepare a meaningful defense. Thus, holding separate trials on Fafard's specific performance claim will avoid prejudice to Fafard that will result if Fafard is forced to defend these counterclaims now, without the benefit of that discovery.

In addition, separate trials holds that added benefit of simplifying the case for a jury. A jury should be entitled to know whether Fafard was entitled to specific performance <u>before</u> it must determine whether Fafard engaged in an abuse of process or intentionally interfered with advantageous business relations. Moreover, two trials will cause <u>no prejudice</u> to Metro-Boston. Metro-Boston will still have a jury trial on its claims.

In further support of Fafard's Motion to Hold Separate Trials, Fafard relies on its Memorandum submitted herewith.

Respectfully submitted,

FAFARD REAL ESTATE
DEVELOPMENT CORP.

By its attorneys,

_____
Jeffrey J. Upton (BBO#652221)
Halye A. Sugarman (BBO#646773)

HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED: February 2, 2005
422546

2

CERTIFICATE OF SERVICE

I, Halye A. Sugarman, certify that on February 2, 2004, I served a copy of the foregoing Motion to Hold Separate Trials, by hand on:

>Kenneth Berman
>Nutter McClennan & Fish, LLP
>World Trade Center West
>155 Seaport Boulevard
>Boston, MA  02110

_____
Halye A. Sugarman


RULE 7.1 CERTIFICATE

I, Halye A. Sugarman, certify that I have in good faith conferred with counsel for the Defendant in an attempt to resolve or narrow the issues presented in this Motion.

_____
Halye A. Sugarman

3