UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP.<br><br>Plaintiff,<br><br>vs.<br><br>METRO-BOSTON BROADCASTING, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) NO. 04-11531-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION IN LIMINE OF PLAINTIFF FAFARD REAL ESTATE & DEVELOPMENT CORP. TO EXCLUDE EVIDENCE OF ATTORNEYS' FEES AS DAMAGES ON COUNTERCLAIMS**

Plaintiff Fafard Real Estate & Development Corp. ("Fafard") respectfully moves for an order barring the Defendant Metro-Boston Broadcasting, Inc. ("Metro-Boston") from introducing as evidence of its "damages" on its counterclaims, evidence that Metro-Boston has incurred legal expenses, including evidence of Metro-Boston's legal fees. As grounds for this Motion, Fafard states that attorneys' fees are not a proper element of damages on Metro-Boston's counterclaims. Therefore, any evidence tending to show that Metro-Boston had to retain legal counsel or has incurred legal fees or expenses is properly excluded from this trial as irrelevant.

### BACKGROUND

In June 2004, Fafard initiated a lawsuit against Metro-Boston seeking specific performance of a purchase and sale agreement for the sale of real property located in Ashland, Massachusetts.

Metro-Boston answered and asserted three counterclaims against Metro-Boston: abuse of process, intentional interference with advantageous business relations, and a violation of G.L. c. 93A, the Massachusetts Consumer Protection statute. Metro-Boston alleges damages resulting from Fafard's alleged tortious conduct. In part, Metro-Boston claims it has been damaged by having to incur "legal fees" in connection with its defense of defense Fafard's claim.

## ARGUMENT

As an <u>essential</u> element of Metro-Boston's counterclaims, Metro-Boston must prove that it has suffered actual damages as a result of Fafard's alleged tortious conduct. <u>NEC Electronics, Inc. v. New England Circuit Sales, Inc.</u>, 722 F. Supp. 861, 867 (D. Mass. 1989) (summary judgment where plaintiff in c. 93A case argued only "unspecified monetary damages for alleged sales loss"); <u>Tech Plus, Inc. v. Ansel</u>, 59 Mass. App. Ct. 12, 18-19 (2003) (citing Restatement (Second) Torts § 766 *cmt. t* (intentional interference with advantageous relations is a "cause of action is for pecuniary loss"); <u>Morochnick v. Quigley</u>, 17 Mass. App. Ct. 1035, 1036 (1984) (holding that "actual damage is a necessary element of a claim of intentional interference with an advantageous business relationship"); <u>Datacomm Interface, Inc. v. Computerworld, Inc.</u>, 396 Mass. 760 (1986) (damage is essential element of abuse of process); <u>Chemawa Country Club, Inc. v. Wnuk</u>, 9 Mass. App. Ct. 506, 510 (1980) (plaintiff must prove "harm and damages" resulting from an intentional interference with advantageous business relations). <u>See also</u> Massachusetts G.L. c. 93A, § 11 (unfair business practices claim exists where, in part, party "suffers any loss of money or property, real or personal").

Legal fees do not constitute such damages. As a general rule, a party's legal fees are not recoverable as damages. Under the well known American Rule, each party is responsible for his *own* attorneys' fees, unless he can point to some rule of law or statutory language allowing attorneys' fees as damages recoverable by the prevailing party. See Mutual Fire, Marine and Inland Ins. Co. v. Costa, 789 F.2d 83, 88 (1st Cir. 1986) (citing Chartrand v. Riley, 354 Mass. 242, 243-44 (1968)) ("The general rule in Massachusetts, as elsewhere, is that a prevailing party in an ordinary two-party lawsuit is awarded only costs and not attorney's fees."); Mailhiot v. Liberty Bank & Tr. Co., 24 Mass. App. 525, 530 (1987) (general rule is that "counsel fees are not a proper heading of damages"). Indeed, the damages in a tort case "do not ordinarily include compensation for attorney fees or other expenses of the litigation." See Restatement (Second) Torts § 914(a).

Metro-Boston's counterclaims do not fall within the narrow category of claims which permit attorneys' fees as damages. Indeed, there is no basis in Massachusetts law to find that Metro-Boston's attorneys' fees can constitute the damages it has incurred as result of Fafard's alleged tortious conduct. For example, the fact that a party will have to spend time *and money* to defend a legal action does not prove an ulterior purpose for filing the legal action, for the purposes of an abuse of process claim. See Broadway Management Services, Ltd. v. Cullinet Software, Inc., 652 F. Supp. 1501, 1503-04 (D. Mass. 1987). Accordingly, proof of legal expenses is not evidence or proof of damages in an abuse of process claim.[1]

---

[1] The Plaintiff is obligated to bring the Court's attention the case of American Velodur Metal, Inc. v. Schinabeck, 20 Mass. App. Ct. 460 (1985), in which the Appeals Court upheld an award of attorneys' fees to the plaintiff on a claim for abuse of process in a divorce case. However, American Velodur is distinguishable from the instant counterclaim in that the defendant in that case had both *defaulted* and had

3

Similarly, in the context of a claim for interference with advantageous business relations, attorneys' fees are not recoverable by a prevailing party – except for the limited circumstance where "the natural consequence of a defendant's tortious conduct or a defendant's breach of contract is to cause the plaintiff to become involved in litigation with a *third party*." See Mutual Fire, Marine and Inland Ins. Co. v. Costa, 789 F.2d 83, 88 (1st Cir. 1986), quoting Restatement (Second) Torts § 914 (emphasis in original). Under that limited circumstance only, "the attorneys' fees associated with *that litigation* are recoverable from the defendant." Id. (emphasis added).

Thus, in an ordinary tort case, attorneys' fees can constitute damages only where the plaintiff is compelled to engage in litigation with a third party in order to protect his rights. See, e.g., M.F. Roach Co. v. Town of Provincetown, 355 Mass. 731 (1969) (attorneys' fees were held recoverable where the plaintiff was forced, because of the tortious interference of the defendant, to sue a third party in order to protect his rights under a contract). That is plainly not the case here.

Moreover, Metro-Boston's legal expenses also do not constitute evidence of damages with respect to Metro-Boston's claim under c. 93A. To be sure, c. 93A allows recovery of "reasonable attorneys' fees" by a prevailing party, but only after the Court has found a violation of chapter 93A. See Talbot v. Horace Mann Ins. Co., 19 Mass. App. Ct. 93, 100 (1984). See also Bonofiglio v. Commercial Union Ins., Co., 412 Mass. 612, 613 (1992) (a party must first be a "prevailing party" under 93A before it can

---

been *severely sanctioned* for its failure to comply with discovery obligations. The plaintiff wife also was awarded damages for her mental suffering and distress and based on evidence of harassment by the defendant. Thus, in light of the egregious conduct of the defendant in that case, the court found no error in awarding the plaintiff her attorneys' fees in connection with her abuse of process claim. To the contrary, in this case, there is no such misconduct on the part of the Plaintiff which would justify such an award as part of an abuse of process claim. Indeed, in the ordinary tort case, attorneys' fees do not constitute damages. See Restatement (Second) Torts § 914(a).

awarded attorneys' fees). Thus, the fact that a party has incurred legal fees cannot constitute the "monetary" loss a business plaintiff must establish in order to recover under c. 93A. See G.L. c. 93A, § 11; See <u>Martha's Vineyard Auto Village, Inc. v. Newman</u>, 30 Mass. App. Ct. 363, 369 (1991) (citing <u>Jet Line Servs., Inc. v. American Employers Ins. Co.</u>, 404 Mass. 706, 718 (1989) ("Under § 11, a [business] plaintiff must be entitled to relief in *some other respect* to be entitled to an award of attorneys' fees") (emphasis added). Thus, the fact that a party has incurred legal expenses does not constitute proof of damages in a c. 93A claim. Attorneys' fees become relevant *only after* such party has prevailed on his claim—including proof of other, monetary damage. <u>Id.</u>

## CONCLUSION

For the foregoing reasons, Fafard respectfully requests an order excluding as irrelevant all evidence respecting Metro-Boston's attorneys' fees.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.,

By its attorneys,

_____
Jeffrey J. Upton (BBO #552221)
Halye A. Sugarman (BBO#646773)

HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA  02108
(617) 423-0400

Dated: February 7, 2005
422778

CERTIFICATE OF SERVICE

I, Halye A. Sugarman, certify that on February 7, 2004, I served a copy of the foregoing Motion in Limine to Exclude Evidence as to Damages, by hand on:

Kenneth Berman
Nutter McClennan & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02110

_____
Halye A. Sugarman