UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB -7 P 5: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| FAFARD REAL ESTATE &<br>DEVELOPMENT CORP.,<br><br>Plaintiff/Defendant-in Counterclaim<br><br>vs.<br><br>METRO-BOSTON BROADCASTING,<br>INC.,<br><br>Defendant/Plaintiff-in-Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-11531 RGS

## DEFENDANT'S MOTION TO BIFURCATE AND
## OPPOSITION TO PLAINTIFF'S MOTION FOR SEPARATE TRIAL
### [RELIEF ASSENTED-TO BY PLAINTIFF]

Pursuant to Fed. R. Civ. P.42(b), defendant moves that the trial of this case be bifurcated between liability and damages such that the Phase I trial would be a jury-waived trial on *liability* under plaintiff's claim for specific performance and under defendant's counterclaim, and the Phase II trial would be a jury trial on the issue of *damages* under the counterclaim. As grounds for this motion, defendant states:

1.     The parties are in agreement that the trial of this case should be bifurcated in the manner sought in this motion.

2.     Plaintiff had previously filed a motion to have a Phase I trial limited to plaintiff's non-jury claim for specific performance, and that defendant's counterclaim in its entirety be reserved for a Phase II trial. If the case is bifurcated in that fashion, there would be a large duplication of effort and evidence, inasmuch as defendant's evidence in opposition to plaintiff's claim for specific performance is substantially the same as its evidence in support of the counterclaim. For example, the trial of both the complaint and the counterclaim will

explore (a) the course of dealings between the parties, (b) the plaintiff's perpetual requests for extensions of the closing date in an effort to procure an agreement from defendant to have a second means of access to the locus, (c) the circumstances leading up to the events of May 21, 2004, when plaintiff appeared at the registry of deeds at a unilaterally selected hour, ostensibly to close the transaction, without giving defendant any notice, (d) plaintiff's state of mind concerning its need for a second means of access, (e) representations plaintiff made to defendant about its need for a second means of access, and (f) plaintiff's decision-making with respect to commencing this lawsuit.

3.    Because of the substantial overlap in expected evidence with respect to liability under the complaint and counterclaim, no appreciable savings in trial time will be achieved by a bifurcation in the manner sought by plaintiff's motion. If the case is bifurcated in the manner sought by plaintiff's motion, the Phase II trial will be approximately as long as the Phase I trial, as the second trial would involve significant repetition of the Phase I evidence. This would defeat one of major purposes of bifurcation, which is to promote efficiency and potentially avoid the trial of issues that might never need to be tried.

4.    On the other hand, if the case is bifurcated in the manner sought by defendant in this motion – between liability and damages – the case will be made more manageable. There will be little, if any, duplication of evidence, and there would be no risk that the jury – in evaluating liability under the counterclaim – would be unduly swayed by the evidence it hears on damages.[1]  Further, defendant's proposed bifurcation is consistent with promoting judicial efficiency in that the Phase II trial, if it happens at all, would be considerably shorter than

---

[1] If the case were bifurcated as plaintiff's motion suggests, i.e. reserving the entire counterclaim to a Phase II trial, the Phase II trial would be a jury trial as to both liability and damages.

under plaintiff's proposed bifurcation. Moreover, a determination of liability under both the complaint and the counterclaim in a Phase I trial could well be the needed catalyst for a settlement, before Phase II would need to be tried.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

Kenneth R. Berman (BBO #040320)
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

February 7, 2005

Assent:
I assent to the relief requested in this motion.

Jeffrey Upton, Esq.
Attorney For Plaintiff

## Local Rule 7.1 Certificate

I certify that on February 7, 2005, I conferred with opposing counsel in a good faith effort to narrow the issues presented by this motion. Plaintiff is in agreement with the relief sought in this motion.

Kenneth R. Berman

February 7, 2005

## Certificate Of Service

I certify that I served this document today on opposing counsel by e-mail and mail.

Kenneth R. Berman

1401871.3

- 3 -