# FAFARD REAL ESTATE & DEVELOPMENT CORP.
## 290 ELIOT STREET
## ASHLAND, MA 01721

# FAX

Date: 12-5-00

Number of pages including cover sheet: 4

| | |
|---|---|
| To: Mary Heller Halcomb, President | From: Janice Hannert |
| Metro-Boston Broadcasting, Inc., General partner | |
| Tower Sites Limited | |
| 8411 Preston Rd. Suite 870 | |
| Dallas TX 75225 | |
| | Phone: (508) 881-1600 |
| Phone: 214-691-2545 | Fax phone: (508) 875-8610 |
| Fax phone: 214-691-3872 | |
| CC: | |

REMARKS:  ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please comment

Please find a revised offer for your Ashland property which incorporates the items we discussed.

If I can provide you with any additional information please call.

2/1/05
Halcomb
Exhibit No. 6
LISA A. MOREIRA

BUYER(S) MUST ALSO SIGN LEAD PAINT
"PROPERTY TRANSFER NOIFICATION CERTIFICATE"

OFFER TO PURCHASE REAL ESTATE

TO   Owner or Owners of Record_____

Date   December 5, 2000

This property herein referred to is identified as follows: Those three (3) parcels of land in Ashland, Middlesex County off Tri Street shown as Lot 12 and 6B (9.6 acres) and a portion of Lot 11 (10 acres) on plan attached hereto and incorporated by reference.

I hereby offer to buy said property, which has been offered to me by Fafard Real Estate _____ as the Seller's Broker(s) under the following terms and conditions:

CHECK ONE:
☐ Check, subject to collection
☐ Cash

1. I will pay therefore $339,000.00 of which
   (a) $ 500.00       is paid herewith as a deposit to bind this Offer
   (b) $ 33,400.00    is to be paid as an additional deposit upon the execution of the Purchase and Sales Agreement provided for below.
   (c) $ 305,100.00   is to be paid in cash, or by certified, cashiers, treasurer's or bank check(s).
   (d) $ _____  Payable on partial release basis at $5,000.00 per lot until paid in full. Deposits credited against first lots purchased. See Addendum
   (e) $339,000.00

2. This offer is good until PRESENTATION at or before which time a copy hereof shall be signed by you, the Seller and your (husband) (wife), signifying acceptance of this Offer, and returned to me forthwith, otherwise this Offer shall be considered as rejected and the money deposited herewith shall be returned to me forthwith.

3. The parties hereto shall, on or before 5:00 P.M. January 5, 2001 execute the Purchase and Sale Agreement which, when executed, shall be the agreement between the parties hereto.

4. A good and sufficient Deed, conveying a good and clear record and marketable title shall be delivered at 12:00 Noon on See Addendum at the appropriate Registry of Deeds, unless some other time and place are mutually agreed upon in writing.

5. If I do not fulfill my obligations under this Offer, the above mentioned deposit shall forthwith returned to Buyer without recourse to either party. Said deposit shall be held by Seller's Attorney as escrow agent subject to the terms hereof, provided however that in the event of any disagreement between the parties, the escrow agent may retain said deposit pending instructions mutually given by the parties. A similar provision shall be included in the Purchase and Sale Agreement with respect to any deposits held under its terms.

6. Time is of the essence hereof.

7. Buyer and Seller not bound until execution of Purchase and Sale of Agreement. See Rider attached hereto and incorporated herein by reference for additional terms.

NOTICE: Buyer not bound until execution of Purchase and Sale Agreement

WITNESS my hand and seal.                       SIGNED _____
                                                Buyer: Fafard Real Estate and Development Corp.
                                                (or Nominee)

290 Eliot Street, Ashland, MA 01721
508-881-1500
Address                                         Phone Numbers

This Offer is hereby accepted upon the foregoing terms and conditions at _____ A.M. / P.M. on _____ 19____
   WITNESS my (our) hand(s) and seal(s).

_____                 _____
Seller (or spouse)                              Seller

RECEIPT FOR DEPOSIT
_____ 19____
   Received from _____ Buyer the sum of $____ as
deposit under the terms and conditions of above Offer, to be held by _____ as escrow agent.
Under regulations adopted pursuant to the Massachusetts license law,
"all offers obtained by brokers or salesmen on any properties listed
with them shall be forthwith conveyed to the owner of said real estate."    Agent for Seller
pjb/of-ash

FA 00516

<u>**RIDER**</u>
<u>**OFFER TO PURCHASE**</u>
<u>**SELLER: OWNER OR OWNERS OF RECORD**</u>


<u>**BUYER: FAFARD REAL ESTATE AND DEVELOPMENT CORP.**</u>
<u>**PROPERTY: ASHLAND, MASS.**</u>


    The above referenced Buyer and Seller hereby agree that this Rider is attached to and incorporated by reference in the Offer to Purchase between the same said Parties, concerning the above referenced Property and contains additional conditions to which said agreement and sale is subject to. Such conditions and provisions are made an integral part of said agreement, as fully and completely as if the conditions contained herein were directly included in said Offer to Purchase.

    The Buyer and Seller agree that the sale of the Ashland, MA. Parcel shall be subject to Buyer's receipt of a clean M.G.L. Chapter 21 E Phase I site assessment, and all necessary Federal, State and Local permits (including, but not limited to subdivision approval, building permits, sewer extension and connection permits, water connection permits, order of conditions, etc.) with conditions, if any, as are satisfactory to the Buyer, thereby allowing the Buyer to have its intended use or uses approved for the subject premises. This contingency of the sale shall not be considered met until such permits, and approvals with satisfactory conditions, are issued and until the passage of the statutory appeal period, with no appeals being taken. All permits and approvals shall be secured at Buyer's expense on or before December 10, 2001. Buyer shall give quarterly reports during term of Agreement as to status of permits and approvals sought. Closing to occur thirty (30) days after receipt of all permits or January 10, 2002 whichever is earlier.

    In the event that any such permit or approval is denied or is issued with conditions unsatisfactory to the Buyer, or is appealed, upon notice to the Seller, this agreement shall be rendered void and without recourse to the parties hereto, and any deposits then being held shall be returned to the Buyer, in Full, forthwith. Seller shall obtain all permitting and engineering work performed by Buyer in the event Buyer terminates this transaction.

    Buyer may petition the Ashland Town Meeting to straighten the Zoning boundary line between residential and industrial zone on Seller's land. Buyer will locate existing guy wire on plan and determine whether easement or relocation is necessary.


PJB8/RIDER

FA 00517



## STANDARD FORM
## PURCHASE AND SALE AGREEMENT

This _25_ day _January_ of 2001

| | | |
|---|---|---|
| 1. | **PARTIES AND MAILING ADDRESSES** *(fill in)* | Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited 8411 Preston Road suite 870 Dallas, TX 75225 hereby called SELLER, agrees to SELL and Fafard Real Estate and Development Corp., or Nominee 290 Eliot Street, Ashland, MA 01721 hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises: |
| 2. | **DESCRIPTION** *(fill in and include title reference)* | Those three (3) parcels of land in Ashland, Middlesex County, Massachusetts, shown as Lots 12 and 6B (9.6 Acres) and a portion of lot 11 (10 Acres) on the Plan attached hereto and incorporated herein by reference as Exhibit A. For title see Certificate # 194925 and 189907 Middlesex South District of the Land Court. |
| 3. | **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES** *(fill in or delete)* | Included in the sale as part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith. |
| 4. | **TITLE DEED** *(fill in)* *Include here by specific reference any restrictions, easements, rights and obligations in party walls not included in (b), leases, municipal and other liens, other encumbrances, and make provision to protect SELLER against BUYER's breach of SELLER's covenants in leases, where necessary.* | Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except<br>(a) Provisions of existing building and zoning laws;<br>(b) Existing rights and obligations in party walls which are not the subject of written agreement;<br>(c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;<br>(d) Any liens for municipal betterments assessed after the date of this agreement;<br>(e) Easements restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the of said premises for residential development. |
| 5. | **PLANS** | If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration. New Subdivision of Plan 16849 provided by Seller. |
| 6. | **REGISTERED TITLE** | In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title. |

Halcomb 2/1/05
Exhibit No. 8
LISA A. MOREIRA

FA 00059

7. **PURCHASE PRICE** *(fill in; space is allowed to write out the amounts if desired)*

The agreed purchase price for said premises is $339,000.00                          Dollars, of which

$ 33,900.00     have been paid as deposit this day and
$ 305,100.00    are to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's or bank check(s).

$ _____
$ 339,000.00    TOTAL

8. **TIME FOR PERFORMANCE; DELIVERY OF DEED** *(fill in)*

Such deed is to be delivered at See Addendum at the Middlesex South Registry of Deeds, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement.

9. **POSSESSION AND CONDITION OF PREMISES** *(attach a list of exceptions, if any)*

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to inspect said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of the clause.

10. **EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM** *(Change period of time if desired).*

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then the SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty 30 days.

11. **FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM, etc.**

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, then any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease this agreement shall be void without recourse to the parties hereto.

12. **BUYER'S ELECTION TO ACCEPT TITLE**

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title. Except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either

(a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or

(b) if a holder of mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration.

13. **ACCEPTANCE OF DEED**

The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

14. **USE OF MONEY TO CLEAR TITLE** — To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed.

15. **INSURANCE** *(Insurance amount (list additional types of insurance and amounts as agreed))* — Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

    | Type of Insurance | Amount of Coverage |
    |---|---|
    | a) Fire and Extended Coverage | *$ as presently insured |
    | b) | |

16. **ADJUSTMENTS** *(list operating expenses, if any, or attach schedule)* — Water and sewer use charges, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed.

17. **ADJUSTMENT OF UNASSESSED AND ABATED TAXES** — If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

18. **BROKER'S FEE** *(fill in fee amount with dollar amount or percentage; also name of brokerage (fill in name))*

19. **BROKER(S) WARRANTY** *(fill in name)*

20. **DEPOSIT** *(fill in name)* — All deposits made hereunder shall be held in escrow by Paul J. Beattie as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement.

21. **BUYER's DEFAULT; DAMAGES** — If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages and provided, however, that Buyer retains right to Specific Performance in event of Seller default.

22. **RELEASE BY HUSBAND OR WIFE**

23. **BROKER AS PARTY**

24. **LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc.**  
If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

25. **WARRANTIES AND REPRESENTATIONS (fill in): If none, state "none"; if any listed, indicate by whom each warranty or representation was made**  
The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s): See Addendum

26. **MORTGAGE CONTINGENCY CLAUSE (omit if not provided for I Offer to Purchase)**

27. **CONSTRUCTION OF AGREEMENT**  
This instrument, executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it.

28. **LEAD PAINT LAW**

29. **SMOKE DETECTORS**

30. **ADDITIONAL PROVISIONS**  
The initialed riders, if any, attached hereto, are incorporated herein by reference.  
See Addendum

*[signature]*

FA 00062

## EXHIBIT B
## PURCHASE AND SALE AGREEMENT
SELLER:   METRO BOSTON BROADCASTING INC., GENERAL PARTNER
TOWER SITES LIMITED

BUYER:   FAFARD REAL ESTATE AND DEVELOPMENT CORP. OR NOMINEE
PROPERTY:   ASHLAND, MASS.

The above referenced Buyer and Seller hereby agree that this Rider is attached to and incorporated by reference in the Purchase and Sale Agreement between the same said Parties, concerning the above referenced Property and contains additional conditions to which said agreement and sale is subject to. Such conditions and provisions are made an integral part of said agreement, as fully and completely as if the conditions contained herein were directly included in said Purchase and Sale Agreement.

The Buyer and Seller agree that the sale of the Ashland, MA. Parcel shall be subject to Buyer's receipt of a clean M.G.L. Chapter 21 E Phase I site assessment, and all necessary Federal, State and Local permits (including, but not limited to subdivision approval, building permits, sewer extension and connection permits, water connection permits, order of conditions, etc.) with conditions, if any, as are satisfactory to the Buyer, thereby allowing the Buyer to have its intended use or uses approved for the subject premises. This contingency of the sale shall not be considered met until such permits, and approvals with satisfactory conditions, are issued and until the passage of the statutory appeal period, with no appeals being taken. All permits and approvals shall be secured at Buyer's expense on or before January 31, 2002. Buyer shall give quarterly reports during term of Agreement as to status of permits and approvals sought. Closing to occur thirty (30) days after receipt of all permits or February 28, 2002 whichever is earlier.

In the event that any such permit or approval is denied or is issued with conditions unsatisfactory to the Buyer, or is appealed, upon notice to the Seller, this agreement shall be rendered void and without recourse to the parties hereto, and any deposits then being held shall be returned to the Buyer, in Full, forthwith. Seller shall obtain all permitting and engineering work performed by Buyer in the event Buyer terminates this transaction.

Buyer may petition the Ashland Town Meeting to straighten the Zoning boundary line between residential and industrial zone on Seller's land. Buyer will locate existing guy wire or plan and determine whether easement or relocation is necessary.

PJBS/RIDER

FA 00063

EXHIBIT A

16849

**SUBDIVISION PLAN OF LAND IN ASHLAND**
Mac Carthy & Sullivan Engineering Inc., Surveyors
July 23, 1980

Subdivision of Part of Lot 7
Shown on Plan 16849
Copy of Plan No. 44300
Registry District of Middlesex County

Middlesex South Registry District
APR 6 1981
RECEIVED FOR REGISTRATION
Abutters are shown as on original decree plan.

FA 00064

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED
LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

*[signature]*
SELLER (or spouse) MARY KELLER MALLOY, PRESIDENT
MITER BOSTON REGISTRATIONS, INC.   GEN PARTNER, TOWER SITES, GP
*[signature]*
BUYER   [illegible] as Nominee

_____N/A_____
Broker(s)

```
                    EXTENSION OF TIME FOR PERFORMANCE
The time for the performance of the foregoing agreement is extended until _____ o'clock
___M. on the _____ day of _____ 2____, time still being of the essence of this
agreement as extended.
This extension, executed in multiple counterparts, is intended to take effect as a sealed instrument.


_____        _____
SELLER (or spouse)                    SELLER

_____        _____
BUYER                                 BUYER
                            Broker(s)
```

pjb/i/rps

FA 00065

Location: Sewell St. Ashland, MA

2/1/05
Halcomb
Exhibit No. 32
LISA A. MOREIRA

## Extension For Purchase and Sale Agreement

Permit and Approval date extended to December 3, 2003 and the time for performance under the Purchase and Sale Agreement dated 30 January 2001 for the above mentioned property between <u>Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited</u> and <u>Fafard Real Estate and Development Corp. or Nominee</u> is extended to ~~December 10, 2003.~~ December 3, 2003

In the event that transaction contemplated by the Agreement does not occur due to no fault of Seller, the deposit shall be delivered to the Seller and the transaction shall terminate.

This extension, executed in duplicate, is intended to take effect as a sealed instrument.

EXTENSION GRANTED:

_____    11/20/03
SELLER                                          DATE

_____    11/19/03
BUYER                                           DATE

Both parties acknowledged that if permits can be obtained earlier, closing can take place at an earlier date.

*Parties acknowledge that a surveyor legal defined plan needs to be constructed. [initials] acknowledging the zoning boundaries.*

F:/forms/extpds

MB00087

12/01/2003  13:51    5088758610              FRE BUILDING                    PAGE  01/02

# FAFARD REAL ESTATE & DEVELOPMENT CORP.
## 290 ELIOT STREET
## ASHLAND, MA 01721

Halcomb 2/1/05
Exhibit No. 34
LISA A. MOREIRA

# FAX

To: Janice Hannert
From: Mary Halcomb

| | |
|---|---|
| Date: | 12-1-03 |
| Number of pages including cover sheet: | 2 |

**To:** Mary Heller Halcomb, President
Metro-Boston Broadcasting, Inc., General partner
Tower Sites Limited
8411 Preston Rd. Suite 870
Dallas TX 75225

Phone: 214-691-2545
Fax phone: 214-691-3872
CC:

**From:** Janice Hannert

Phone: (508) 881-1600
Fax phone: (508) 875-8610

PP/-1485

**REMARKS:**  ☐ Urgent    ☐ For your review    ☐ Reply ASAP    ☐ Please comment

Mary:

I tried to call today about the status of the survey but could not get in touch with you.

Please find a short extension of the Purchase and Sale Agreement for your Ashland property.

Please sign the extension and fax it back to me.

MB00091

Location: Sewell St. Ashland, MA

### Extension For Purchase and Sale Agreement

Permit and Approval date extended to December ~~19,~~ *mass 10,* 2003 and the time for performance under the Purchase and Sale Agreement dated 30 January 2001 for the above mentioned property between <u>Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited</u> and <u>Fafard Real Estate and Development Corp. or Nominee</u> is extended to December ~~19,~~ *mass 10,* 2003.

In the event that transaction contemplated by the Agreement does not occur due to no fault of Seller, the deposit shall be delivered to the Seller and the transaction shall terminate.

This extension, executed in duplicate, is intended to take effect as a sealed instrument.

EXTENSION GRANTED:

_____     12/02/03
SELLER                               DATE

_____     12/1/03
BUYER                                DATE

Both parties acknowledged that if permits can be obtained earlier, closing can take place at an earlier date.

F:/thrms/extp&s

MB00092

12/08/2003  10:40

# FAFARD REAL ESTATE & DEVELOPMENT CORP.
## 290 ELIOT STREET
## ASHLAND, MA 01721



Exhibit No. 35
LISA A. MOREIRA

# FAX

To: *Janica Hannert*
From: *Mary Halcomb*

Date: 12-8-03

Number of pages including cover sheet: 2

To: Mary Heller Halcomb, President
Metro-Boston Broadcasting, Inc., General partner
Tower Sites Limited
8411 Preston Rd. Suite 870
Dallas TX 75225

Phone: 214-691-2545
Fax phone: 214-691-3872
CC:

From: Janice Hannert

Phone: (508) 881-1600
Fax phone: (508) 875-8610

REMARKS:  ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please comment

Mary:

I tried to call you today about the status of Sewell Street. We are ready to close as soon and the survey and title issues are done.

Please find a short extension of the Purchase and Sale Agreement for your Ashland property.

Please sign the extension and fax it back to me.

MB00093

Location: Sewell St. Ashland, MA

## Extension For Purchase and Sale Agreement

Permit and Approval date extended to December 19, 2003 and the time for performance under the Purchase and Sale Agreement dated 30 January 2001 for the above mentioned property between <u>Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited</u> and <u>Fafard Real Estate and Development Corp. or Nominee</u> is extended to December 19, 2003.

In the event that transaction contemplated by the Agreement does not occur due to no fault of Seller, the deposit shall be delivered to the Seller and the transaction shall terminate.

This extension, executed in duplicate, is intended to take effect as a sealed instrument.

EXTENSION GRANTED:

_[signature]_       15/08/03
SELLER           DATE

_[signature]_ 40      12-8-03
BUYER           DATE

Both parties acknowledged that if permits can be obtained earlier, closing can take place at an earlier date.

F://forms/extp&s

FAFARD REAL ESTATE & DEVELOPMENT CORP.

290 ELIOT STREET

ASHLAND, MA 01721



Halcomb 2/1/05
Exhibit No. 36
LISA A. MOREIRA

# FAX

Date: 1-14-04

Number of pages including cover sheet: 2

| To: Mary Heller Halcomb, President | From: Janice Hannert |
|---|---|
| Metro-Boston Broadcasting, Inc., General partner | |
| Tower Sites Limited | |
| 8411 Preston Rd. Suite 870 | |
| Dallas TX 75225 | |
| Phone: 214-691-2545 | Phone: (508) 881-1600 |
| Fax phone: 214-691-3872 | Fax. phone: (508) 875-8610 |
| CC: | |

REMARKS:   ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please comment

Mary:

I tried to call you today about the status of Sewell Street. Is there any progress on the survey and title issues?.

Please find a short extension of the Purchase and Sale Agreement for your Ashland property.

Please sign the extension and fax it back to me.

MB00102

Location: Sewell St. Ashland, MA

## Extension For Purchase and Sale Agreement

Permit and Approval date extended to January 30, 2004 and the time for performance under the Purchase and Sale Agreement dated 30 January 2001 for the above mentioned property between <u>Metro-Boston Broadcasting, Inc., General Partner, Tower Sites Limited</u> and <u>Fafard Real Estate and Development Corp. or Nominee</u> is extended to January 30, 2004.

In the event that transaction contemplated by the Agreement does not occur due to no fault of Seller, the deposit shall be delivered to the Seller and the transaction shall terminate.

This extension, executed in duplicate, is intended to take effect as a sealed instrument.

EXTENSION GRANTED:

_[signature]_      1-15-04
SELLER     DATE

_[signature]_      1-14-04
BUYER     DATE

Both parties acknowledged that if permits can be obtained earlier, closing can take place at an earlier date.

F:/forms/extp&s