UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
**FAFARD REAL ESTATE &**                  )
**DEVELOPMENT CORP.,**                    )
                                                    )
    Plaintiff and Defendant-In-Counterclaim,   )
                                                    )
vs.                                                 )   CIVIL ACTION
                                                    )   NO. 04-11531-RGS
**METRO-BOSTON BROADCASTING,**   )
**INC.,**                                         )
                                                    )
    Defendant and Plaintiff-In-Counterclaim,   )
_____ )

**DEFENDANT'S MOTION FOR ENTRY OF SEPARATE
JUDGMENT ON COMPLAINT OR, ALTERNATIVELY,
TO SEVER COMPLAINT FROM COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 54(b) and Mass. Gen. Laws c. 184 § 15(c) (last sentence), defendant moves for an express finding that there is no just reason for delay and for an express direction to the clerk to enter a partial final judgment for defendant dismissing the complaint with prejudice. Alternatively, pursuant to Fed. R. Civ. P. 21 (last sentence), defendant moves to sever the complaint from the counterclaim and for entry of final judgment for defendant dismissing the complaint.

As grounds for this motion, defendant says that: (a) although the grounds for entry of a Rule 54(b) certificate are narrow, this case more than qualifies, especially in light of the lis pendens statute, which mandates the entry of a partial final judgment when, in a multi-claim case, the Court has found that the claim for specific performance must be dismissed; (b) in the absence of a Rule 54(b) certification, the commencement and resolution of Fafard's appeal from the dismissal of the complaint will be delayed until the counterclaim is adjudicated; (c)

the delay is prejudicing Metro-Boston because, until Fafard either waives or exhausts its rights of appeal, the lis pendens memorandum is preventing Metro-Boston from selling or refinancing the subject property; and (d) judgment should enter on the complaint to achieve the objectives of previous case management orders, including the order for a separate trial, and to ensure that, in the trial of the counterclaim, issue preclusive effect is given to this Court's adjudication of the complaint.  In the event the Court concludes that it cannot or should not issue a Rule 54(b) certificate, the Court should sever the complaint from the counterclaim under Rule 21 (last sentence) and enter judgment dismissing the complaint.  Such a severance and entry of judgment would be fully consistent with and supported by the reasons set forth in Fafard's own previously-granted motion to hold separate trials, would eliminate delay and thereby avoid undue prejudice to Metro-Boston, and would allow the doctrine of issue preclusion to take effect.

In support of this motion, Metro-Boston relies on the accompanying affidavit of Mary Halcomb and the accompanying memorandum of law.

      METRO-BOSTON BROADCASTING, INC.

      By its attorneys,

      /s/ Kenneth R. Berman_____
      Kenneth R. Berman (BBO #040320)
      Erik P. Bartenhagen (BBO #640003)
      Nutter McClennen & Fish LLP
      World Trade Center West
      155 Seaport Boulevard
      Boston, Massachusetts 02210
      (617) 439-2000

Dated:  September 20, 2005

- 3 -

## Local Rule 7.1 Certificate

I certify that on September 15, 2005, I conferred with counsel for plaintiff Halye Sugarman in a good faith attempt to narrow or resolve the issues presented by this motion.

/s/ Kenneth R. Berman
Kenneth R. Berman

## Certificate Of Service

I certify that I served this document today on opposing counsel by hand.

/s/ Kenneth R. Berman
Kenneth R. Berman

1464265.1