UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP.,<br><br>    Plaintiff and Defendant-In-Counterclaim,<br><br>vs.<br><br>METRO-BOSTON BROADCASTING, INC.,<br><br>    Defendant and Plaintiff-In-Counterclaim, | CIVIL ACTION<br>NO. 04-11531-RGS |

## AFFIDAVIT OF MARY HELLER HALCOMB IN SUPPORT OF DEFENDANT'S MOTION FOR ENTRY OF SEPARATE JUDGMENT ON COMPLAINT OR, ALTERNATIVELY, TO SEVER COMPLAINT FROM COUNTERCLAIM

I, Mary Heller Halcomb, depose and say:

1. I am the president of defendant Metro-Boston Broadcasting, Inc., which is the general partner of Tower Sites Limited Partnership a/k/a Tower Sites, Ltd. ("Tower Sites").

2. Tower Sites owns land in Ashland, Massachusetts (the "Property"), a portion of which has been in dispute in this lawsuit. The dispute involved a purchase and sale agreement Tower Sites entered into with the plaintiff Fafard Real Estate Development Corp. ("Fafard") on January 30, 2001 (the "Fafard P&S Agreement").

3. On May 24, 2004, three days after the expiration of the last extension to the Fafard P&S Agreement, Tower Sites accepted an offer from Carruth Capital, LLC and its president, Christopher Egan, to purchase the Property. This offer to purchase ultimately led to the execution on or about July 28, 2004 of a Real Estate Purchase Agreement between Tower Sites and Egan Communications, LLC (hereinafter, the "Egan P&S Agreement").

4. In the meantime, however, Fafard had filed a Verified Complaint for specific performance and for breach of contract on June 2, 2004 related to the Fafard P&S Agreement.

On July 8, 2004, Fafard also obtained an endorsement of its memorandum of lis pendens, which it promptly recorded.

5. The memorandum of lis pendens has effectively prevented Tower Sites from selling or refinancing that portion of the Property in dispute.

6. As a result of delay caused by this litigation and Fafard's lis pendens, Mr. Egan withdrew his offer for the Property.

7. Tower Sites needs to be in a position to be able to sell the Property when a new buyer is ready to buy it. The continued presence of a memorandum of lis pendens on the land is preventing such a sale from occurring.

8. We are now in a rising interest rate environment. This can be expected to have a depressive effect on value, make the property less attractive to prospective buyers, and make it more difficult for Tower Sites to find another buyer willing to purchase the land at the same price set forth in the Egan P&S Agreement. Rising interest rates also make it more expensive for Tower Sites to borrow against the land. Tower Sites will now have to continue to pay property taxes and incur the liability and business risks associated with maintaining this property, with no protection against continued weaknesses in the economy and no assurance that any future deal will be a fair substitute for the deal Tower Sites had with Mr. Egan. Any further delay would only exacerbate such economic hardships.

9. Tower Sites has identified a potential new purchaser of the Property, but negotiations are at a preliminary stage. Tower Sites' ability to negotiate the best price possible for the Property with this potential new purchaser and ultimately to convey the Property is being compromised by the continued presence of the memorandum of lis pendens on the land's record title.

SIGNED under the penalties of perjury this /9/6 day of September, 2005.

*[signature]*
Mary Heller Halcomb