UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP. | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | NO. 04-11531-RGS |
| | ) ) ) | |
| METRO-BOSTON BROADCASTING, INC., | ) ) | |
| Defendant. | ) ) ) | |

**MOTION OF FAFARD REAL ESTATE AND DEVELOP CORP. TO
RECONSIDER AND AMEND FINDINGS**

Pursuant to Federal Rules of Civil Procedure 52(b), Plaintiff Fafard Real Estate &

Development Corp. ("Fafard") respectfully moves to reconsider and to amend the Court's

Findings of Fact and Conclusions of Law dated August 26, 2005. As set forth in the

accompanying Memorandum, reconsideration and amendment of findings are appropriate

for multiple reasons.

First, as time was not of the essence under the P&S Agreement, as a consequence

of the multiple extensions agreed to by the parties, the agreement was not extinguished

by the expiration of the last such extension and Fafard was privileged to revoke any prior

repudiation, had such been made, and seek, by timely action, to enforce the agreement by

specific performance. Moreover, a finding of repudiation requires a definite and

unequivocal statement of an intent not to perform, which the evidence does not support in

this case.

Second, reconsideration and amendment is appropriate to correct certain findings of fact which demonstrate that Fafard was ready, willing, and able to close on the land transaction and communicated that willingness to Metro-Boston. Specifically, record evidence demonstrates that Fafard told Metro-Boston it was willing to close without Sewell Street and without first obtaining its permits and approvals for its development. Record evidence further supports a finding that Fafard appeared at the Registry of Deeds on May 21 ready to close and with authority to close. Metro-Boston, however, was unable to perform on May 21 because it never prepared a new Land Court subdivision plan for Lot 11, which was necessary for the conveyance of the ten-acre portion of Lot 11.

Third, the Court overlooked a significant issue of law with respect to the conveyance of registered land, which is at issue here. Specifically, Massachusetts Land Court rules require a seller who seeks to convey less that a full lot of registered land, that the seller first obtain Land Court approval of a new subdivision for that parcel of land. It is uncontested that Metro-Boston never performed this necessary step. Therefore, Metro-Boston was unable to close on May 21, 2004, and as a result, Fafard need not have tendered performance on May 21 to obtain specific performance. Accordingly, the Court's finding of a "sham closing" by Fafard is irrelevant and Fafard is entitled to specific performance.

Respectfully submitted,


FAFARD REAL ESTATE &
DEVELOPMENT CORP.


By its attorneys,


Jeffrey J. Upton (BBO#552221)
Halye A. Sugarman (BBO#646773)

HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400


DATED: September 26, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey J. Upton, certify that on September 26, 2005, I served a copy of the foregoing Motion Fafard Real Estate and Development Corp. to Reconsider and to Amend Findings, by hand on:

Kenneth Berman, Esq.
Nutter McClennan & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02110

_____
Jeffrey J. Upton

## RULE 7.1 CERTIFICATE

I, Jeffrey J. Upton, certify that I have in good faith conferred with counsel for the Defendant in an attempt to resolve or narrow the issues presented in this Motion.

_____
Jeffrey J. Upton