UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> vs. <br><br> METRO-BOSTON BROADCASTING, INC., <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. A. No. 04-11531-RGS |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF SEPARATE JUDGMENT ON COMPLAINT OR, ALTERNATIVELY, TO SEVER COMPLAINT FROM <u>COUNTERCLAIM</u>**

<u>BACKGROUND</u>

At a bench trial, the Court made findings of fact and rulings of law that led it to deny the claim of the plaintiff, Fafard Real Estate & Development Corp. ("Fafard"), for specific performance of a purchase and sale agreement for land. The defendant, Metro-Boston Broadcasting, Inc ("Metro-Boston"), has asserted counterclaims for abuse of process, violations of Chapter 93A, and other causes of action, all of which allege, in substance, that Fafard's claim and its request for a memorandum of lis pendens were wrongful or frivolous. The counterclaims are yet to be tried. Metro-Boston now seeks to circumvent the strong policy against piecemeal appeals by obtaining a separate judgment under Rule 54(b) or severance under Rule 21. The Court lacks discretion to grant the motion, because Fafard's motion to amend the findings of fact is still pending. Even if the Court had discretion, Metro-Boston's weak claims for an exception to the usual principles supporting judicial economy would hardly be enough to support a separate judgment. For the following reasons, the motion should be denied.

ARGUMENT

A.    The Court Should Not Enter A Separate Judgment

Under Rule 54(b), a judgment on fewer than all of the claims may enter only upon "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Court must first inquire whether its findings of facts and rulings of law disposed of all of the rights and liabilities of at least one party as to at least one claim. Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996). If so, the Court must then consider the interrelationship or overlap among the legal and factual issues in the claim that is to go to judgment and the remaining claims; and the equities and efficiencies implicated by the piecemeal review. Id. The Court must also weigh the "strong judicial policy disfavoring piecemeal appellate review …by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap—to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact to the detriment of judicial efficiency." Id. (emphasis in the original).

In this case, Metro-Boston cannot make either showing. First, while the Court made findings of fact and rulings of law that, if not vacated or amended, would dispose of Fafard's claim for specific performance, Fafard has moved for reconsideration and amendment of the findings. "[A] district court has the power to enter a Rule 54(b) judgment only if the adjudication is a 'final decision' under [28 U.S.C.] § 1291, but is not immediately appealable solely because of pending, unadjudicated claims in the district court." 10 James W. Moore, Moore's Federal Practice § 54.22[2][a][i] (3d ed. 2005). Where one party seeks a Rule 54(b) certification, it is instructive, therefore, to consider whether the order to be appealed would count as a final decision under § 1291 if it were the only claim in a hypothetical independent case. See State Street Bank & Trust Co. v. Brockrim, Inc., 87 F.3d 1487, 1490 (1st Cir. 1996). In the

hypothetical case in which Metro-Boston had not asserted a counterclaim, even if the Court had entered judgment on Fafard's claim on its findings of fact and rulings of law, the judgment would not be immediately appealable pending disposition of Fafard's motion to amend the findings. See Fed. R. App. P. 4(a)(4)(A)(ii), 4(a)(4)(B). It follows that Metro-Boston's Rule 54(b) motion is premature. This alone is dispositive of the Rule 54(b) issue.

Second, nothing about this case comes remotely close to outweighing the "strong judicial policy" against piecemeal appeals noted above. Metro-Boston's counterclaim is intimately related to Fafard's claim. In essence, Fafard sought specific performance of a purchase and sale agreement for land, and the counterclaim accuses of Fafard of "abuse of process, interference with advantageous relations, and violations of Chapter 93A arising from the assertion by defendant-in-counterclaim of groundless or unmeritorious litigation to cloud title to land owned by plaintiff-in-counterclaim and thereby interfere with the ability of plaintiff-in-counterclaim to sell the land to third parties." (Countercl. ¶ 1). In other words, Metro-Boston's counterclaim is premised on the supposed lack of merit of Fafard's claim. Not only do the claim and the counterclaim overlap; they overlap substantially. If Fafard is successful on appeal, then Metro-Boston's counterclaims will necessarily fail.

Even considering prejudice, which is arguably the strongest argument Metro-Boston has to offer, nothing about this case suggests the kind of hardship that would support a Rule 54(b) certification. In Nichols v. Cadle Co., 101 F.3d 1448 (1st Cir. 1998), the First Circuit dismissed an appeal for want of jurisdiction following a Rule 54(b) judgment where the grounds for the separate judgment included the desirability of discharging a lis pendens. As in the instant case, the claim and counterclaim in Nichols (claim on a mortgage note on the one hand, breach of agreement to forebear, violation of Chapter 93A, etc. on the other) were essentially two sides of

the same coin. Metro-Boston argues that Nichols should be distinguished because there was no evidence of prejudice in that case. But the only conceivable reason the property owner in Nichols could have desired discharge of a lis pendens is the same reason Metro-Boston asserts here, namely the desire to restore the marketability of the property. Nichols, then, provides a strong basis for rejecting Metro-Boston's arguments here.

Fafard points to G.L. c. 184, § 15(c), which provides:

> In the event there are un-adjudicated claims remaining after the dismissal of any claim pursuant to which the memorandum of lis pendens was recorded, the court shall order the entry of partial judgment with respect to the claim dismissed pursuant to this section.

Fafard asserts without argument that "The lis pendens statute is substantive law for Erie purposes" (Br. at 6 n.3). The Court did not address Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), in its decision denying Metro-Boston's special motion to dismiss under another provision of § 15(c). It is clear on the face of the statute, however, that whatever the Erie status of the portions of § 15(c) providing for a special motion to dismiss, the provision of the statute requiring entry of partial judgment is procedural and does not govern in federal court. In Hanna v. Plumer, 380 U.S. 460, 463-64 (1965), the Court held that where a state rule conflicts with the Federal Rules of Civil Procedure, the federal rule applies unless its application would violate the Constitution or the Rules Enabling Act, 28 U.S.C. § 2072. Here, there is a clear conflict between Rule 54(b) and the procedural portion of the lis pendens statute, and Metro-Boston has not even suggested that application of Rule 54(b) here is unconstitutional or violates the Rules Enabling Act. Therefore the Massachusetts statute is of no help to Metro-Boston.[1]

---

[1] Note that there is no such conflict between the Rules of Civil Procedure and the Massachusetts anti-SLAPP statute. Therefore, the outcome in the two cases may well differ.

B.  The Court Should Not Sever The Claim From The Counterclaim

Under Rule 21, "Any claim against a party may be severed and proceeded with separately." The purpose of Rule 21 is to permit the court to proceed with claims separately. Metro-Boston has cited no authority for the proposition that Rule 21 severance is appropriate where one claim has already been tried. Nor does it cite any authority for the proposition that a party may make an end-run around the strict limitations of Rule 54(b) by asking the Court to sever the claim where the party fears it will be unable to persuade the Court to enter a separate judgment under Rule 54(b). Fafard knows of no cases that would permit a party to eviscerate the limitations of Rule 54(b) in this way. The Court should therefore deny the request for severance.

C.  Issue Preclusion Provides No Grounds For A Separate Judgment Or Severance

Metro-Boston argues that unless the Court enters a separate judgment or severs the claim, the Court's findings of fact and rulings of law will not have issue preclusive effect in the trial of the counterclaim. This is a surprising argument, since it only highlights the factual and legal overlap between the claim and the counterclaim and thus shows the weakness of Metro-Boston's argument that it is entitled to entry of a separate judgment. On the merits, Metro-Boston's argument is specious because it gets the issue precisely backwards. The true rule is that a party is entitled to the benefits of issue preclusion if the court properly enters a separate judgment under Rule 54(b). Metro-Boston turns that principle on its head, arguing that a party is entitled to a separate judgment because it would like to have the benefit of issue preclusion.

In any case, since the same judge who ruled on Fafard's claim will rule on the counterclaims, the Court will be in a good position to police any unfairness that Metro-Boston could conceivably suffer. See Pure Distribs., Inc. v. Baker, 285 F.3d 150, 156-57 (1st Cir. 2002).

5

## CONCLUSION

For the foregoing reasons, the Court should deny Metro-Boston's motion for entry of a separate judgment or to sever.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.

By its attorneys,

/s/ Theodore J. Folkman
Jeffrey J. Upton (BBO#552221)
Halye A. Sugarman (BBO#646773)
Theodore J. Folkman (BBO#647642)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

Dated: October 3, 2005

438749