UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11531-RGS

FAFARD REAL ESTATE & DEVELOPMENT CORP.

v.

METRO-BOSTON BROADCASTING, INC.

MEMORANDUM AND ORDER ON DEFENDANT FAFARD
REAL ESTATE & DEVELOPMENT CORP.'S MOTION TO
RECONSIDER AND AMEND FINDINGS

October 24, 2005

STEARNS, D.J.

Upon review of the motion to reconsider and the accompanying memorandum, as well as the opposition filed by defendant Metro-Boston Broadcasting, Inc., the court is more persuaded than ever that its ultimate conclusions are correct. At the end of the day, Fafard was not prepared to close on the parcel without first obtaining concessions on the Sewall Street issue. It made the clandestine foray to the Registry on May 21, 2004, to bring pressure on Metro-Boston in that regard.[1] If Fafard had genuinely intended to close, it would have given Metro-Boston reasonable notice of its intent to do so despite the

---

[1] The court gave no credence to the November 11, 2003 statement by Fafard (assuming that contrary to Halcomb's recollection the statement was made) that it was no longer "holding up the closing to obtain permits." Moreover, even assuming that the reference to "permits" was intended to encompass more than the term implies, every subsequent communication to Metro-Boston stressed the "need to resolve the access issue out to Sewall Street." As the court concluded: "No reasonable person in Halcomb's position would have understood the coupling of the Sewall Street issue with a request to postpone the closing date as meaning anything but that the closing was contingent on Fafard's obtaining access to Sewall Street."

absence of an agreement on Sewall Street.  Had Fafard made clear that it was no longer insisting on the Sewall Street contingency, it would have been open to Metro-Boston to invoke the 30-day extension for performance.[2]  Consequently, the motion to reconsider is DENIED.[3]

                              SO ORDERED.

                              /s/ Richard G. Stearns

                              _____
                              UNITED STATES DISTRICT JUDGE

---

[2] Fafard makes the curious argument that it was entitled to possession of the property on May 21, 2004, even though (according to Fafard) "Metro-Boston was barred by [Land Court] law from conveying any title whatsoever" (and could not have cured the deficiency during the 30-day extension).  If such were the case, under the terms of the Purchase & Sale Agreement the deal would have dissolved, and with it any right on the part of Fafard to demand specific performance.

[3] Metro-Boston correctly points out that Fafard's previously unarticulated theory that time was not really of the essence is inappropriately raised by way of a Rule 52(b) motion. See Diocese of Winona v. Interstate Fire & Cas. Co., 89 F.3d 1386, 1397 (8th Cir. 1996).