UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**FAFARD REAL ESTATE &**            )
**DEVELOPMENT CORP.,**              )
                                    )
      **Plaintiff,**  )
                                    )
vs.                                 )   CIVIL ACTION NO. 04-11531-RGS
                                    )
**METRO-BOSTON BROADCASTING,**      )
**INC.,**                           )
                                    )
      **Defendant,** )
_____ )

### REQUEST FOR RULING ON DEFENDANT'S MOTION
### FOR ENTRY OF SEPARATE JUDGMENT OR, ALTERNATIVELY, TO SEVER

**Defendant requests a ruling on its previously filed motion for entry of separate judgment on the complaint, or alternatively, to sever the counterclaim from the complaint, and requests that, if the motion is granted, the counterclaim be stayed pending exhaustion of plaintiff's appeal from this Court's August 26, 2005 order dismissing plaintiff's claim for specific performance. As grounds for this request, defendant states:**

    1.    **Despite the Court's denial of plaintiff's motion to amend findings, the parties have been unable to reach a settlement of this dispute. Instead, plaintiff has advised defendant that plaintiff intends to move for summary judgment on the counterclaim,[1] presumably because, in the present procedural posture, plaintiff needs to dispose of the counterclaim before it can appeal the Court's decision dismissing plaintiff's claim for specific performance.**

---

[1] At the status conference on September 21, 2005, plaintiff's counsel stated in open court that, if plaintiff's motion to amend findings or for reconsideration were denied, he would recommend that his client waive its appellate rights in exchange for a waiver of the counterclaim. However, after denial of that motion, and notwithstanding the apparent advice of plaintiff's counsel, plaintiff's counsel recently notified defendant's counsel that plaintiff intends to move for summary judgment on the counterclaim, rather than waive its appellate rights in exchange for a waiver of the counterclaim.

2. **Because plaintiff is intent on pursuing an appeal, defendant believes it would make more sense for the Court (i) to grant defendant's motion for entry of separate judgment or to sever, thereby allowing plaintiff's appeal to proceed immediately, and (ii) to stay the counterclaim pending the outcome of the appeal. The logic of this approach is compelling:**

   a. **If the Court authorizes an immediate appeal while staying the counterclaim, and if plaintiff wins the appeal and ultimately wins specific performance of the purchase and sale agreement (either on appeal or on remand), plaintiff's victory on the complaint would in all likelihood pre-empt the counterclaim as a practical matter. This scenario could thus lead to dismissal of the counterclaim without the parties having to incur any legal expense on the counterclaim, or the Court having to spend any time on it.**

   b. **If plaintiff loses the appeal, plaintiff could, at that time, move for summary judgment on the counterclaim, and will not have lost any rights.**

   c. **If the Court does not authorize an immediate appeal or stay the counterclaim, both parties will need to spend thousands of dollars on plaintiff's anticipated motion for summary judgment, before plaintiff can commence its appeal on the specific performance claim.**

   d. **If the motion for summary judgment is denied, the parties will need to spend thousands of additional dollars trying the counterclaim before plaintiff can commence its appeal.**

   e. **Regardless of how the counterclaim is finally disposed of at the trial level, the outcome of the counterclaim could well generate additional appellate issues, thereby multiplying the time and expense associated with an appeal.**

   f. **The likelihood plaintiff will win a summary judgment on the counterclaim is remote, given that the counterclaim turns, in large part, on plaintiff's intent and motivation, state of mind issues not generally appropriate for resolution on**

summary judgment.  Blanchard v. Peerless Ins. Co., 958 F.2d 483, 490 (1st Cir. 1992) (courts are reluctant to permit summary judgment where nonmoving party demonstrates genuine dispute as to credibility of witness whose subjective intent is at issue, particularly where cross-examination offers the only realistic prospect for resolving credibility); Maiorana v. MacDonald, 596 F.2d 1072, 1076-77 (1st Cir.1979) (summary judgment generally inappropriate where state of mind is a material issue).  The counterclaim is a jury claim.  Issues of state of mind will need to be decided by the jury, based largely on circumstantial evidence for the jury to interpret and the jury's assessment of the credibility of plaintiff's witnesses.  Thus, the summary judgment procedure the plaintiff envisions, which itself will be expensive to pursue regardless of the outcome, is not likely to accelerate the commencement of plaintiff's appeal.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

/s/ Kenneth R. Berman
Kenneth R. Berman (BBO #040320)
Erik P. Bartenhagen (BBO #640003)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

November 1, 2005

### Certificate Of Service

I certify that I served this document today on opposing counsel by e-mail.

/s/ Kenneth R. Berman
Kenneth R. Berman

November 1, 2005

1476459.1