UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP.<br><br>Plaintiff,<br><br>vs.<br><br>METRO-BOSTON BROADCASTING, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) NO. 04-11531-RGS<br>)<br>)<br>)<br>)<br>)<br>) |

**FAFARD REAL ESTATE & DEVELOPMENT CORP.'S
MOTION TO STRIKE EXHIBIT G TO THE AFFIDAVIT OF
ERIK P. BARTENHAGEN IN OPPOSITION TO
FAFARD'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Fafard Real Estate & Development Corp. ("Fafard") respectfully submits this Motion to Strike Exhibit G to the Affidavit of Erik P. Bartenhagen In Opposition To Fafard's Motion For Summary Judgment (the "Bartenhagen Affidavit"). As grounds for this Motion to Strike, Farfard submits that Exhibit G to the Bartenhagen Affidavit, is an inadmissible post-trial/pre-judgment settlement communication from Fafard to Metro-Boston.

RELEVANT BACKGROUND

Fafard brought a breach of contract lawsuit and action for specific performance following Metro-Boston's failure to convey real property to Fafard or otherwise satisfy obligations under a January 31, 2001 Purchase and Sale Agreement (the "P&S Agreement"). Metro-Boston counterclaimed for abuse of process, intentional interference with advantageous business relations, and breach of G.L. c. 93A.

Fafard's claims were tried and the trial of Metro-Boston's counterclaims deferred. After trial of Fafard's claims, but before the verdict, Fafard, at Metro-Boston's invitation, made a confidential settlement offer to Metro-Boston. Some time later, judgment entered for Metro-Boston on Fafard's claims.

Fafard then moved for summary judgment respecting all counts of Metro-Boston's Counterclaim. Metro-Boston opposed the Motion For Summary Judgment and discussed and attached Fafard's confidential settlement offer as an Exhibit to its counsel's affidavit, purportedly as evidence of "ulterior motive" on Fafard's part. *See* Metro-Boston's Opposition, at 7-9 and Exhibit G to Bartenhagen Affidavit.

Fafard now moves to strike Exhibit G and any discussion thereof on the ground that it is an inadmissible post-trial/pre-judgment settlement communication.

ARGUMENT

A.   <u>Exhibit G Is An Inadmissible Settlement Communication.</u>

Metro-Boston seeks to slip Fafard's confidential settlement communication,--one that it had expressly invited—into evidence. The law does not allow this. Fed. R. Evid. 408 provides as follows:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

In short, "'[e]vidence of conduct or statements made in compromise negotiations' is inadmissible, except where negativing a contention of undue delay." *Deisenroth v. Numonics Corp.* 997 F. Supp. 153, 157 (D. Mass. 1998)(citing Fed. R. Evid. 408.); *see also LePage v. Bumila*, 407 Mass. 163, 166 (1990)(evidence of an offer of compromise does not constitute admissible evidence); *Silverstein v. Microsystems Software, Inc.*, 65 Mass.App.Ct. 1105, 2005 WL 3149555 (unpublished disposition)(same).[1]

Moreover, it is well established that offers of settlement, such as the one at issue here, are not admissible to prove abuse of process claims. In a section entitled "Forbidden Uses," Wright and Graham note:

> [W]here, in an action for abuse of process, the present plaintiff uses evidence of an offer by the present defendant to settle the prior action for a pittance to show that the defendant had brought the prior action in bad faith, the jury must make an inference as to the offeror's belief in the invalidity of his claim in order to reach the desired conclusion. Therefore, Rule 408 would prohibit the introduction of compromise evidence for this purpose.

Wright & Graham, 23 Federal Practice and Procedure, Compromise and Offers, Forbidden Uses, §5308, p. 244.

### B. Exhibit G Is Not Evidence Of Ulterior Purpose or Bad Faith.

Nevertheless, Metro-Boston would have this Court believe that Fed. R. Evid. 408 does not apply and that Exhibit G admissible because it is evidence of ulterior purpose on Fafard's part. *See* Metro-Boston's Opposition, at 7-9.

---

[1] The cases cited by Metro-Boston do not stand for the proposition that a settlement proposal (Exhibit G to the Bartenhagen Affidavit) is admissible as evidence of an ulterior motive. Here, the settlement proposal was not made "in bad faith" as in *Dow Chemical Co. v. United States*, 250 F.Supp.2d 748, 803 (E.D. Mich. 2003) *mod. By* 278 F. Supp.2d 844 (E.D. Mich. 2003), but rather was made at the invitation of Metro-Boston and was designed only to make Fafard, which believed it had won, whole. Nothing more, nothing less. As such, it was not a "direct demand for collateral advantage." *See Ladd v. Polidoro*, 424 Mass. 196, 198 (1997).

444656                                3

Nothing could be further from the truth.

Here, the post-trial/pre-judgment settlement offer advanced by Fafard to Metro-Boston and set forth in Exhibit G to the Bartenhagen Affidavit was both explicitly sought by Metro-Boston after trial and was made *as an alternative* to the remedy sought in Fafard's Complaint: specific performance of the January 31, 2001 Purchase and Sale Agreement (the "P&S Agreement") as written, which claims had already been tried. In the post-trial/pre-judgment settlement offer, Fafard proposed to accept *less* land than was to be conveyed in the P&S Agreement in exchange for a cash payment to cover the value of the land not conveyed. *See* Exhibit G to Bartenhagen Affidavit. The proposed cash payment was equal to the value that a third party had placed upon the property that would not be conveyed under the settlement proposal. *See id.* At trial, Fafard sought specific performance of the P&S Agreement, or conveyance of the entire property. Fafard would not have received any more value from the proposed settlement agreement than it would have received had specific performance of the P&S Agreement been ordered.

Metro-Boston next asserts that, because Fafard's case resulted in a defense verdict, that is further evidence of a meritless suit. This argument is similarly unavailing. Fafard cannot be found to have knowingly brought a meritless suit where, after trial but before judgment, Fafard made a settlement offer that, on its face, is evidence that Fafard, relying on advice of counsel, believed judgment would enter in its favor. Metro-Boston cannot demonstrate that Fafard intended by its settlement offer anything other than to make itself whole. This is true even in the face of the Court's finding that Fafard failed to prove its case. *Accord Ladd v. Polidoro*, 424 Mass. 196, 200 (1997)("We preserve a distinction between (a) knowingly maintaining a meritless action and obtaining an

attachment and (b) knowingly maintaining a meritless action and obtaining an attachment *in order to further a purpose that the attachment was not designed to accomplish*) (emphasis added).

## CONCLUSION

For the foregoing reasons, Fafard respectfully requests that this Court strike Exhibit G to the Bartenhagen Affidavit as well as any discussion respecting Fafard's settlement proposal in Metro-Boston's Opposition.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.

By its attorney,

_____
Jeffrey J. Upton (BBO#552221)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED: January 27, 2006

444656                               5

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Jeffrey J. Upton, hereby certify that I conferred by email with counsel for Metro-Boston, Kenneth Berman, Esq., on multiple occasions in January 2006, regarding his decision to file the settlement proposal as an exhibit in support of his Opposition to Fafard's Motion For Summary Judgment. Mr. Berman refused to withdraw the exhibit, necessitating this motion.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.

By its attorney,

_____
Jeffrey J. Upton (BBO#552221)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED: January 27, 2006