UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
**FAFARD REAL ESTATE &**              )
**DEVELOPMENT CORP.,**                )
                                      )
    **Plaintiff/Defendant-in Counterclaim**  )
                                      )
vs.                                   )   Civil Action No. 04-11531 RGS
                                      )
**METRO-BOSTON BROADCASTING,**        )
**INC.,**                             )
                                      )
    **Defendant/Plaintiff-in-Counterclaim** )
_____)

### DEFENDANT'S RENEWED SPECIAL MOTION TO DISMISS AND FOR MANDATORY AWARD OF FEES AND COSTS
**[ORAL ARGUMENT REQUESTED]**

Pursuant to Mass. Gen. Laws. c. 184 § 15 (c), defendant renews its special motion to dismiss the complaint, and further moves that defendant be awarded its fees and costs to the fullest extent permitted and mandated by the lis pendens statute, in an amount to be determined after a second hearing.[1]  As grounds for this motion, defendant states that defendant is entitled to this relief by having prevailed at the trial on plaintiff's complaint and because the trial has exposed that the certification in plaintiff's complaint – that "no material facts have been omitted" – was false.  Moreover, an order granting this motion is immediately appealable under G.L.c. 184 § 15 (d), even in the absence of a Rule 54(b) certificate, and therefore

---

[1] If the Court grants this motion, defendant proposes to submit one or more affidavits and legal bills to substantiate the amount of its claim for fees and costs.  This two-step procedure is how fee requests have typically been handled under the statute.  See Waters v. Cook, e If the Court grants this motion, defendant proposes to submit one or more affidavits and legal bills to substantiate the amount of its claim for fees and costs.  This two-step procedure is how fee requests have typically been handled under the statute.  See Waters v. Cook, 2005 WL 2864806 * 9 (Mass. Land Ct. Nov. 2, 2005) (inviting fee petition after allowance of special motion to dismiss); Fountain View Estates Condominium Trust v. Baxendell, 18 Mass.L.Rptr. 158, 2004 WL 1836273 * 3 (Mass. Super. Aug. 10, 2004) (same).  See also Galipault v. Wash rock Investments, LLC, 65 Mass. App. Ct. 73, 76 (2005) (court granted special motion to dismiss, granted attorney's fees and costs, and determined amount of fees and costs "after a presentation of evidence").

granting this motion will help to resolve defendant's need to remove the lis pendens on its property as soon as possible while not being delayed by the pendency of the counterclaim. Further, allowance of this motion will moot the need for a ruling on defendant's pending motion for the entry of a separate judgment or, alternatively, to sever the complaint from the counterclaim.

In support of this motion, defendant relies on the pleadings, the previously filed affidavits, the trial record, and the accompanying memorandum of law.

### REQUEST FOR ORAL ARGUMENT

Defendant requests oral argument on this motion.

METRO-BOSTON BROADCASTING, INC.

By its attorneys,

s/Kenneth R. Berman_____
Kenneth R. Berman (BBO 040320)
Erik P. Bartenhagen (BBO 640003)
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, Massachusetts 02210
(617) 439-2000

February 3, 2006

### Local Rule 7.1 Certificate

I certify that on February 3, 2006, I conferred with counsel for plaintiff in a good faith attempt to narrow or resolve the issues presented by this motion, but was unable to reach agreement.

s/Kenneth R. Berman_____
Kenneth R. Berman

### Certificate Of Service

I certify that I served this document today on opposing counsel by email.

s/Kenneth R. Berman_____
Kenneth R. Berman

February 3, 2006