UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **FAFARD REAL ESTATE & DEVELOPMENT CORP.,**<br><br>Plaintiff/Defendant-in Counterclaim<br><br>vs.<br><br>**METRO-BOSTON BROADCASTING, INC.,**<br><br>Defendant/Plaintiff-in-Counterclaim | Civil Action No. 04-11531 RGS |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS RENEWED SPECIAL MOTION TO DISMISS AND FOR MANDATORY AWARD OF FEES AND COSTS**

**Introduction**

In adopting the 2003 amendments to the lis pendens statute, the legislature manifested an intent – and specifically created a mechanism – to accelerate the removal of a lis pendens memorandum as a cloud on title when a plaintiff's "claim is subject to dismissal based on a valid legal defense." G.L. c. 184 § 15(c). A key feature of that mechanism is the entry of a special order of dismissal, which is immediately appealable, even if there are other claims or counterclaims pending. Id. § 15(d); Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73, 80-81 (2005).[1] For the reasons below, defendant is not only entitled to the relief requested in this motion, but granting this motion would be the most logical and fastest way to

---

[1] Galipault was decided only three months ago, after Metro-Boston filed its motion for the entry of a separate judgment or, alternatively, to sever the complaint from the counterclaim. Galipault supports, if not mandates, the relief requested in this motion. The granting of this motion would moot the need for a ruling on defendant's motion for a separate judgment or for severance.

resolve the title issues created by the lis pendens, and would be the way envisioned by the legislature, given the pendency of defendant's counterclaim.

## Discussion

I.   DEFENDANT'S ENTITLEMENT TO A SPECIAL ORDER OF DISMISSAL

When defendant originally brought its special motion to dismiss, the Court denied it on the ground there were disputed factual issues that needed to be resolved "by a finder of fact after appropriate discovery." Fafard Real Estate & Development Corp. v. Metro-Boston Broadcasting, Inc., 345 F. Supp. 2d 147, 152 (D. Mass. 2005). Now that the fact finder has answered these questions in defendant's favor, the special motion should be allowed. Id. ("The [special] motion [to dismiss] will be allowed if the court finds that the underlying claim . . . is vulnerable to a valid legal defense.").

   A.   **Standard For Granting A Special Motion To Dismiss**

      1.   **A Valid Legal Defense**

The statute provides that:

> The special motion to dismiss *shall* be granted if the court finds that the action or claim is frivolous because . . . the action or claim is subject to dismissal based on a valid legal defense . . . .

G.L. C. 184 § 15 (c) (emphasis added). There is no dispute that plaintiff's claim is now subject to dismissal based on a valid legal defense. Plaintiff's complaint has been tried on the merits. Plaintiff had every opportunity the law allows for presenting evidence to support its complaint, but the findings and rulings of the Court have established that plaintiffs are not entitled to prevail.[2]

---

[2] As the Court's findings and rulings reveal, plaintiffs complaint was subject to the valid defense that plaintiffs failed to comply with conditions precedent (Defendants' Third Affirmative Defense) in that plaintiff was not ready, willing, and able to perform and had not notified defendant of its willingness to close. Plaintiff's (continued . . . )

**Relying on language of the statute that requires a claim to be "frivolous," Fafard is likely to argue that proof of a valid legal defense is not enough to grant a special motion to dismiss. Rather, Fafard is likely to argue that, to grant this motion, the Court must also find Fafard's claim to be "frivolous" in a Rule 11 sense. This is not the statutory standard. The lis pendens statute sets its own standard for what is frivolous.**

**Under the statute, a claim is frivolous "because" of any one of the following factors:**

> **(1) it is devoid of any reasonable factual support; or**
>
> **(2) it is devoid of any arguable basis in law; or**
>
> **(3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds.**

G.L. c. 184 § 15(c). The first two factors seem to adopt a Rule 11-type standard. But the last factor is a statutory standard that the legislature also deemed to be "frivolous," at least for purposes of this statute. A claim is "frivolous *because* . . . [it] is subject to dismissal based on a valid legal defense." Id. (emphasis added). Put another way, a claim is frivolous *within the meaning of the statute* when it is "subject to dismissal based on a valid legal defense." The legislature was free to define "frivolous" as it saw fit by adding this third factor to the list of circumstances that would require the granting of a special motion to dismiss. See In Re Dutil, 437 Mass. 9, 18 (20020 (legislature is free to define medical and scientific terms as it sees fit).

**To the extent Fafard urges a construction of the statute that would require a finding not simply that the claim was subject to a valid legal defense, but was frivolous in a Rule 11 sense**

---

complaint was also subject to the valid defense of estoppel (Tenth Affirmative Defense) in that plaintiff's statements to defendant before May 21, 2004 were found to have induced defendant into believing that plaintiff was not ready, willing, and able to perform without being granted a right of access to Sewall Road, in reliance on which defendant did not appear at the registry of deeds on May 21, 2004 or exercise its right to extend the closing for 30 days.

as well, such a construction would violate a cardinal canon of interpretation. To discern legislative meaning, "[t]he general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that its purpose of its framers may be effectuated." Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73, 80 (2005) (citations omitted).

In adopting this statute, the legislature wanted to provide "a mechanism for expedited removal of an unjustified lis pendens." Wolfe v. Gormally, 440 Mass. 699, 705 (2004). The mischief to be remedied was the presence of clouds on title for protracted periods of time while claims that are destined for failure navigate their way through the courts. The purpose to be accomplished was the swift identification and dismissal of those claims. Once a court determines that a claim is subject to a *valid* legal defense, there is no more justification for keeping that claim alive, or for keeping the title clouded, than there would be if the claim were devoid of a reasonable factual, or arguable legal, basis. The very purpose for entering a special order of dismissal is to accelerate the dismissal of unjustified claims and the taking of an appeal, if there is to be one, so that clouds on title arising from a lis pendens can be resolved as quickly as possible.

Now that Fafard's claim has been tried and Fafard's evidence has been exposed to sunlight and cross-examination, any uncertainty about whether Fafard could win at the trial level, and therefore whether Fafard's claim deserves to linger in the trial court, has been removed. The statutory objective of determining whether Fafard's claim is good or bad, i.e.

whether it is subject to a valid defense, has been achieved, and the title-clearing objective of the statute would be advanced by entering a special order of dismissal.[3]

### 2. Omission Of Material Facts From The Complaint

Another mischief the statute sought to remedy was the apparent ease with which a pleader could cloud someone's title on the strength of nothing more than a mere allegation. Sutherland v. Aolean Dev. Corp., 399 Mass. 36, 40 (1987). To impose some self-policing and due care on pleaders, and aid in the identification of unjustified claims, the 2003 amendment to the lis pendens statute required plaintiffs to verify the complaint and to certify under the penalties of perjury that no material facts have been omitted from the complaint. G.L. c. 184 § 15(b).

When a pleader violates this requirement, the violation can itself be a basis for finding that one of the three dismissal standards has been met. In Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73 (2005), plaintiffs sought to enforce a right of first refusal, but failed to disclose in the complaint evidence of a course of dealings between the parties that "would warrant findings that the plaintiffs . . . advised [the seller] that they would waive any purported right of first refusal." Id. at 83. Holding that the evidence of waiver was "clearly material to the relief that the plaintiffs sought" and that the "plaintiffs violated the explicit statutory language of G.L. c. 184 § 15(b)" that required the complaint to include all material facts, id. at 82, 83, the Court affirmed the judge's ruling that the claim was frivolous. Id. at 83. Notably, the Court did not hold that the evidence *compelled* a finding of waiver, but

---

[3] If the statute is to be construed as requiring a showing that plaintiffs' claim was not only subject to a valid legal defense but also frivolous in a Rule 11 sense, such a standard is met here. See Defendant's Memorandum In Opposition To Plaintiff's Motion For Partial Summary Judgment On The Counterclaim pp. 8-9, incorporated here by reference.

merely that the evidence "would warrant" it. Id. at 83. And though the evidence of waiver was "strong," id. at 84, and "many of the facts" were not disputed, id. at 82, the opinion does not state that defendants were entitled to judgment as a matter of law. Rather, the case emphasized plaintiffs' violation of the statute's "explicit . . . language" to include all material facts in the complaint, and to certify that they have done so. Id. at 82-83.

Here, Fafard's complaint made no mention whatsoever of any of the facts that led to the Court's denial of Fafard's claim. The complaint is silent about (a) Fafard insisting on getting access to Sewall Road and telling Metro-Boston, on multiple occasions, that it "needed" this second means of access, (b) *Fafard* repeatedly requesting to postpone the closing date including three times in May 2004 shortly before the expiration of the purchase and sale agreement,[4] (c) the reasons Fafard gave for its extension requests (to resolve the access issue to Sewall), (d) Fafard's failure to notify Metro-Boston of Fafard's intention to appear at the registry of deeds on May 21, 2004 after thrice requesting extensions of the May 21 deadline, and (e) Fafard's appearance at the registry of deeds (i) without setting a time for closing (in the face of a contract that also set no time for closing), (ii) knowing, because it gave Metro-Boston no notice, that Metro-Boston would not appear, and (iii) with the intent of "defaulting" Metro-Boston as a prelude to litigation. Rather than mentioning these important facts, the complaint falsely claims that Fafard "at all times" was ready, willing, and able to perform (Comp. ¶¶ 29, 36, 44), and misleadingly implies that Metro-Boston, on its own and without any involvement of Fafard, "failed to appear at the closing." (Comp. ¶¶ 26, 38). Then, in violation of G.L. c. 184 § 15(b), Fafard falsely certified that "no material facts have been omitted" from the

---

[4] The complaint implies that the extensions were sought by Metro-Boston due to Metro-Boston's alleged failure to produce a subdivision plan. See Comp. ¶¶ 16-21.

complaint. As in <u>Galipault</u>, these omissions and plaintiff's false certification additionally warrant a special order of dismissal.

II. **A SPECIAL MOTION TO DISMISS CAN AND SHOULD BE ALLOWED AFTER TRIAL**

It would be specious for Fafard to argue that, once a case has gone to trial, a special motion to dismiss can no longer be brought or allowed. While the statute permits a special motion to dismiss to be brought before trial, and even before discovery has taken place, it does not bar the making or allowing of such a motion after trial. To the contrary, the statute expressly envisions that such a motion can be brought and allowed after discovery, and therefore, inferentially, after an evidentiary hearing that makes use of the discovery. G.L. c. 184 § 15(c) ("If the court allows the special motion to dismiss, it shall award the moving party costs and reasonable attorneys fees, including those incurred for . . . *any related discovery*") (emphasis added). And while one obvious purpose of a special motion to dismiss is to escort unworthy cases out of the trial court before the parties get burdened by expensive discovery and a trial, it would make no sense to bar a special motion to dismiss after trial, when there is even more certainty about the proper outcome of the claim, when the plaintiff's lack of entitlement to a lis pendens has been established, and when for some reason (such as the pendency of other claims) judgment is not yet ready to be entered.

III. **AN ORDER GRANTING A SPECIAL MOTION TO DISMISS IS FINAL AND APPEALABLE, EVEN THOUGH FINAL JUDGMENT ON THE ENTIRE CASE HAS NOT YET ENTERED**

Before the 2003 amendment to the lis pendens statute, a lis pendens could continue to cloud a defendant's title, even after a plaintiff lost at trial, if the pendency of other claims in the suit delayed the entry of judgment. The 2003 amendment fixes that problem by providing that the order on a special motion to dismiss is final and appealable:

- 7 -

> **Any party aggrieved by a *ruling* under subsection (c) or by the denial of an ex parte motion for a memorandum of lis pendens, may appeal pursuant to the first or second paragraphs of section 118 of chapter 231.[5]** *Thirty days after the entry of an order or judgment . . . dismissing the claimant's action as provided hereinabove, the order or judgment shall become final unless the party seeking the memorandum has filed an appeal under this paragraph* **and records notice thereof within the 30 day period in the registry of deeds for the county or district in which the real property lies.**

G.L. c. 184 § 15(d) (emphasis added).

An order of dismissal must be entered, even if there are other pending claims that remain for adjudication. G.L. c. 184 § 15(c) (last sentence) ("In the event there are un-adjudicated claims remaining after the dismissal of any claim pursuant to which the memorandum of lis pendens was recorded, the court shall order the entry of partial judgment with respect to the claim dismissed pursuant to this section.").[6] The pendency of other claims does not forestall the time for taking an appeal. Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73, 79-81 (2005). The reason for this is in the statute: if there is no appeal within 30 days from the entry of the dismissal order, the lis pendens is no longer effective. G.L. c. 184 § 15(d). This implements the legislative purpose of accelerating the removal of unjustified clouds on title.

## IV.   AN AWARD OF ATTORNEYS FEES IS MANDATORY

The 2003 amendments to the lis pendens statute "provides for certain remedies . . . including dissolution of the lis pendens, dismissal of the complaint, and a *mandatory* award of *fees and costs upon such dismissal.*" Galipault v. Wash Rock Investments, LLC, 65 Mass. App. Ct. 73, 79-81 (2005) (emphasis added). See G.L. c. 184 § 15 (c) ("If the court allows

---

[5] G.L. c. 231 § 118 authorizes appeals for certain types of interlocutory orders.

[6] Technically speaking, therefore, the Court should not simply order a dismissal but enter a partial judgment on the dismissed claim.

the special motion to dismiss, it *shall* award the moving party costs and reasonable attorneys fees, including those incurred for the special motion, any motion to dissolve the memorandum of lis pendens, and any related discovery") (emphasis added).

Following allowance of this motion, defendant proposes to submit one or more affidavits and legal bills to substantiate the amount of its claim for fees and costs.  This two-step procedure is how fee requests have typically been handled under the statute.  See <u>Waters v. Cook</u>, 2005 WL 2864806 * 9 (Mass. Land Ct. Nov. 2, 2005) (inviting fee petition after allowance of special motion to dismiss); <u>Fountain View Estates Condominium Trust v. Baxendell</u>,18 Mass. L. Rptr. 158, 2004 WL 1836273 * 3 (Mass. Super. Aug. 10, 2004) (same).  See also <u>Galipault v. Wash rock Investments, LLC</u>, 65 Mass. App. Ct. 73, 76 (2005) (trial court granted special motion to dismiss, granted attorney's fees and costs, and determined amount of fees and costs "after a presentation of evidence").

<u>Conclusion</u>

The court should enter a special order dismissing Fafard's complaint, and should set a deadline, 14 days after the dismissal order, for defendant to submit a fee application, with supporting affidavits and documents.

                METRO-BOSTON BROADCASTING, INC.

                By its attorneys,

                s/ Kenneth R. Berman_____
                Kenneth R. Berman (BBO 040320)
                Erik P. Bartenhagen (BBO 640003)
                Nutter McClennen & Fish LLP
                World Trade Center West
                155 Seaport Boulevard
                Boston, Massachusetts 02210
                (617) 439-2000

**February 3, 2006**

<u>**Certificate Of Service**</u>

**I certify that I served this document today on opposing counsel by e-mail.**

                s/Kenneth R. Berman_____
                Kenneth R. Berman

**February 3, 2006**

    **1500995.2**

- 10 -