UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAFARD REAL ESTATE & DEVELOPMENT CORP. | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 04-11531-RGS ) ) |
| METRO-BOSTON BROADCASTING, INC., | ) ) ) |
| Defendant. | ) ) ) |

**FAFARD REAL ESTATE & DEVELOPMENT CORP.'S
OPPOSITION TO RENEWED SPECIAL MOTION TO DISMISS
AND FOR MANDATORY AWARD OF FEES AND COSTS**

Plaintiff Fafard Real Estate & Development Corp. ("Fafard") respectfully submits

this opposition to Metro-Boston Boston Broadcasting Inc.'s ("Metro-Boston's")

Renewed Special Motion To Dismiss And For Mandatory Award Of Fees And Costs

("Renewed Special Motion").   As grounds for this Opposition, Farfard submits that: (1)

this Court twice denied Metro-Boston's Special Motion to Dismiss prior to trial of

Fafard's claims; (2) Metro-Boston did not assert "a valid legal defense such as the statute

of frauds" in support of its claims at trial; and (3) the circumstances under which Metro-

Boston's filed the instant Renewed Special Motion is not contemplated by the statute,

Mass. G.L. c. 184, §15, or F.R.C.P. 12.

RELEVANT BACKGROUND

Fafard brought a breach of contract lawsuit and action for specific performance

following Metro-Boston's failure to convey real property to Fafard or otherwise satisfy

obligations under a January 31, 2001 Purchase and Sale Agreement (the "P&S

Agreement"). After the denial of metro-Boston's first special motion to dismiss, Metro-Boston counterclaimed for abuse of process, intentional interference with advantageous business relations, and breach of G.L. c. 93A. Metro-boston then unsuccessfully moved for reconsideration of its special motion to dismiss.

Fafard's claims were tried and the trial of Metro-Boston's counterclaims deferred. After trial, judgment entered for Metro-Boston on Fafard's claims.

On November 22, 2005, Fafard moved for summary judgment respecting all counts of Metro-Boston's Counterclaim, following the Court's invitation at a preceding hearing to do so. Metro-Boston opposed the Motion For Summary Judgment. This motion is pending.

On February 3, 2006, Metro Boston filed the instant Renewed Special Motion to Dismiss, which Fafard opposes.

## ARGUMENT

### A. The Special Motion To Dismiss Is A Procedural Device Unavailable To Metro-Boston in Federal Court

The "special motion to dismiss" is a procedure by which a Massachusetts state court defendant may move to dismiss a case at an early stage where the defendant "believes the action or claim supporting [a] memorandum of lis pendens is frivolous." *See* Mass. G.L. c. 184, §15(c).[1] The statute provides that the special motion, "unless heard at the time the claimant first applied for a judicial endorsement under [G.L. c. 184, §15(b)], shall be heard at the same time as the hearing on the motion to dissolve the memorandum of lis pendens. *Id.*

---

[1] Pursuant to Mass. G.L. c. 184, §15(c) provides, in pertinent part, that "[t]he special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds."

The "special motion" confers no substantive right on any party. It is not a matter of substantive law. Indeed, the special motion to dismiss in G.L. c. 184, §15(c) is remarkably akin to the Massachusetts strategic litigation against public participation statute (Massachusetts anti-SLAPP statute), in that it grants a defendant a *procedural* mechanism to dismiss a "frivolous" case, permits the Court to consider affidavits in deciding such motion, and automatically stays discovery pending the motion. *Compare* Mass. G.L. c. 231, §59H (anti-SLAPP) *with* Mass. G.L. c. 184, §15(c) (lis pendens). Significantly, the Massachusetts Supreme Judical Court has described the anti-SLAPP statute as *procedural. See, e.g., Fabre v. Walton*, 436 Mass. 517 (2002)(anti-SLAPP special motion to dismiss is a "procedural remedy"); *Duracraft v. Homes Prods. Corp.*, 427 Mass. 156, 161 (anti-SLAPP statute provides a "procedural remedy for early dismissal of the disfavored SLAPP suits").

Indeed, the District of Massachusetts, sitting in diversity jurisdiction, has refused to consider the anti-SLAPP special motion to dismiss on the ground that it is a *procedural* device that "cannot be enforced in federal court." *Stuborn L.P. v. Bernstein*, 254 F. Supp.2d 312, 315, 316 (D. Mass. 2003)(denying special motion to dismiss under Massachusetts anti-SLAPP statute because the "special motion provision is predominantly procedural in nature and conflicts with the Federal Rules of Civil Procedure"); *Baker v. Coxe*, 940 F. Supp. 409, 417 (D. Mass. 1996)(court refused to consider anti-SLAPP statute special motion to dismiss because it is a procedural device that "does not trump Fed. R. Civ. P. 12(b)(6)").

Thus, as a threshold matter, the Court must deny Metro-Boston's Renewed Special Motion to Dismiss and For Mandatory Award Of Fees And Costs because it is a

creature of Massachusetts procedural law, and is therefore unavailable to a defendant

such as Metro-Boston, who removed this case to federal court pursuant to this Court's

diversity jurisdiction. *See Erie Railroad Company v. Tompkins*, 58 S.Ct. 817 (1958); *see*

*also* Wright & Miller, 5A *Fed. Practice and Procedure*, §1343 (2d ed. 1990)("State rules

of practice do not control any of the purely procedural questions that arise under Rule

12").

### B.    The Timing Of Metro-Boston's Renewed Special Motion To Dismiss Is Inherently Suspect.

Even assuming, *arguendo*, that the procedural mechanism of a special motion to

dismiss is available to Metro-Boston, a special motion to dismiss is not appropriate here,

where trial of Fafard's claims has concluded. Under state procedural law, motions to

dismiss are to be filed within one hundred fifty (150) days of service of the Complaint.

*See* Massachusetts Superior Court Standing Order 1-88, a copy of which is attached

hereto as Exhibit A.   Here, Metro Boston filed a special motion to dismiss, removed the

case to federal court pursuant to this Court's diversity jurisdiction, and re-filed the special

motion to dismiss. The special motion to dismiss was subsequently denied by this Court.

Metro-Boston moved for reconsideration and its special motion was again denied by this

Court. *See Fafard Real Estate & Development Corp. v. Metro-Boston Broadcasting,*

*Inc.*, 345 F.Supp.2d 147 (D. Mass. 2004).

Trial on Fafard's claims has concluded. A G.L. c. 184, §15(c) special motion to

dismiss is not designed to be used after trial.[2] It is designed to prevent "frivolous" cases

from going forward. "While G.L. c. 184, §15 differs from the anti-SLAPP statute in

---

[2] Indeed, the statute provides that the special motion, "unless heard at the time the claimant first applied for a judicial endorsement under [G.L. c. 184, §15(b)], shall be heard at the same time as the hearing on the motion to dissolve the memorandum of lis pendens." G.L. c. 184, §15(c) (emphasis added).

446085                                    4

some respects, *both are designed to provide protection from certain types of suits.*"

*Galipault v. Wash Rock Investments, LLC*, 65 Mass.App.Ct. 73, 81-82 (2005) (emphasis

added). Metro-Boston cites no case in which a special motion to dismiss was granted

after trial and we have found none. Indeed, F.R.C.P. 12(d) provides that motions to

dismiss based upon an alleged failure to state a claim upon which relief can be granted,

and for judgment on the pleadings (the closest parallels to the "frivolous" standard

enunciated in G.L. c. 184, §15(c)), "shall be heard and determined before trial on

application of any party, unless the court orders that the hearing and determination

thereof be deferred until the trial." Rule 12, therefore, does not permit the filing of a

motion to dismiss <u>after</u> trial.

Each of the cases cited by Metro-Boston involve pre-trial motions to dismiss. *See*

*id. 75-76* (special motion to dismiss filed shortly after Answer and counterclaims filed);

*see also Waters v. Cook*, 2005 WL 2864806 (Mass. Land Ct.)(special motion to dismiss

filed and granted prior to discovery and trial); *Fountain View Estates Condominium Trust*

*v. Baxendale*, 2004 WL 1836273 (Mass. Super) (G.L. c. 184, §15(c) special motion to

dismiss filed in response to Verified Complaint). Indeed, *Waters*, a case upon which

Metro-Boston relies, recognizes that the special motion to dismiss mechanism set forth in

G.L. c. 184, §15(c) is *not* designed to take place after trial. In that case, the Court

explains the process as follows:

> [u]nder G.L. c. 184, §15 as it currently exists, there appears to be a four—
> and potentially a five—step process. First, the claimant files a verified
> complaint stating that the claimant has read the complaint, that the facts
> stated therein are true and that no material facts have been omitted. G.L.
> c. 184, §15(b). Next, the claimant moves for endorsement of a
> memorandum of lis pendens. The court then reviews the motion. If the
> subject matter of the action constitutes "a claim of a right to title to real
> property or the use and occupation thereof or the buildings thereon, " the

court *must* make a finding to that effect and endorse the finding upon the memorandum. The court may not, at this stage, make any judgment or determination of the merits of the claims. Its role is limited to determining whether the subject matter of the action concerns an interest in real estate. . . . The initiative then rests with the defendant. *It can invoke the 'mechanism for expedited removal' set forth in G.L. c. 184, §15(c) by filing a motion to dissolve the lis pendens and/or a 'special motion to dismiss' (the fourth step), or it can wait, conduct discovery, and, if appropriate, file a motion for summary judgment or simply go to trial on the merits (a fifth step if the G.L. c. 184, §15(c) motions to dissolve and/or dismiss are denied.*"

*Waters,* 2005 WL 2864806 at *3 (internal citations omitted)(emphasis added). The standard for allowance of a special motion to dismiss is not based upon who is entitled to judgment after a trial on the merits. Indeed, nothing in the 2003 amendments to the lis pendens statute conflates a lis pendens special motion to dismiss with a post-trial motion.[3]

Nevertheless, Metro-Boston apparently would have this Court believe that, because it was successful at trial, it is now *a fortiori* entitled to have its Renewed Special Motion—now before this Court for a third time—allowed and its attorney's fees and costs paid. In other words, Metro-Boston would have this Court believe that a party, unsuccessful on its original special motion to dismiss, who proceeded through discovery and trial, could leverage a victory at trial into a claim for attorneys fees and costs. If the legislature had intended such a striking deviation from the American rule –that each party pays its own legal fees and costs—it surely would have expressly stated that G.L. c. 184, §15(c) could be used in this manner. Metro-Boston's interpretation is a clear abuse of the statute's intent.

---

[3] For example, the filing of a special motion to dismiss stays discovery, indicating that it is intended to be filed at the start of a case. If the motion is allowed, the prevailing party is awarded reasonable attorneys fees, "including those incurred for the special motion, any motion to dissolve the memorandum of lis pendens, and any related discovery." Conspicuously absent from the list of recoverable costs are those related to the trial of the claim.

**C.    This Court Has Already Found That Fafard Met Its Burden To Obtain A Memorandum Of Lis Pendens.**

Even were Metro-Boston's motion timely, however, it is significant that this Court has already determined—twice—that a lis pendens properly issued in this matter because Fafard's suit was not subject to dismissal as frivolous under lis pendens statute. *See Fafard Real Estate & Development Corp. v. Metro-Boston Broadcasting, Inc.*, 345 F. Supp.2d 147, 152 (D. Mass. 2004) (lis pendens not subject to dismissal under G.L. c. 184, §15(c) as "frivolous" where factual dispute between parties could "only be answered by a finder of fact after appropriate discovery").

Absolutely nothing has changed. There are no new facts; there are no new arguments.

### 1.    *Metro-Boston Has Not Asserted A Valid Legal Defense To Fafard's Claims.*

Metro-Boston asserts that its special motion to dismiss is appropriate because it was successful at trial by offering a valid legal defense to Fafard's claims.

This is, quite simply, false.

Just as it did in its original special motion to dismiss, and in its motion for reconsideration, Metro-Boston asserts that the alleged failure by Fafard to comply with conditions precedent is a valid legal defense to Fafard's claims. It is not. Failure to satisfy conditions precedent is not a "valid legal defense akin to the statute of frauds." G.L. c. 184, §15(c). Rather, it is a factual question of proof. As this Court has already held:

> As grounds for reconsideration, Metro-Boston recycles the same argument that it made in support of the original motion – that "plaintiff's unequivocal notice to defendant that plaintiff needed to work out an easement access issue to Sewall Road before closing, which defendant was under no obligation to resolve – excused defendant

from performing as seller under the purchase and sale agreement as a matter of law." . . . According to Metro-Boston, Hannert's affidavit raises the "legal question" whether a buyer who imposes unbargained for conditions on a sale of real estate, but who has the undisclosed intent to close on the property even if these conditions are not met, can enforce a purchase and sale agreement against an unwitting seller. If the dispute could be accurately framed in this way, the answer would surely be "no," and metro-Boston would be entitled to dismissal. The questions at issue, however, are whether hannert's communications, in the context of the parties' negotiations, were intended to impose a condition precedent (access to Sewell Street) to the closing, or simply constituted extraneous bargaining for the purchase of a separate easement or acreage in Lot 11 to accomplish that purpose (and were understood as such by Metro-Boston). These are questions that can only be answered by a finder of fact after appropriate discovery." *Fafard*, 345 F. Supp.2d at 152.

At trial, Fafard presented evidence that it unequivocally informed Metro-Boston that it was ready to close prior to resolving the Sewell Street access issue, and that extensions agreed to by the parties after November of 2003 were for the purpose of allowing Metro-Boston to prepare the required subdivision plan. Metro-Boston presented evidence that Fafard represented that it would not close without access to Sewell Street. The Court, as the finder of fact, chose to credit Metro-Boston's evidence and not Fafard's. Findings of fact, however, do not convert a question of proof into a "legal question."

Similarly, Metro-Boston's contention that Fafard is estopped from seeking specific performance of the P&S Agreement because its statements to Metro-Boston induced Metro Boston not to appear at the Registry of Deeds on May 21, 2004, is hardly a "valid legal defense" as contemplated by the statute. Estoppel is an equitable defense, not a legal one. "[A]s equitable defenses, laches and equitable estoppel are committed to the sound discretion of the trial judge." *Wafer Shave, Inc. v. The Gillette Company*, 857 F. Supp. 112, 119 (D. Mass. 1993) (citations omitted); *see also Poirier v. Gurnick*, 1995 WL 1146150, *3 (Mass. Super.)(recognizing "estoppel" as an equitable defense).

446085                                 8

**2.      *Fafard's Certification Was And Is Proper.***

Once again, just as it did in its original special motion to dismiss before this

Court, Metro-Boston argues that its special motion to dismiss under G.L. c. 184, §15(c)

should be allowed because Fafard's Verified Complaint omitted material facts. *See*

Defendant's Renewed Special Motion To Dismiss, at 5-7; *see also* Defendant's

Memorandum In Support Of Its Special Motion To Dismiss And In Opposition To

Plaintiff's Motion To Endorse Lis Pendens, at 15. This time, citing *Galipault*, Metro-

Boston argues that Fafard omitted from its Verified Complaint facts that later formed the

basis for this Court's decision after trial. In *Galipault*, however, the Court noted that the

plaintiff did not dispute the accuracy of many facts in the defendants' motion and did not

challenge their relevancy. 65 Mass.App.Ct. at 82. Here, by contrast, Fafard challenged

Metro-Boston's version of events and disputed the relevancy of certain facts from the

beginning. Significantly, moreover, this Court has already ruled—twice—that Fafard's

statement of facts in the Verified Complaint was sufficient to meet the requirements of

G.L. c. 184, §15. This Court recognized that there was a factual dispute between the

parties and stated, simply, that the lis pendens was not subject to dismissal under G.L. c.

184, §15(c) as "frivolous" where the parties' factual dispute raised questions "that [could]

only be answered by a finder of fact after appropriate discovery." *Fafard Real Estate &*

*Development Corp. v. Metro-Boston Broadcasting, Inc.*, 345 F. Supp.2d 147, 152 (D.

Mass. 2004).

Metro-Boston offers no new facts. Rather, Metro Boston simply asserts that,

because Fafard's version of the facts failed to convince the trier of fact, Metro-Boston's

post-trial special motion to dismiss must be granted. As demonstrated above, the

legislature cannot have intended the statute to be used in this manner. *See Waters*, 2005 WL 2864806 at *3 (special motion to dismiss is designed to be used before trial, not after).

## CONCLUSION

For the foregoing reasons, Fafard respectfully requests that this Court deny in its entirety Metro-Boston's Renewed Special Motion To Dismiss And For Mandatory Award Of Fees And Costs. Fafard further requests that this Court award Fafard its fees and costs expended in connection with preparing the instant opposition.

Respectfully submitted,

FAFARD REAL ESTATE &
DEVELOPMENT CORP.

By its attorney,

Jeffrey J. Upton (BBO#552221)
HANIFY & KING
Professional Corporation
One Beacon Street
Boston, MA 02108-3107
(617) 423-0400

DATED: February 17, 2006

446085

10