## STANDING ORDERS

Order 1-88

his or her discretion, to record the proceeding electronically.

1. The term "Court Reporter" as used herein includes official Court Reporters of the Superior Court Department and per diem Reporters hired in the usual course by the Superior Court Department.

2. No electronic recording device (hereinafter "recorder") shall be used unless approved by the Administrative Justice of the Superior Court Department. Recorders shall be operated and monitored by the session Clerk or other employee the Clerk/Magistrate so designates by and under the direction of the Clerk/Magistrate. In the absence of the session Clerk or other designee of the Clerk/Magistrate, the Presiding Justice, having determined the potential adverse effect on the administration of justice, may, with the approval of the Administrative Justice, designate another Court employee to operate and monitor the recorder.

3. The Clerk/Magistrate shall have the care, custody and control of recorders and the original recordings of all proceedings. At the beginning of every proceeding being recorded, the operator shall announce clearly the name of the case and its docket number. The cassette number and, where more than one matter or proceeding is recorded, the index number representing the beginning and end points of the proceeding, shall be noted on the case papers and in a separate log. Cassette copies shall be identified by case name, docket number, court, date of copy, name of Presiding Justice and name of person who operated the recorder.

4. Counsel shall assist in creating an audible record by properly using the microphones provided. Counsel shall speak with sufficient clarity and in sufficient proximity to the microphones to insure an audible record, and shall be responsible for requesting the Presiding Justice, when necessary, to instruct other counsel, witnesses or others as to the proper use of the microphones in order to insure an audible record.

5. The Presiding Justice shall satisfy himself or herself that the recorder is properly functioning and that a verbatim record of the proceeding is being maintained. Should the Presiding Justice at any time during the proceeding not be satisfied that the recorder is functioning properly and that a verbatim record of the proceeding is being taken, the Justice shall take such action as may be appropriate.

6. Cassette copies of an original recording, or portions thereof, shall be made available by the Court upon request on a form prescribed by the Administrative Justice of the Superior Court Department to any person, whether or not a party, of any proceeding which was open to the public, unless the record of such proceeding has been sealed or impounded. In order that multiple cassette copies may be made simultaneously whenever possible, any person making a request regarding a proceeding that is presently pending on appeal shall certify that he or she has notified all other parties of the request. Rule 8(b)(3) of the Rules of Appellate Procedure shall govern the method and manner of certification of the record on appeal and shall govern to the extent any of its provisions may appear in conflict with those of this Standing Order. The failure of a party to request a copy seasonably shall not be grounds for the delay of subsequent proceedings.

7. A cassette copy of the original recording, or any portion thereof, of a proceeding which was not open to the public, or of a proceeding whose record has been sealed or impounded, shall be deemed to be impounded and shall be subject to the provisions of law governing such closed proceedings, as well as to any additional restrictions with regard to its use which may be prescribed by the Justice who presides over the proceeding.

8. The cost of cassette copies shall be as established by the Chief Administrative Justice of the Trial Court pursuant to G.L. c. 262, s. 4B. There shall be no cost for a cassette copy produced for the use of the Court, or as authorized and approved by the Court. G.L. c. 261, ss. 27A-26G shall be deemed applicable to a request by or on behalf of a party determined to be indigent and the cost of a cassette copy shall be deemed an "extra cost" as defined in s. 27A.

9. No cassette copy shall be used for a commercial purpose, for public or private entertainment or amusement, or for any other purpose, detrimental to the administration of justice. The recording by news media of a proceeding open to the public is governed by Canon 3(A)(7) of Rule 3:09 of the Rules of the Supreme Judicial Court.

10. Original recordings shall be preserved for six (6) years or for such further time as the Court may order, and then erased or destroyed.

This Standing Order supercedes Standing Order No. 2-87 dated December 11, 1987.

Adopted June 24, 1988, effective July 1, 1988.

## SECOND AMENDED STANDING ORDER 1-88. TIME STANDARDS

### Applicable to all Counties

### A. GENERAL CONSIDERATIONS

Responding to and complying with the directive of the Supreme Judicial Court for ". . . an attack on excessive delay and excessive cost of court proceedings . . ." and in an effort to "secure the just, speedy and inexpensive determination of every action," Mass. R.Civ.P. 1, the Justices of the Superior Court, through our Chief Justice, hereby adopt these time standards as a standing order of the Superior Court ("Standing Order" or "Order"). The Court recognizes that the litigation process is memory dependent. To the ex-

Order 1–88                    SUPERIOR COURT

tent that the memory dims or becomes unreliable over prolonged periods of time, a just determination may be jeopardized. The concept of early and continuous judicial supervision and control is intended to enhance the quality of litigation and ensure that justice is fairly rendered.

This Standing Order recognizes that there are other viable methods of addressing excessive delay and costs in court proceedings such as mediation, summary jury trials, mini-trials, arbitration, conciliation, and reference to masters. The aforementioned alternate methods of dispute resolution enhance case management and are conceptually compatible with these time standards. Nothing in this Order shall act as a bar to any form of early court intervention for purposes of screening cases for remand, conciliation, case evaluation or reference to a master. No later than six months from entry date, all cases should be examined and appropriate orders may be entered notwithstanding previously assigned presumptive track schedule.

The Court recognizes and is sensitive to the impact that this Order will have on local legal culture. We have meticulously avoided intrusion into this rich culture except to the extent necessary to preserve to the Court its responsibility to manage the pace of litigation without disturbing the harmony of the trial bar.

ACCORDINGLY:

1. *All* civil actions filed in the Superior Court on or after July 1, 1988 shall be subject to the provisions of this Standing Order.

2. This Standing Order is applicable to all counties.

3. The timing for the completion of various steps of litigation will be calculated from the date of serving of the complaint or other initiating document.

4. The Court will schedule trial dates for both jury and jury-waived cases on its own initiative.

5. At the expiration of the time provided in the Standing Order for issue to be joined or a response filed, the Court will dismiss actions and/or enter defaults and default judgment. Where appropriate, cases will be ordered for assessment of damages.

6. Case jackets and docket sheets subject to this Standing Order shall be approximately color coded as follows: Green, "Fast", Yellow, "Average" and Red, "Accelerated".

### B. TRACK DESIGNATION

1. All civil actions shall be designated for procedural purposes only as falling within one of three tracks:

    Fast Track           ("F")
    Average Track       ("A")
    Accelerated Track   ("X")

2. Designation to a particular track shall be determined by the nature of the action as designated by the plaintiff on the civil action cover sheet.

The civil action cover sheet shall indicate to which track each type of action is assigned.[1]

3. For good cause shown, a party may request that a case be designated to a track other than the track in which the case category falls. The request shall be made by serving a motion in accordance with Rule 9A which shall be referred to the attention of the Regional Administrative Justice.

4. Wherever the term Regional Administrative Justice is used in this Order, it shall include his or her designee.

### C. NOTIFICATION TO PARTIES

Efforts will be made to maximize notice to all parties and their counsel of the track designation and corresponding schedule steps and limitations. The final responsibility for obtaining information from the clerk about the designation of the case and the corresponding scheduling order shall rest with each party. Notification shall occur as follows:

1. The cover sheet will alert parties to the existence of the time standards Order and the existence of scheduled steps and limitations.

2. Upon the filing of the action, and in accordance with the designation of the action to a particular track, the clerk shall issue a scheduling order that establishes the scheduled steps and limitations for completion of the stages of litigation. Specific dates for the scheduled steps and limitations shall be included in the scheduling order.

3. At the expiration of 90 days from the filing of the action, the clerk shall forward a copy of the scheduling order to all counsel of record. Counsel who appear in the action after the expiration of 90 days shall have the responsibility of determining the schedule steps and limitations for completion of the stages of each litigation. The clerk shall make copies of the scheduling order available to counsel of record as requested by them, at any time.

4. All documents and motions filed in court within designated time standards under this Order shall contain a certification on the signature page that they are being served within the designated time or by leave of the Regional Administrative Justice.[2]

Any party who intends to rely on another party's untimely serving of a paper should give prompt notice of that intention to all other parties.[3]

5. All pleadings and appearances submitted by counsel of record shall be accompanied by counsel's Board of Bar Overseer (BBO) Number.[4] The BBO Number shall appear immediately after counsel's signature, address and telephone number.

### D. AMENDMENTS TO THE SCHEDULING ORDERS

This Standing Order anticipates that there will be instances when the designation of a case to a particular track is inappropriate or that the steps and time limitations cannot be met. The court recognizes that there are cases which by their very nature require special tracking standards, and the system is sufficiently flexible to accommodate that unique litigation as follows: [5]

1. Amendments to the designation or scheduling order of a case may be granted upon motion and for good cause shown.

2. All requests for amended designation and for an enlargement or limitation of a scheduled step shall, upon filing, be referred to the attention of the Regional Administrative Justice for his or her consideration and action. A motion to amend the scheduling order or track designation shall be in writing and set forth, where appropriate, a statement specifying in detail the facts upon which the moving party then relies in support of said motion. Motions (or oppositions) thereto shall be submitted on briefs or memoranda, without personal appearance by counsel or oral argument for or against allowance of the motion. It shall be the responsibility of the clerk-magistrate to advise the Regional Administrative Justice of the pendency of such motions.

### E. SCHEDULED STEPS AND LIMITATIONS

The following steps and limitations shall be mandatory except upon special *written waiver* or modification granted by the Regional Administrative Justice. Documents filed outside the established time limitations without such a waiver shall have no binding effect on the Court or the parties, even if filed by agreement between the parties.

(i) *After Designation to Fast ("F") Track:*

1. Three months (90 days):
   —Service completed on all parties.
   —All returns of service filed.
   —If service is not made upon any defendant, the action shall be dismissed as to that defendant without prejudice unless otherwise ordered by the Regional Administrative Justice upon request filed within 90 days after the complaint is filed.[6]

2. Five months (150 days):
   —Rule 12, 15,[7] 19 and 20 motions served and heard.
   —If a party who has been served has not filed a response to the complaint, that party shall be defaulted[8] and notification of default shall be forwarded to the other parties. Where appropriate, cases will be ordered for assessment of damages.

3. Ten months (300 days):
   —All discovery requests served and depositions completed.[9]
   —All requests for admission completed.
   —Case assigned for pre-trial conference and date set for submission of joint pre-trial memorandum.
   —The minimum requirements of the joint pre-trial order are attached to and made part of this Order as Appendix A "PRE-TRIAL ORDER."[10]

4. Eleven months (330 days):
   —Rule 56 motions served and heard.[11]

5. Twelve months (360 days):
   —Pre-trial conference held and Rule 16 orders (see Appendix B "PRE-TRIAL ORDER").
   —Case assigned for conciliation or mediation, where appropriate, by pre-trial conference Justice.
   —Firm trial date within next two months scheduled by pre-trial conference Justice.

(ii) *After Designation to Average ("A") Track:*

1. Three months (90 days):
   —Service completed on all parties.
   —All returns of service filed.
   —If service is not made upon any defendant, the action shall be dismissed[12] as to that defendant, without prejudice, unless otherwise ordered by the Regional Administrative Justice upon request filed within 90 days after the complaint is filed.

2. Five months (150 days):
   —Rule 12, 19 and 20 motions served and heard.
   —If a party who has been served has not filed a response to the complaint, the party shall be defaulted[13] and notification of the default shall be forwarded to the other parties.

3. Fifteen months (450 days):
   —Rule 15 motions served and heard.

4. Twenty-six months (780 days):
   —All discovery requests served and depositions completed.[14]
   —All requests for admission completed.
   —Case assigned for pre-trial conference and date set for submission of joint pre-trial memorandum in the form required by Appendix A.

5. Twenty-eight months (840 days):
   —Rule 56 motions served and heard.[15]

6. Thirty-two months (960 days):
   —Pre-trial conference held and Rule 16 orders entered (see Appendix B).
   —Case assigned for conciliation or mediation where appropriate.
   —Firm trial date within the next four months scheduled by the pre-trial conference Justice.

Order 1-88                                    SUPERIOR COURT

(iii) *After Designation to Accelerated ("X") Track:*
1. Three months (90 days):
   —If applicable, service completed on all parties.
   —All returns of service filed.
   —If service is not made upon any defendant, the action shall be dismissed as to that defendant without prejudice unless otherwise ordered by the Regional Administrative Justice upon request filed within 90 days after the complaint is filed.
2. Five months (150 days):
   —Where applicable, issue joined, or if issue is not joined by any defendant, that defendant shall be defaulted [16] and a date assigned for assessment of damages.
3. Six months (180 days):
   —All cases assigned for a hearing or trial by that date.
   —Joint pre-trial memorandum [17] to be filed with the trial Justice before trial starts.

F. **CASES NOT REACHED FOR TRIAL**

All cases not reached for trial within the prescribed time of each track shall be referred to the attention of the Regional Administrative Justice who shall reassign the case for trial, with an effort towards a speedy disposition.

A record shall be maintained by the Regional Administrative Justice of all cases not tried as required under this Order setting forth the reason for the trial delay and the action taken to resolve the matter.

This standing order supercedes Amended Standing Order 1-88, dated December 22, 1989 except as hereinafter provided. Cases filed before September 1, 1990 and designated to the average track shall proceed pursuant to the schedules specified in this Second Amended Standing Order 1-88 provided, however, that if the time specified in Standing Order 1-88 or Amended Standing Order 1-88, for the completion of a particular event has passed, that time shall not be extended except with the permission of the Regional Administrative Justice or his or her designee.

Adopted February 1, 1988. Amended December 22, 1989, effective January 15, 1990; April 25, 1990, effective September 1, 1990; amended effective December 5, 1994; December 1, 2003.

### SCHEDULE "F" (FAST TRACK)

**CONTRACT**

| | |
|---|---|
| A01 | Service, labor, and materials |
| A02 | Goods sold and delivered |
| A03 | Commercial paper |
| A08 | Sales or lease of real estate |
| A99 | Other (specify) |

**TORT**

| | |
|---|---|
| B03 | Motor vehicle negligence—personal injury/property damage |
| B04 | Other negligence—personal injury/property damage |
| B20 | Personal injury—slip and fall |
| B21 | Environmental |
| B22 | Employment discrimination |
| B99 | Other (specify) |

**REAL PROPERTY**

| | |
|---|---|
| C01 | Land Taking (eminent domain) |
| C02 | Zoning appeal, G.L. c. 40A |
| C03 | Disputes concerning title |

**EQUITABLE REMEDIES**

| | |
|---|---|
| D02 | Reach and apply |
| D06 | Contribution or indemnification |
| D12 | Dissolution of partnership |
| D99 | Other (specify) |

**MISCELLANEOUS**

| | |
|---|---|
| E95 | Forfeiture G.L. c. 94C, § 47 |
| E96 | Prisoner cases |

### SCHEDULE "A" (AVERAGE TRACK)

**CONTRACT**

| | |
|---|---|
| A12 | Construction dispute |

**TORT**

| | |
|---|---|
| B05 | Products liability |
| B06 | Malpractice—medical |
| B07 | Malpractice—other (specify) |
| B08 | Wrongful death, G.L. c. 229, § 2A |
| B15 | Defamation (libel—slander) |
| B19 | Asbestos cases |

**EQUITABLE REMEDIES**

| | |
|---|---|
| D01 | Specific performance of contract |
| D07 | Imposition of a trust |
| D08 | Minority stockholder's suit |
| D10 | Accounting |
| D13 | Declaratory judgment, G.L. c. 231A |

**MISCELLANEOUS**

| | |
|---|---|
| E03 | Actions against Commonwealth/Municipality, G.L. c. 258 |
| E09 | General contractor bond, G.L. c. 149, §§ 29, 29a |
| E17 | Civil Rights Act, G.L. c. 12, § 11H |

[right column cut off: SCH / REAL PR / C04 Fo / C05 Co / C99 Ot / MISCEL / E02 A... 30. / E05 A... / E07 G. / E08 A... / E11 W... / E12 G. / E14 G. / E15 A... / E16 A... / E18 F... / E19 Se / E97 Pr / E99 Ot / MISCEL / E25 Pl / A... / COM / CO / RE: / ... / A final / case will / All *trial* / their join... / In acc... / standard... / orderly ... / for all pa... / a joint ... / agree ot... / responsib... / draft of / following / (1) Ag... / as an e...]

STANDING ORDERS                                                                          Order 1-88

SCHEDULE "X" (ACCELERATED TRACK)

**REAL PROPERTY**

C04    Foreclosure of mortgage
C05    Condominium lien and charges
C99    Other (specify)

**MISCELLANEOUS**

E02    Appeal from administrative agency, G.L. c. 30A
E05    All arbitration
E07    G.L. c. 112, § 12S (Mary Moe)
E08    Appointment of receiver
E11    Workers' Compensation
E12    G.L. c. 123A, § 12 (SDP Commitment)
E14    G.L. c. 123A, § 9 (SDP Petition)
E15    Abuse petition, G.L. c. 209A
E16    Auto surcharge appeal
E18    Foreign discovery proceeding
E19    Sex Offender Registry, G. L. c. 178M, § 6
E97    Prisoner habeas corpus
E99    Other (specify)

NO SCHEDULE AND NO TRACK

**MISCELLANEOUS**

E25    Pleural Registry (Asbestos cases)

APPENDIX A. NOTICE TO APPEAR FOR
FINAL PRE-TRIAL CONFERENCE

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF THE SUPERIOR COURT
                                                           CIVIL DOCKET#
RE:

NOTICE TO APPEAR FOR FINAL
PRE-TRIAL CONFERENCE

A final pre-trial conference in the above referenced case will be held on _____ in _____ at _____. All *trial counsel are required to attend* and submit their joint pre-trial memorandum to the Court.

In accordance with Standing Order 1-88, the time standards tracking order, and in order to facilitate orderly and efficient progress towards trial, counsel for all parties *shall meet* for the purpose of preparing a joint pre-trial memorandum. Unless all counsel agree otherwise, counsel for the plaintiff shall be responsible for preparing and circulating the first draft of the memorandum which shall contain the following component parts:

(1) Agreed facts in a form suitable for submission as an exhibit at trial;

(2) A brief statement by each party of what that party expects the evidence to show;

(3) Agreed suggested description of the case to be read to the jury during empanelment;

(4) Statement of all unusual legal issues (including, particularly, any unusual evidentiary issues), the position of the parties on these issues, and a statement of authorities. Provide a copy of all cases and other authorities relied upon other than reported SJC and Appeal Court cases.

(5) The name and address of each witness to be called by each party. (Failure to list in the pre-trial memorandum a witness, other than a rebuttal witness, the need for which cannot reasonably be anticipated prior to trial, may lead to an order precluding the testimony of that witness.)

(6) The names, addresses and qualifications of each expert witness the parties intend to call, together with the subject matter on which the expert is expected to testify, the substance of all facts and opinions to which the expert is expected to testify and a detailed summary of the grounds of each expert's opinion. If an expert witness' identity and expected testimony has previously been disclosed in response to expert interrogatories, this item may be covered by appending to the pre-trial memorandum a copy of the expert interrogatory responses.

NOTE: Inclusion of an expert witness' identity and expected testimony in the joint pre-trial memorandum does not waive any party's right to object to that expert's testimony on the ground that responses to expert discovery were untimely or inadequate.

(7) Estimated length of trial.

(8) All parties shall meet prior to the time of the pre-trial conference to discuss the possibility of settlement, and the amenability of the case to mediation or other forms of alternate dispute resolution. The parties shall state in the pre-trial memorandum that the parties have so met and shall itemize the special or liquidated damages alleged and except in jury-waived cases, state the demand, the offer and any agreement concerning alternate dispute resolution.

No later than five (5) business days prior to the scheduled trial, counsel shall meet and review the exhibits proposed to be introduced by each party and all materials to be shown to the jury. Based on that meeting and review of exhibits, counsel shall prepare a joint exhibit list identifying 1) stipulated exhibits (which shall be pre-marked and introduced at the commencement of trial) and 2) proposed exhibits of each party as to which there is no agreement on admissibility. The exhibit list is to be presented to the trial judge at the commencement of trial with a copy for the court reporter.

In the event deposition transcripts are to be offered at trial or video taped depositions are to be shown, and there are objections to any of the answers set

1227

Order 1–88                              SUPERIOR COURT

forth in the transcript or on the video tape, the parties, not less than three days prior to the commencement of trial, are to supply to the court a transcript of the testimony with objections highlighted and, in the margin, a brief statement of the grounds of the objection and the response by the proponent of the testimony.

        By the Court ( _____ , J.)

Dated:

        Clerk of the Courts

### APPENDIX B.  PRE-TRIAL ORDER

_____ DIVISION    SUPERIOR COURT DEPARTMENT
                  OF THE TRIAL COURT
                  CIVIL ACTION
                  NO. _____

_____, PLAINTIFF
        vs.
_____, DEFENDANT

PRE-TRIAL ORDER

After a pre-trial conference in the above entitled action held on _____, 19__, before _____, J., the Court ORDERS:

1. Conciliation on _____ at _____

   Mediation on _____ at _____

   Arbitration on _____ at _____

   Summary Jury Trial on _____ at _____

2. Trial with/without jury on _____ at _____

3. Assessment of Damages on _____ at _____

4. Case dismissed/defaulted as to _____ for failure to appear at pre-trial conference.

5. Case dismissed/defaulted as to _____ for failure to participate in the preparation of the joint pre-trial memorandum required under tracking order.

6. Case dismissed/defaulted as to _____ for failure to file a joint pre-trial memorandum.

7. Case settled, closing papers to be filed within _____ days.

8. For good cause, pre-trial continued to _____

9. *SPECIAL ORDERS:*

   (a)

   (b)

   (c)

   (d)

   (e)

        By the Court _____, J.

DATED: _____    _____
                         ASSISTANT CLERK

#### Footnotes

1. By way of amendment counterclaim or third party action, a case may change from a simple motor vehicle tort ("F" track) to a product liability case ("A" track) and warrant a motion to change the designation to the longer track.

2. This provision places the responsibility of "timely filing" documents on the attorneys and relieves the clerks of the initial responsibility of determining if documents are filed in violation of time standards. The clerk's office does not have the responsibility to return improperly filed papers.

3. Where a party has filed a document outside the time standard parameters, and this fact is known to another party in the case, good practice suggests that written notice be given to the offending party particularly where a party intends to raise late filing as an issue in the case. Good faith pleading and not "ambush" is the linchpin of these time standards.

4. This requirement will facilitate the generation of computer assisted notices and trial scheduling. During the past several years, the Trial Court has implemented a number of automated case management systems. The Superior Court Civil Case Management System has been enhanced to support an attorney notice module which requires each attorney of record being assigned a unique code for purposes of computer sorting. The Board of Bar Overseer Number provides that unique number and address.

5. The Superior Court Committee on Time Standards discussed at length complex litigation that may require adjusted time standards and custom management by specially assigned Justices. This language is incorporated in the Order to make clear that the Court is prepared to make the necessary adjustments in the unique case.

6. The dismissal will be entered automatically by the clerk under the authority of this Standing Order and notices given as required.

7. This provision does not effect the power of the Court to allow amendments to pleadings where "justice appears to require such amendment." The party seeking to amend late must obtain leave from the Regional Administrative Justice and make a good faith showing of inability to move in timely fashion.

8. The default will be entered automatically by the clerk under the authority of this Standing Order and notices given as required.

9. A party may not have responded to timely filed requests for discovery at this juncture and accordingly motions to compel production of that discovery continue to be appropriate. It is expected that all responses will be filed no later than the date that the joint pre-trial memorandum is filed. Depositions, however, must be held and completed on or before this date. This Standing Order does not change the duty of a party to supplement under the provisions of Mass. R.Civ.P. 26(e).

10. This Order requires that the attorneys do nothing more than provide the Court with a jointly prepared, written overview of their respective cases sufficient to alert the Court to the issues involved and stimulate an interest in settlement by a reasonable disclosure of the "best case scenario" of the parties.

11. Some summary judgment motions are sufficiently complex to require additional judicial time to render a decision. The case should nonetheless continue on track and be brought to the attention of the pre-trial conference Justice for his or her consideration and action.

12. Automatic dismissal by clerk. See footnote 6.

13. Default entered automatically by clerk. See footnote 8.

14. All discovery completed. See footnote 9.

15. Not to interfere with progress on track. See footnote 11.

16. Default entered automatically by clerk. See footnote 8.

17. The pre-trial memorandum referred to will be the same in form as required under Tracks "F" and "A" (see Appendix A).